

Robert D. Carroll
+1 617 570 1753
RCarroll@goodwinlaw.com

Goodwin Procter LLP
100 Northern Avenue
Boston, MA 02210

goodwinlaw.com
+1 670 570 1000

November 22, 2023

**VIA ECF**

Hon. J. Paul Oetken
United States District Judge
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, NY 10007

**Re:**  *Portkey Technologies Pte Ltd. v. Anand Venkateswaran*, **No. 23-cv-5074-JPO (S.D.N.Y.) –**
**Motion to dismiss Plaintiff's Amended Complaint (ECF No. 22)**

Dear Judge Oetken:

I am writing on behalf of defendant Anand Venkateswaran ("Mr. Venkateswaran") pursuant to the
Court's Individual Rules and Practices, paragraph 3(D)(ii), to inform the Court that in response to
Plaintiffs' Amended Complaint (ECF No. 22), Mr. Venkateswaran will rely on his initially filed motion
to dismiss and accompanying papers (ECF Nos. 16-20).

It is clear that Plaintiffs' Amended Complaint suffers from the same defects as the original, as the
Amended Complaint reflects minimal and insignificant changes.  This can be seen in the redline
comparison showing minimal differences between the original and amended complaints that is attached
to this letter as **Exhibit A**.

The Amended Complaint does nothing, and can do nothing, to alter the fact that trademark and unfair
competition law expressly permits the statements that Plaintiffs allege.  *See* ECF No. 17 at 7-9.  Nor
does it change the facts that the alleged statements were not made in commerce and could not possibly
subject Plaintiffs to actual cognizable harm.  *See id.* at 10, 20-22.  Further, each of the statements at
issue is either true or simply was not made by Mr. Venkateswaran, which is why allegations fail to
include basic allegations as to "who did what to whom, when, where, and why."  *See id.* at 16-20.  These
and the other defects set forth in Mr. Venkateswaran's motion are fatal to Plaintiffs' claims.

Plaintiffs allege one additional false statement in their Amended Complaint: that Mr. Venkateswaran
"falsely represent[ed] that he managed, supervised, controlled, or was otherwise responsible for the
METAPURSE fund and the assets acquired through the fund."  *See* ECF No. 22 ¶ 61.  This statement,
like others complained of, is true, and further underscores the futility of Plaintiffs' claims.  Indeed, even
the Amended Complaint confirms this is true, as it states that Mr. Venkateswaran was "directed by



November 22, 2023
Page 2

Portkey to assist with the operation of METAPURSE," "a fund utilized for the acquisition of digital art NFTs and virtual land NFTs, and other Web3-related investments."  *See* ECF No. 22 ¶¶ 20, 64.

Plaintiffs' claims are baseless and cannot be saved; they should be dismissed with prejudice.  Beyond the fact that (further) amendment would be futile, Defendants' bad faith also compels dismissal with prejudice.  Plaintiffs have attempted to use their vast financial resources to misuse the U.S. court system to bully Mr. Venkateswaran at every turn, subjecting him to the costs and stress of litigation.  Their strategy is obvious, and it should not be allowed to succeed.  Mr. Venkateswaran wrote to Plaintiffs multiple times setting forth the defects undermining their claims, including in a detailed letter sent nearly a month before filing a motion to dismiss that encouraged them to at least amend the complaint before Mr. Venkateswaran was forced to incur the cost and time of briefing a motion to dismiss.  *See* ECF No. 18-1.  Plaintiffs did not even reply.  Then Mr. Venkateswaran filed a motion to dismiss setting forth these very same arguments.  Only then did Plaintiffs amend their complaint.  And in reality, the Amended Complaint is not very "amended" at all.  *See* Ex. A.

As set forth in Mr. Venkateswaran's motion to dismiss, Plaintiffs' actions are improper under the law.  This lawsuit does not further the interests of consumers – the focus of trademark law – in any way.  It serves only to perpetuate a personal grudge.  For this reason, this lawsuit is also vindictive and dangerous.  If Plaintiffs are allowed to prevail even beyond the motion to dismiss stage, it is not hyperbolic to say that the protected speech of every former employee will be called into question, as well-off corporate employers could, as here, abuse the cost of litigation to limit truthful speech of former employees, just because former employers do not like what is being said.  Plaintiffs' claims should be dismissed in their entirety with prejudice for the reasons set forth in Mr. Venkateswaran's motion to dismiss (ECF Nos. 16-20).


Respectfully submitted,

/s/ Robert D. Carroll

Robert D. Carroll

cc: All counsel of record (via ECF)