**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

PORTKEY TECHNOLOGIES PTE LTD. and
VIGNESH SUNDARESAN,

Plaintiffs,

v.

ANAND VENKATESWARAN,

Defendant.

Case No. 1:23-cv-5074-JPO

**<u>REPLY IN FURTHER SUPPORT OF DEFENDANT'S MOTION TO DISMISS</u>**

**TABLE OF CONTENTS**

I.      PLAINTIFFS DO NOT PLEAD USE IN COMMERCE .................................................2

II.     ALLEGED STATEMENTS CANNOT FORM THE BASIS OF PLAUSIBLE
        CLAIMS ................................................................................................................4

        A.      Plaintiffs' Own Representations Confirm That Alleged Statements are
                True .............................................................................................................4

        B.      The Remaining Statements Complained of are Not Plausibly Alleged ..................6

III.    ALL COMPLAINED-OF USES ARE EXPRESSLY PERMITTED ...............................7

IV.     ADDITIONAL INDEPENDENT REASONS TO DISMISS ...........................................8

        A.      The Trademark Claims Fail Because There Can be No Possible Confusion
                .....................................................................................................................8

        B.      The Trademark Claims Fail Because Mr. Venkateswaran Has Made Fair
                Use ..............................................................................................................8

        C.      No Alleged Materiality and Damages for False Advertising and Unfair
                Competition..................................................................................................9

V.      PLAINTIFFS' DECLARATORY JUDGMENT CLAIM SHOULD BE
        DISMISSED .........................................................................................................10

VI.     THE COURT SHOULD DISMISS WITH PREJUDICE...............................................10

VII.    CONCLUSION......................................................................................................10

i

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*1-800 Contacts, Inc. v. WhenU.Com*,
    414 F.3d 400 (2d Cir. 2005)............................................................................................2, 3

*Baiul v. NBCUniversal Media*,
    13-2205, 2014 WL 1651943 (S.D.N.Y. Apr. 24, 2014) ........................................................2

*City of Pontiac Policemen's & Firemen's Ret. Sys. v. UBS AG*,
    752 F.3d 173 (2d Cir. 2014)................................................................................................10

*Krueger Int'l v. Nightingale*,
    915 F. Supp. 595 (S.D.N.Y. 1996) .......................................................................................4

*LoanStreet v. Troia*,
    21-6166, 2022 WL 3544170 (S.D.N.Y. Aug. 17, 2022).........................................................4

*Millennium Access Control Tech., Inc. v. On the Gate, LLC*,
    15-6067, 2017 WL 10445800 (S.D.N.Y. Feb. 14, 2017) ...................................................9, 10

*Nguyen v. Algenist LLC*,
    22-13, 2022 WL 17251733 (S.D.N.Y. Nov. 28, 2022).........................................................5, 6

*Noble Sec., Inc. v. Acco Brands Corp.*,
    16-9129, 2018 WL 11542581 (S.D.N.Y. Mar. 31, 2018)........................................................7

*Outhouse PR, LLC v. Northstar Travel Media, LLC*,
    19-5979, 2020 WL 2512092 (S.D.N.Y. May 15, 2020) .......................................................8, 9

*Radiance Foundation, Inc. v. N.A.A.C.P.*,
    786 F.3d 316 (4th Cir. 2015) ............................................................................................3, 4

*Site Pro-1, Inc. v. Better Metal, LLC*,
    506 F. Supp. 2d 123 (E.D.N.Y. 2007) ..................................................................................3

*Toyota Motor Sales, U.S.A., Inc. v. Tabari*,
    610 F.3d 1171 (9th Cir. 2010) ..............................................................................................9

*Trane Int'l. v. Calentadores de Am*,
    21-4497, 2022 WL 1523527 (S.D.N.Y. May 13, 2022) ..........................................................4

*Underwood v. Coinbase Glob.*,
    654 F. Supp. 3d 224 (S.D.N.Y. 2023).....................................................................................6

*Unlimited Cellular v. Red Points Sols.*,
   21-10638, 2023 WL 4029824 (S.D.N.Y. June 14, 2023) ..........................................................4

*Van Houtven v. Adams*,
   13-1964, 2014 WL 1338066 (S.D.N.Y. Apr. 3, 2014) ..........................................................2, 6

*Webster v. Abbott*,
   17-01795, 2018 WL 7352411 (M.D. Fla. Nov. 30, 2018) ..........................................................6

*Weight Watchers Int'l, Inc. v. Noom, Inc.*,
   403 F. Supp. 3d 361 (S.D.N.Y. 2019) ..........................................................8

**Statutes**

15 U.S.C. § 1125(a)(1) ..........................................................2

**Other Authorities**

4 McCarthy on Trademarks § 24:128 (5th ed.) ..........................................................3, 4

4 McCarthy on Trademarks § 23:54 (5th ed.) ..........................................................7

Plaintiffs'[1] claims should be dismissed. Mr. Venkateswaran's alleged statements are not the concern of trademark or unfair competition law.[2] It is clear from the Amended Complaint that none was made in commerce – a requirement for all the affirmative claims (i.e., all claims except the declaratory judgment claim, which should be dismissed on other grounds). All were made in personal, non-commercial materials, with most on Mr. Venkateswaran's personal social media accounts. They list and describe his work experience. No statement appeared in an advertisement. None promoted **any** good or service. This, alone, is fatal to all of Plaintiffs' affirmative claims.

A ruling otherwise would be the first of its kind: that simply noting prior employment on sites such as LinkedIn and Twitter is actionable "use in commerce," even absent promotion of a good or service. This would grant former employers the power to police any reference to them by former employees so long as it was made online, throttling speech and impairing employee mobility. The danger is obvious: vindictive, well-heeled employers could weaponize litigation to bully former employees into silence. That is precisely what the plaintiffs are doing in this case.

Moreover, all of the complained-of statements that are plausibly alleged[3] are demonstrably true and not misleading. The Amended Complaint confirms that for many of the alleged statements. The veracity of the remaining statements is confirmed by statements **Plaintiffs made** in an online post that **Plaintiffs** brought to the Court's attention in their original complaint (ECF No. 1 ¶ 33). Mr. Venkateswaran raised this in his opening brief, and in pre-motion correspondence. However, Plaintiffs did not dismiss their claims as a responsible litigant might. Instead, they amended the complaint to remove reference to the post and now ask the Court to ignore it. But despite that Plaintiffs "conveniently" omitted reference to the post in the Amended Complaint, the

---

[1] Capitalized terms have the same meanings as in Mr. Venkateswaran's opening brief (ECF No. 17).
[2] Plaintiffs' claims under New York law are substantially the same as their federal claims. ECF No. 17 at 22-23.
[3] Plaintiffs fail to plausibly allege other, speculative statements. *See* ECF No. 17 at 19-20; *infra* Part II.B.

Court may consider it to prevent "artful pleading to obscure the facts and waste this court's time [and] the [defendant's] money." *See Van Houtven v. Adams*, 13-1964, 2014 WL 1338066, at *2 (S.D.N.Y. Apr. 3, 2014) (denying leave to amend complaint; explaining that on a motion to dismiss, a court can consider a document referenced in or attached to original complaint but then "conveniently" not referenced in or attached to amended complaint). The post provides two independent reasons for dismissal: (1) it confirms statements at issue are true and (2) Plaintiffs cannot sustain false advertising claims on the basis of statements ***they made***.

There are additional, independent grounds to dismiss all affirmative claims. All the statements at issue are permissible as a matter of law. The trademark claims should be dismissed for fair use. Plaintiffs also fail to identify facts to show materiality and damages required for false advertising. Finally, Plaintiffs improperly maintain a claim for declaratory judgment of trademark ownership despite their own admission that, "Defendant does not contest Portkey's rights in the TWOBADOUR and METAPURSE marks at all." ECF No. 27 ("Opp.") at 15-16.

## I.    PLAINTIFFS DO NOT PLEAD USE IN COMMERCE

Plaintiffs' affirmative claims must be dismissed because Plaintiffs have not pleaded facts to show use in commerce. All of Plaintiffs' affirmative claims require use in commerce. ECF No. 17 at 9-10, 20, 23;[4] *1-800 Contacts, Inc. v. WhenU.Com*, 414 F.3d 400, 412-13 (2d Cir. 2005) (claims under § 1125(a) fail absent use in commerce); *Baiul v. NBCUniversal Media*, 13-2205, 2014 WL 1651943, at *12 (S.D.N.Y. Apr. 24, 2014) (Lanham Act claims require "at a minimum" that plaintiff establish "defendant used the false designation of origin in commerce").

Plaintiffs argue statements on LinkedIn, Twitter, YouTube, and "blogs" are "use in

---

[4] Plaintiffs claim Mr. Venkateswaran "fails to address [the] reverse passing off claim" under § 1125(a) – "Count I." *See* Opp. at 10. Mr. Venkateswaran addressed this. *See* ECF No. 17 at 15-22 (addressing "Counts I , II, VI"). Any claim under § 1125(a) – no matter how a litigant styles it – requires "use[] in commerce." 15 U.S.C. § 1125(a)(1).

commerce." Opp. at 14, 17. They are not. That statements appear online does not mean they are "use in commerce." *See, e.g., 1-800 Contacts*, 414 F.3d at 411-13 (online ads not use in commerce); *Radiance Foundation, Inc. v. N.A.A.C.P.*, 786 F.3d 316, 332 (4th Cir. 2015) (using mark "in the content of a website that includes transactional components is not alone enough to satisfy the 'in connection with' element" without "a sufficient nexus between the specific use of the marks and the sale, offer for sale, distribution, or advertisement of any [] goods or services"); *accord* 4 McCarthy on Trademarks § 24:128 (5th ed.); *see also Site Pro-1, Inc. v. Better Metal, LLC*, 506 F. Supp. 2d 123, 127 (E.D.N.Y. 2007) (use of marks online not actionable commercial use for trademark infringement because "[t]he key question is whether the defendant placed plaintiff's trademark on any goods, displays, containers, or advertisements, or used plaintiff's trademark in any way that indicates source or origin"). Plaintiffs specifically argue that the statements are "use in commerce" because LinkedIn is "the world's largest professional network on the internet" and "Twitter . . . has worldwide reach." Opp. at 14; *see also id.* at 17. They cite no support for this – and for obvious reason. This does not show use in commerce, which requires a connection to the promotion, advertisement, or sale of goods or services that is not present here. ECF No. 17 at 9-10, 20. Indeed, none of the accused statements appears in an advertisement or promotes, or even describes, a good or service; they describe Mr. Venkateswaran's prior work experience. ECF No. 22 ¶¶ 72, 80. They are not "use in commerce." ECF No. 17 at 9-10, 20.

Both parties cite *C=Holdings B.V.*, which found certain statements were use in commerce while others were not, making clear that "use in commerce" requires an advertisement, sale, or promotion. "[P]ublishing [defendant's] ***advertisement*** on the Internet" constituted use in commerce. 992 F. Supp. 2d 22, 243 (S.D.N.Y. 2013) (emphasis added). But other statements "***not made in connection with the sale of goods***" were ***not*** use in commerce. *Id.* at 244 (emphasis

added). Other cases Plaintiffs cite confirm that "use in commerce" requires an advertisement, sale or promotion.[5] Plaintiffs have not, and cannot, identify an advertisement, sale, or promotion of goods or services; their claims fail. ECF No. 17 at 9-10, 20, 23. Plaintiffs' contention that any statement made through an app or online – whether or not it is made in connection with the sale or promotion of goods or services – is "use in commerce" would prove far too much. *See Radiance Foundation, Inc.*, 786 F.3d at 332 (4th Cir. 2015); 4 McCarthy on Trademarks § 24:128 (5th ed.).

With the law against them, Plaintiffs ask the Court to create new law. The Court should not. Plaintiffs argue statements are actionable because they were made "to build business ventures and relationships." ECF No. 17. This might be said for countless statements on LinkedIn and Twitter, social networking sites where people commonly discuss their work experiences. But trademark and unfair competition law is not designed to control the ability to "build . . . relationships." It is designed to "prevent confusion as to the source of goods [and services]." *See, e.g.*, *Krueger Int'l v. Nightingale*, 915 F. Supp. 595, 604 (S.D.N.Y. 1996). This requires promotion, advertisement, or sale of goods or services. ECF No. 17 at 9-10, 20. The statements at issue do not meet this requirement. *Cf. Trane Int'l.*, 2022 WL 1523527, at *4 (mark on Twitter "in connection with the advertising of goods"). Holding otherwise would break dangerous ground, transforming every listing and description of work experience online into actionable "use in commerce."

## II. ALLEGED STATEMENTS CANNOT FORM THE BASIS OF PLAUSIBLE CLAIMS

### A. Plaintiffs' Own Representations Confirm That Alleged Statements are True

Plaintiffs allege Mr. Venkateswaran falsely: (i) "Misrepresent[ed] his role in Portkey"; (ii) claimed to be "responsible for the purchase of the Beeple NFT"; (iii) "[c]laim[ed] to have been the

---

[5] *See LoanStreet v. Troia*, 21-6166, 2022 WL 3544170, at *10 (S.D.N.Y. Aug. 17, 2022) (addressing "advertisements"; "'mark [is] use[d] in commerce . . . when it is used or displayed in the sale or advertising of services and the services are rendered in commerce."); *Unlimited Cellular v. Red Points Sols.*, 21-10638, 2023 WL 4029824, at *7 (S.D.N.Y. June 14, 2023) (addressing "Defendants' advertisements"); *Trane Int'l. v. Calentadores de Am*, 21-4497, 2022 WL 1523527, at *4 (S.D.N.Y. May 13, 2022) (mark used on Twitter "in connection with the advertising of goods").

steward of METAPURSE"; and (iv) "[c]laim[ed] credit for purchases on behalf of METAPURSE in which he was not involved." Opp. at 6-7. Plaintiffs' own representations confirm that the above are true and, thus, cannot form the basis of plausible claims. ECF No. 17 at 7-9, 16-18.

The Amended Complaint confirms Mr. Venkateswaran worked for Portkey and Metapurse, "a fund utilized for the acquisition of digital art NFTs and virtual land NFTs, and other Web3-related investments." ECF No. 22 ¶¶ 20, 64. It also confirms Mr. Venkateswaran "was directed by" Plaintiffs to operate under the pseudonym "Twobadour." *Id.* ¶ 64.

The remaining statements are confirmed by a Substack post co-written by Plaintiff Mr. Sundaresan and Mr. Venkateswaran, published by Plaintiffs on their Metapurser platform, and referenced **by Plaintiffs** in the original complaint (ECF No. 1 ¶ 33). ECF No. 17 at 4, 18 (citing ECF No. 18-2). The post specifically confirms that Mr. Venkateswaran: (i) worked for Portkey and Metapurse; (ii) was the "Steward of Metapurse"; (iii) created and operated under the pseudonym "Twobadour"; (iv) bid on *Everydays*; and (v) effectuated numerous NFT investments and projects for Plaintiffs and the Metapurse fund. ECF No. 17 at 4, 18 (citing ECF No. 18-2).

All of Plaintiffs' affirmative claims are premised on the allegation that Mr. Venkateswaran made these assertedly false statements. Because they are not false, all the claims should be dismissed. *See Nguyen v. Algenist LLC*, 22-13, 2022 WL 17251733, at *8 (S.D.N.Y. Nov. 28, 2022) (dismissing false advertising claims because "[t]he Complaint cites an article" that confirmed complained-of statements were true and "[t]hus by Plaintiff's own representations . . . there is no actionable misrepresentation"); ECF No. 17 at 7-9, 16-18.

Plaintiffs deny none of this, but argue the Court should not consider the post because it is not referenced in the Amended Complaint. Opp. at 9-10. The Court can and should consider it. On a motion to dismiss, "the Court 'may consider any written instrument attached to the complaint,

5

statements or documents incorporated into the complaint by reference . . . and ***documents possessed by or known to the plaintiff and upon which it relied in bringing the suit***.'" *Underwood v. Coinbase Glob.*, 654 F. Supp. 3d 224, 237 (S.D.N.Y. 2023) (dismissing; considering document referenced in original complaint but not in amended complaint) (emphasis in original). The Substack post is such a document. Moreover, Plaintiffs "cannot plead around [the post] by refusing to make reference to it" in the Amended Complaint because they "previously relied" on it in the original complaint before it was "conveniently not attached . . . [or] reference[d]" in the Amended Complaint. *Van Houtven*, 2014 WL 1338066, at *2. "[P]laintiff[s] [are] obviously aware of [it]," as "it is [plaintiffs], after all, who first brought it to the attention of the court." *Id.* Not considering the post would "permit artful pleading to obscure the facts and waste this court's time [and] the [defendant's] money." *Id.*; *accord Underwood*, 654 F. Supp. 3d at 237 ("Plaintiffs [] both 'possessed,' that agreement, and 'relied [on it] in bringing the suit' . . . . They 'cannot plead around it by refusing to make reference to it' in the [amended complaint].") (citations omitted). Further, "where allegations in an amended pleading directly contradict pleadings in the original complaint, courts have disregarded the amended pleading." *Underwood*, 654 F. Supp. 3d at 235.

Plaintiffs finally argue that if the Court considers the post, it should only acknowledge its existence and not rely on it for the truth of alleged statements. Opp. at 10 n.7. The Court can, and should, rely on it to dismiss alleged statements as true. *See Nguyen*, 2022 WL 17251733, at *8. But even if the Court credits only its existence, this is also sufficient for dismissal because it makes clear that "the statements at issue . . . are made by Plaintiff[s]." *See Webster v. Abbott*, 17-01795, 2018 WL 7352411, at *6 (M.D. Fla. Nov. 30, 2018) (false advertising claim failed because "statements at issue . . . are made by Plaintiff himself").

**B. The Remaining Statements Complained of are Not Plausibly Alleged**

Plaintiffs also allege, without any factual support, that Mr. Venkateswaran claimed: "to be

the owner of the Beeple NFT," "credit for purchases on behalf of METAPURSE in which he was not involved," "to be the only person behind TWOBADOUR," and "to have been a co-founder of METAPURSE." Opp. at 6-7. These allegations are not supported by required, basic allegations as to "who did what to whom, when, where, and why," and the Court should not credit them. ECF No. 17 at 19. Plaintiffs' only response is that "fact-specific questions" should not be resolved on a motion to dismiss. Opp. at 12. This misses the point: there are *no* fact questions to resolve. Plaintiffs did not even plead basic factual allegations that *could* be proven. The example Plaintiffs discuss in their brief is illustrative: Plaintiffs allege "not only did Defendant approve his CoinDesk biography [which contained some of the true statements noted above], but he also made multiple false and misleading statements when speaking at the CoinDesk conference." Opp. at 12 n.10 (citing ECF No. 22 ¶ 80 (which identifies no statements beyond the above shown to be true)). Actual statements are not alleged. Plaintiffs' "rank speculation . . . is not sufficient to make out a plausible claim for relief." *Noble Sec., Inc. v. Acco Brands Corp.*, 16-9129, 2018 WL 11542581, at *7 (S.D.N.Y. Mar. 31, 2018) (dismissing false advertising claims); *see also* ECF No. 17 at 19.

## III.  ALL COMPLAINED-OF USES ARE EXPRESSLY PERMITTED

One is expressly permitted to "use the trademark of another . . . to indicate a previous place of employment if the trademark is used in such a way as to be truthful and not to confuse persons into mistakenly believing that there is a continuing association." ECF No. 17 at 9 (quoting 4 McCarthy on Trademarks § 23:54 (5th ed.)). Thus, where, as here, a defendant uses company names and other trademarks to reference a former association, there is no likelihood of confusion, and the complaint fails to state a claim. ECF No. 17 at 8. Plaintiffs concede this (Opp. at 19) but argue this law does not apply because, they contend, statements at issue are false. *Id.* at 19-20. But as explained, all plausibly alleged statements at issue are true – as confirmed by Plaintiffs' own materials. *See supra* Part II.A; ECF No. 17 at 7-9; 16-18. Given this, the statements are expressly

permitted, and all of Plaintiffs' affirmative claims should be dismissed. ECF No. 17 at 7-9.

## IV.    ADDITIONAL INDEPENDENT REASONS TO DISMISS

### A.  The Trademark Claims Fail Because There Can be No Possible Confusion

No consumer could be confused into thinking that Plaintiffs are the source of any goods or services offered by Mr. Venkateswaran because he is not using the marks to identify, distinguish, or indicate the source of goods or services. ECF No. 17 at 11. The textual materials complained of clearly indicate his current affiliations and make clear he was *previously* associated with Plaintiffs. *Id.* at 11-12. Both undermine allegations of confusion and warrant dismissal. *Id.* Plaintiffs do not address this. *See generally* Opp. at 16-22 (Plaintiffs' argument on trademark infringement). Their sole discussion of confusion is in their fair use argument where they conclusorily assert, without explanation, that the *Polaroid* factors weigh in favor of confusion. *See id.* at 20-21.

### B.  The Trademark Claims Fail Because Mr. Venkateswaran Has Made Fair Use

The complained-of uses are protected fair use. ECF No. 17 at 12-15. Plaintiffs' arguments in response fail. *First*, they argue that fair use should not be decided on a motion to dismiss. Where, as here, a complaint clearly shows fair use, the Court should dismiss. *See, e.g.*, *Weight Watchers Int'l, Inc. v. Noom, Inc.*, 403 F. Supp. 3d 361, 379-80 (S.D.N.Y. 2019) (dismissing for nominative fair use); *Outhouse PR, LLC v. Northstar Travel Media, LLC*, 19-5979, 2020 WL 2512092, at *5 (S.D.N.Y. May 15, 2020) (dismissing for descriptive fair use). *Second*, Plaintiffs argue finding fair use is unwarranted because complained-of statements are false. But as explained, this is not the case. *See supra* Part II.A; ECF No. 17 at 7-9; 16-18. *Third*, Plaintiffs note that "nominative fair use is not an affirmative defense." *See* Opp. at 20. True. And it is why nominative fair use compels dismissal: Plaintiffs must plead facts that demonstrate a likelihood of confusion, which considers both "the eight-factor balancing first adopted by *Polaroid Corp. . . plus* three additional factors specific to nominative fair use." *Weight Watchers*, 403 F. Supp. 3d at 378 (emphasis added); *see*

8

*also Toyota Motor Sales, U.S.A., Inc. v. Tabari*, 610 F.3d 1171, 1182-83 (9th Cir. 2010) ("[N]ominative fair use is a finding that the plaintiff has failed to show a likelihood of confusion as to sponsorship or endorsement."). *Finally*, Plaintiffs argue that descriptive fair use is not applicable because "Defendant is using Porktey's [sic] trademarks in reference to Portkey." Opp. at 21. Plaintiffs cite no support for this. The relevant inquiries are whether "the use at issue was made (1) other than as a mark, (2) in a descriptive sense, and (3) in good faith." *See, e.g.*, *Outhouse PR, LLC*, 2020 WL 2512092, at *4. Here, all three are met. ECF No. 17 at 14-15.

## C.  No Alleged Materiality and Damages for False Advertising and Unfair Competition

Plaintiffs claim that because Mr. Venkateswaran works "in the same space as Portkey," alleged statements are "likely to influence purchasing decisions" and thus are material. Opp. at 13. This conclusion is unmoored from fact and law. Plaintiffs identify no purchasing decision that was, or could be, affected. This is because the statements have no bearing on any purchases. Mr. Venkateswaran is not promoting a good or service to consumers; he is promoting (if anything) ***himself*** as potential employee. Plaintiffs cite no law for the proposition that statements about personal work experience can influence a corporation's consumers, much less materially.

Plaintiffs' damages argument fares worse. The only alleged basis for damages is that "as a result of Defendant's false and misleading statements, people turn to Defendant for business opportunities, believing that he is or was responsible for Plaintiffs' business operations and success." Opp. at 16 (citing ECF No. 22 ¶ 96). But the complaint paragraph Plaintiffs cite is based "[u]pon information and belief." ECF No. 22 ¶ 96. It is just speculation, which is not sufficient to survive dismissal. *See Millennium Access Control Tech., Inc. v. On the Gate, LLC*, 15-6067, 2017 WL 10445800, at *10-11 (S.D.N.Y. Feb. 14, 2017). Plaintiffs' subsequent conclusion – that "'Plaintiffs have suffered and will continue to suffer significant damage and harm to their business, goodwill, reputation, and profits'" – is nearly identical to the conclusory statement *Millennium*

9

rejected. *Compare* Opp. at 16 (citing ECF No. 22 ¶ 97), *with* 2017 WL 10445800, at *11.

## V.      PLAINTIFFS' DECLARATORY JUDGMENT CLAIM SHOULD BE DISMISSED

Plaintiffs inexplicably maintain their declaratory judgment claim, seeking "determination[s] that Portkey has exclusive rights to and ownership of" the trademarks "TWOBADOUR" and "METAPURSE." ECF No. 22 ¶¶ 140-41. It should be dismissed. There is no dispute over ownership of Plaintiffs' trademarks. *See* ECF No. 17 at 24. Plaintiffs argue Mr. Venkateswaran "did not affirmatively declare that Portkey owns the . . . marks." Opp. at 24. This does not create an actual controversy. Mr. Venkateswaran declared that he has never asserted that Plaintiffs do not hold rights in the asserted marks or ever challenged these rights. ECF No. 19 ¶¶ 1-2, 4-5. Even Plaintiffs acknowledge this, writing elsewhere: "Defendant does not contest Portkey's rights in the TWOBADOUR and METAPURSE marks at all." Opp. at 15-16.[6] Moreover, he has no reason to "affirmatively declare" a matter not relevant to any dispute.

## VI.     THE COURT SHOULD DISMISS WITH PREJUDICE

The Court should dismiss with prejudice. Plaintiffs' claims were brought and maintained in bad faith. ECF No. 17 at 25. Moreover, dismissal with prejudice is appropriate where, as here, the complaint was already amended and it was "unlikely that the deficiencies raised with respect to the Amended Complaint were unforeseen by plaintiffs when they amended." *City of Pontiac Policemen's & Firemen's Ret. Sys. v. UBS AG*, 752 F.3d 173, 188 (2d Cir. 2014).

## VII.    CONCLUSION

For the foregoing reasons, and those set forth in Mr. Venkateswaran's motion to dismiss (ECF No. 17), Mr. Venkateswaran respectfully requests that the Court grant his Motion to Dismiss.

---

[6] Plaintiffs' refusal to withdraw this claim exemplifies their vexatious litigation strategy, which is designed to abuse the cost of litigation to bully Mr. Venkateswaran.

Dated: December 8, 2023

Respectfully submitted,

*/s/ Robert D. Carroll*
Robert D. Carroll
Goodwin Procter LLP
100 Northern Avenue
Boston, MA 02210
Tel.: (617) 570-1000
Fax: (617) 523-1231
RCarroll@goodwinlaw.com

Timothy Keegan
Goodwin Procter LLP
620 Eighth Avenue
New York, NY 10018
Tel.: (212) 813-8800
Fax: (212) 355-3333
TKeegan@goodwinlaw.com

*Attorneys for Defendant Anand
Venkateswaran*

11