大成 DENTONS

**Robert M. Wasnofski, Jr.**

robert.wasnofski@dentons.com
D    +1 212-768-6748

Dentons US LLP
1221 Avenue of the Americas
New York, NY  10020-1089
United States

dentons.com

December 15, 2023

**VIA ECF**
Hon. J. Paul Oetken
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, NY 10007

**Re:**    ***Portkey Technologies Pte Ltd. et al v. Venkateswaran***, **23-cv-5074** (**JPO**)
**Letter Motion respectfully requesting leave to file a sur-reply to Defendant's reply brief in further support of his motion to dismiss**

Dear Judge Oetken:

As the Court is aware, this firm represents Plaintiffs Portkey Technologies Pte Ltd. and Vignesh Sundaresan in the above captioned matter.  Pursuant to Rules 1(A) and 2(B) of Your Honor's Individual Rules and Practices in Civil Cases and Local Rule 7.1(d), Plaintiffs respectfully submit this letter motion requesting leave to file a short sur-reply responding to Defendant's reply brief in further support of his motion to dismiss Plaintiffs' First Amended Complaint (Dkt. 28) ("Reply") for good cause.

Plaintiffs do not wish to burden the Court with unnecessary motion practice.  They are cognizant that the submission of "sur[-]replies is not a regular practice that courts follow," *Kapiti v. Kelly*, No. 7 Civ. 3782, 2008 WL 754686, at *1, n.1 (S.D.N.Y. Mar. 12, 2008), and that Your Honor's Individual Rules do not permit sur-replies except "in extraordinary situations for good cause."  Rule 2(B) of Your Honor's Individual Rules.[1]  Plaintiffs respectfully submit, however, that Defendant's Reply presents an extraordinary situation warranting the proposed sur-reply attached hereto as Exhibit A.

In his Reply, Defendant distorts a number of Plaintiffs' well-pleaded facts.  Plaintiffs respectfully submit that the Court should understand the facts as pleaded by Plaintiffs, not misled by the repeated mischaracterizations of the facts as set forth by Defendant.  Notably, Defendant wrongly argues that Plaintiffs' First Amended Complaint confirms that Defendant's false and

---

[1] "Motions for leave to file a sur-reply 'are subject to the sound discretion of the court.'" *Bates v. Deva Concepts LLC*, No. 20-cv-9056, 2022 WL 2106494, at *1 (S.D.N.Y. June 10, 2022) (quoting *Barbour v. Calvin*, 993 F. Supp. 2d 284, 288 (E.D.N.Y. 2014)).  "Courts grant leave to file sur-replies when they address arguments raised for the first time in a reply brief."  *Bates*, 2022 WL 2106494, at *1 (quotation omitted) (affirming decision granting plaintiffs leave to file sur-reply); *Sec. & Exch. Comm'n v. Ripple Labs, Inc.*, No. 20 Civ. 10832, 2022 WL 329211, at *3 (S.D.N.Y. Feb. 3, 2022) (granting leave to file sur-reply).

**Zaanouni Law Firm & Associates ► LuatViet ► Fernanda Lopes & Associados ► Guevara & Gutierrez ► Paz Horowitz Abogados ► Sirote ► Adepetun Caxton-Martins Agbor & Segun ► Davis Brown ► East African Law Chambers ► For more information on the firms that have come together to form Dentons, go to dentons.com/legacyfirms**

dentons.com

December 15, 2023
Page 2

misleading statements are true.  That is simply not the case.  Additionally, Defendant's new arguments, raised for the first time in his Reply, cannot stand.  First, Defendant suggests that the law requires that any false statements and uses of Plaintiffs' marks must "appear[] in an advertisement" to constitute use in commerce.  (Reply, at 3.)  In doing so, Defendant distracts from the plain language of the Lanham Act, which only requires "use in connection with any goods or services" or the mere "promotion" thereof, and precedential caselaw holding that "use in commerce" should be broadly construed.  Second, Defendant argues that Plaintiffs relied on an outdated, inaccurate, and unsubstantiated blog post extrinsic to the First Amended Complaint.  (*Id.*, at 5-6).  The blog post, however, is not a document upon which Plaintiffs relied in bringing this case; it was merely referenced for background information on Mr. Sundaresan and has no bearing on Plaintiffs' claims.

Lastly, Plaintiffs respectfully submit that this briefing will assist the Court in deciding Defendant's motion to dismiss, and expedite this matter towards necessary discovery.

If the Court grants Plaintiffs' request for leave to file a sur-reply, then Plaintiffs will file it within one business day of the date of the Court's Order approving such filing.  Given the brevity of the sur-reply and promptness in filing, any sur-reply should not delay the Court's consideration of Defendant's motion to dismiss.

For the reasons set forth above, Plaintiffs respectfully request that the Court grant them leave to file the proposed sur-reply.

We thank the Court for its attention to this matter.

Respectfully submitted,

Robert M. Wasnofski, Jr.

cc: All counsel of record (via ECF)