

Robert D. Carroll
+1 617 570 1753
RCarroll@goodwinlaw.com

Goodwin Procter LLP
100 Northern Avenue
Boston, MA 02210

goodwinlaw.com
+1 670 570 1000

December 18, 2023

**VIA ECF**

Hon. J. Paul Oetken
United States District Judge
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, NY 10007

Re:    ***Portkey Technologies Pte Ltd. v. Anand Venkateswaran*, No. 23-cv-5074-JPO (S.D.N.Y.) –
Response to Plaintiffs' request for leave to file a sur-reply (ECF No. 29)**

Dear Judge Oetken:

I am writing on behalf of defendant Anand Venkateswaran ("Mr. Venkateswaran") in response to
Plaintiffs' letter motion seeking leave to file a sur-reply to Defendant's reply brief in further support of
his motion to dismiss (ECF No. 29).

Plaintiffs' request to file a sur-reply is further evidence of their vexatious litigation strategy, which is
designed to abuse the cost of litigation to bully Mr. Venkateswaran.  The request is entirely without
merit.  The items Plaintiffs contend their sur-reply would address have already been addressed by both
parties.  Other reasons Plaintiffs offer for a sur-reply are not substantiated or based on any law.

Leave to submit a sur-reply should be denied where a movant's "reply raises no new arguments and
[the] proposed sur-reply simply recites the arguments [] raised in [the] opposition." *See Underwood v.
Lastrada Entm't Co.*, No. 16-cv-9058-DLC, 2020 WL 3640532, at *7 n.11 (S.D.N.Y. July 6, 2020) (sur-
reply denied).  Plaintiffs identify no new argument made by Mr. Venkateswaran in his reply brief (ECF
No. 28).[1]  Plaintiffs' desire to get the "last word" on arguments addressed by both parties is improper.
*See Huzhou Chuangtai Rongyuan Inv. Mgmt. P'ship v. Qin*, No. 1:21-cv-09221-KPF, 2022 U.S. Dist.
LEXIS 207461, at *4 (S.D.N.Y. Apr. 22, 2022) ("A sur-reply is inappropriate because [reply brief]
responded to the arguments in [the] opposition" and respondent is not entitled to the "last word");[2] *CBF
Industria de Gusa S/A v. AMCI Holdings, Inc.*, No. 13-cv-2581-PKC, 2021 WL 4190628, at *11 n.14
(S.D.N.Y. Aug. 18, 2021) ("[T]he Court does not believe . . . an additional [sur-reply] submission is

---

[1] Plaintiffs failed to attach a proposed sur-reply to their request.

[2] Pursuant to Rule 2.D of Your Honor's Individual Rules and Practices in Civil Cases, Mr.
Venkateswaran has attached a copy of this decision as Exhibit A.



December 18, 2023
Page 2

necessary, given that [movant] ha[s] the burden of proof on this motion, and therefore they should have the last word.").

First, Plaintiffs assert that "Defendant distorts a number of Plaintiffs' well-pleaded facts."  ECF No. 29 at 1.  Mr. Venkateswaran certainly disagrees with this assertion, which Plaintiffs do not support with any citations or substance.  In any event, disagreeing about a movant's position is not grounds for a sur-reply.  *See Doe v. E. Side Club*, No. 18-cv-11324-KPF, 2021 WL 2322941, at *1 (S.D.N.Y. May 11, 2021) (sur-reply "not warranted" because "these are not new areas of disagreement").

Second, Plaintiffs assert that Mr. Venkateswaran raised a new argument in his reply that "the law requires that any false statements and uses of Plaintiffs' marks must 'appear[] in an advertisement' to constitute use in commerce."  ECF No. 29 at 2.  First, this misrepresents Mr. Venkateswaran's argument: he does not contend that a statement must appear "in an advertisement" to amount to use in commerce.  Mr. Venkateswaran argued, in his opening brief and reply, that the complained-of uses were not use in commerce, including because use in commerce requires "connection with the sale, offering for sale, distribution ***or advertising*** of any goods or services," which Plaintiffs cannot identify.  *See* ECF No. 17 at 9-10 (explaining that the "Complaint Fails to Plead Use in Commerce") (emphasis added); *see also id.* at 20, 23; ECF No. 28 at 2-4.  Plaintiffs responded to this argument in at least two sections of their opposition brief.  *See* ECF No. 27 at 14-15 (section titled "The FAC sufficiently alleges that Defendant placed false and misleading statements into interstate commerce"); *id.* at 17-18 (section titled "The FAC alleges that Defendant uses the TWOBADOUR and METAPURSE marks in commerce").  Plaintiffs cannot show any new argument warranting a sur-reply.  *See Underwood*, 2020 WL 3640532, at *7.

Third, Plaintiffs argue that "Defendant argues that 'Plaintiffs relied on an outdated, inaccurate, and unsubstantiated blog post extrinsic to the First Amended Complaint.'"  ECF No. 29 at 2.  Mr. Venkateswaran's arguments responded to Plaintiffs' contention that "[t]he Court should not consider the blog post on the motion to dismiss."  *See* ECF No. 27 at 9-10.  Plaintiffs have even already argued that the post was "an inaccurate, old blog post."  *See* ECF No. 27 at 2.  As explained in his reply brief, Mr. Venkateswaran disagrees with this assertion.  *See* ECF No. 28 at 5-6.  Further, even if the post is "inaccurate" (and it is not), because *Plaintiffs* made these statements they cannot, as a matter of law, form the basis of false advertising claims.  *See id.* at 6.  Regardless, it is clear that this point has already been addressed by both parties.  It does not warrant a sur-reply, which "is not a reward for submitting a flawed [argument] or an opportunity to rewrite that [argument]."  *See Huzhou Chuangtai Rongyuan Inv. Mgmt. P'ship*, 2022 U.S. Dist. LEXIS 207461, at *6 (denying leave for sur-reply).

Finally, Plaintiffs assert, without any detail, that "this briefing will assist the Court in deciding Defendant's motion to dismiss, and expedite this matter towards necessary discovery."  ECF No. 29 at 2.  This threadbare statement provides no basis for a sur-reply.  It is also false.  Extended briefing will further delay this action and continue to impose costs and stress on Mr. Venkateswaran.  *See Huzhou Chuangtai Rongyuan Inv. Mgmt. P'ship*, 2022 U.S. Dist. LEXIS 207461, at *6 ("[T]he submission of a sur-reply . . . would further delay the resolution of these summary proceedings.").  Plaintiffs' case is without merit.  It was brought, and has been maintained, in bad faith.  *See* ECF No. 17 at 25.  It should



December 18, 2023
Page 3

not proceed to discovery.  It should be dismissed with prejudice for the reasons set forth in Mr. Venkateswaran's briefing (ECF Nos. 17 & 28).

Accordingly, Mr. Venkateswaran respectfully requests that the Court deny Plaintiffs' request for leave to file a sur-reply.

Respectfully submitted,

/s/ Robert D. Carroll

Robert D. Carroll

cc: All counsel of record (via ECF)