# EXHIBIT A

## *Huzhou Chuangtai Rongyuan Inv. Mgmt. P'ship v. Qin*

United States District Court for the Southern District of New York

April 22, 2022, Decided; April 26, 2022, Filed

Case No. 1:21-cv-09221-KPF

**Reporter**

2022 U.S. Dist. LEXIS 207461 *

Huzhou Chuangtai Rongyuan Investment Management Partnership et al v. Qin,

**Subsequent History:** Summary judgment granted by *Huzhou Chuangtai Rongyuan Inv. Mgmt. P'ship v. Hui Qin, 2022 U.S. Dist. LEXIS 174460, 2022 WL 4485277 (S.D.N.Y., Sept. 26, 2022)*

Motion denied by *Huzhou Chuangtai Rongyuan Inv. Mgmt. P'ship v. Hui Qin, 2023 U.S. Dist. LEXIS 57084 (S.D.N.Y., Mar. 31, 2023)*

Later proceeding at *Huzhou Chuangtai Rongyuan Inv. Mgmt. P'ship v. Hui Qin, 2023 U.S. Dist. LEXIS 152613 (S.D.N.Y., Aug. 24, 2023)*

Sanctions disallowed by, Motion denied by *Huzhou Chuangtai Rongyuan Inv. Mgmt. P'ship v. Hui Qin, 2023 U.S. Dist. LEXIS 177986 (S.D.N.Y., Oct. 3, 2023)*

Request granted, Costs and fees proceeding at *Huzhou Chuangtai Rongyuan Inv. Mgmt. P'ship v. Hui Qin, 2023 U.S. Dist. LEXIS 212788 (S.D.N.Y., Nov. 28, 2023)*

**Counsel:  [*1]** For Huzhou Chuangtai Rongyuan Investment Management Partnership, Petitioner: Carol Lee, Andrew C. Smith, Geoffrey R Sant, Pillsbury Winthrop Shaw Pittman LLP, New York, NY.

For Huzhou Huihengying Equity Investment Partnership, Petitioner: Andrew C. Smith, Geoffrey R Sant, Carol Lee, Pillsbury Winthrop Shaw Pittman LLP, New York, NY.

For Hui Qin, Respondent: Amiad Moshe Kushner, LEAD ATTORNEY, Andrew Jacob Sklar, Xintong Zhang, Seiden Law Group LLP, New York, NY; Benjamin B. Xue, LEAD ATTORNEY, Xue & Associates P.C., Glen Cove, NY.

For Huzhou Huirongsheng Equity Investment Partnership, Petitioner: Andrew C. Smith, Carol Lee, Geoffrey R Sant, Pillsbury Winthrop Shaw Pittman LLP, New York, NY.

**Judges:** HON. KATHERINE POLK FAILLA, UNITED STATES DISTRICT JUDGE.

**Opinion by:** KATHERINE POLK FAILLA

## Opinion

Dear Judge Failla:

We represent Petitioners Huzhou Chuangtai Rongyuan Investment Management Partnership, Huzhou Huihengying Equity Investment Partnership, and Huzhou Huirongsheng Equity Investment Partnership in the above-referenced action. This letter is respectfully submitted in response to Respondent Hui Qin's letter dated April 21, 2022 (ECF No. 39), seeking leave to file a sur-reply in opposition to Petitioners' Motion **[*2]** for Summary Judgment ("Motion") to enforce a foreign arbitration award ("Award").

Respondent obtained a three-month extension to file his opposition (resulting in a total of four months). In an oversized opposition of 30 pages, Respondent raised various procedural arguments. These procedural attacks focused on the validity of the underlying agreement (the subject of the arbitration), service of the arbitration notice and related documents, and appointment of arbitrators. Respondent also attacked the merits of the Award, seeking to revisit legal or factual determinations made by the arbitral tribunal ("Tribunal") (ECF No. 28). Respondent submitted four declarations in support of his opposition (together with translations from the Chinese), and also submitted documents from the Tribunal (ECF Nos. 29-31, 33).

Petitioners filed a reply on April 19, 2022 (ECF No. 35) ("Reply"). Petitioners' Reply, confined to the 15 pages accorded by the Court, directly responded to Respondent's numerous arguments. Petitioners did not raise new arguments, but instead responded to the arguments raised by Respondent. Petitioners submitted two documents that were part of the arbitration record that related to **[*3]** Respondent's procedural arguments regarding service and selection of arbitrators. Petitioners submitted these documents in order to, in fairness, complete the partial record that Respondent had submitted with his opposition. Petitioners also submitted a declaration identifying translation errors in, among other documents, the Respondent's Declaration of Yun Peng. Petitioners could not have anticipated Respondent's arguments in their Motion; after Respondent raised them, Petitioners could only respond in a reply.

Having taken four months to file an opposition, Respondent now seeks to file a sur-reply to supplement his already lengthy arguments. That request should be denied. "Allowing parties to submit surreplies is not a regular practice that courts follow, because such a procedure has the potential for placing a court 'in the position of refereeing an endless volley of briefs.'" *Kapiti v. Kelly, No. 07 Civ. 3782 (RMB) (KNF) 2008 U.S. Dist. LEXIS 20135, 2008 WL 745686 at *1 n.1 (S.D.N.Y. Mar. 12, 2008)*. This is doubly true when it comes to proceedings to confirm foreign arbitral awards: "Confirmation [of foreign arbitral awards] is a summary proceeding in nature" that is reviewed only for the "limited statutory conditions for confirmation or grounds for refusal to confirm." *Zeiler v. Deitsch, 500 F.3d 157, 169 (2d Cir. 2007)*.

Respondent already spent four **[*4]** months and 30 pages attacking the Award. Respondent had eight times as much time as Petitioners' two weeks to reply, and two times as many pages as Petitioners' Reply brief. Now, Respondent seeks the last word as well.

A sur-reply is inappropriate because Petitioners responded to the arguments in Respondent's opposition. Petitioners' waiver argument responds directly to Respondents' attacks on the validity of the underlying agreement (Opp. at 14-15; *see* Reply at 3-4) and a purported failure of a condition precedent (Opp. at 13, 17; *see* Reply at 11). Petitioners could not allege waiver until Respondent made these arguments. Nor can Respondent claim "surprise" because Respondent well knew which arguments he did and did not make before the Tribunal (and could also have easily consulted the Award, which Petitioners provided with their petition, *see* ECF Nos. 1, 7). Respondent had plenty of space in his opposition to explain why he never made these arguments during the arbitration. His failure to do so does not justify a sur-reply.

Likewise, it is hornbook law that deference is owed to the Tribunal's Award. Petitioners already argued in their Motion that confirmation of international arbitration **[\*5]** awards is a streamlined process, and that the Tribunal's Award is owed deference. Petitioners were entitled to make additional arguments in support of this position and in response to Respondent's opposition. *See Hastad v. Hippos in Tanks, LLC, 17-CV-2518 (VEC), 2019 U.S. Dist. LEXIS 42298, 2019 WL 1228076 at \*4 n.4 (S.D.N.Y. Mar. 15, 2019)* (rejecting defendants' request to file sur-reply because plaintiff had "unexpectedly" moved to legal argument: "It goes without saying that Plaintiff was permitted — indeed, required — to submit legal argument in support of his motion. Accordingly, Defendants' application to file a sur-reply is denied.").

Respondent selectively submitted a subset of arbitration documents to the court in his opposition, as part of the Declaration of Hui Qin. (ECF Nos. 37-1 and 2).[1] Petitioners properly submitted two documents that had to be fairly considered with Respondent's submission so as to complete the record. Specifically, Petitioners submitted with its Reply the two notices sent to Respondent by the Tribunal. These notices were referenced in the documents submitted by Qin (and are also referenced in the Award). Their submission is no surprise. The submission is necessary to complete the record. These notices contradict Qin's claim that he had not been served. Qin's strategic decision **[\*6]** not to submit (or discuss) these notices is no excuse for a sur-reply.

Lastly, Petitioners explained that the Declaration of Yun Peng is incompetent and invalid under the law (per *28 U.S.C. § 1746*), and that the English translation does not match the Chinese. (Reply at 9-10). It goes without saying that these are not "new arguments" or arguments that could have been made in the Motion. Petitioners could not reveal flaws in the Declaration prior to its submission. The fact that Respondent submitted a facially incompetent and mistranslated Declaration is not an excuse for Respondent to get a sur-reply. Respondent had the obligation to submit true and correct declarations in support of his opposition. A sur-reply is not a reward for submitting a flawed Declaration or an opportunity to rewrite that Declaration. *See Underwood v. Lastrada Entm't Co., No. 16cv9058 (DLC), 2020 U.S. Dist. LEXIS 118013, 2020 WL 3640532 at \*7 n.11 (S.D.N.Y. July 6, 2020)* (sur-reply denied when "reply raises no new arguments and [plaintiff's] proposed sur-reply simply recites the arguments he raised in his opposition").

Respondent requests, in the alternative, oral argument on the Motion. Petitioners do not oppose that request. However, Respondent should not have yet another chance to remedy the deficiencies in his opposition papers through the submission of **[\*7]** a sur-reply, which would further delay the resolution of these summary proceedings.

Respectfully submitted,

*/s/ Geoffrey Sant*

Geoffrey Sant

The Court is in receipt of Respondent's April 19, 2022 letter (Dkt. #38) and Petitioners' above responsive letter. Respondent's application for leave to file a sur-reply is DENIED. If the Court finds that supplemental briefing or oral argument would aid in its resolution of Petitioners' motion, it will inform the parties at that time.

---

[1] Respondent's complaint about redaction of the address is without merit; nowhere in his request for a sur-reply does he state that the address is other than as stated in the Reply.

2022 U.S. Dist. LEXIS 207461, *7

The Clerk of Court is directed to terminate the motion at docket entry 39.

Dated: April 26, 2022

New York, New York

SO ORDERED.

/s/ Katherine Polk Failla

HON. KATHERINE POLK FAILLA

UNITED STATES DISTRICT JUDGE

---

**End of Document**