

Robert D. Carroll
+1 617 570 1753
RCarroll@goodwinlaw.com

Goodwin Procter LLP
100 Northern Avenue
Boston, MA 02210

goodwinlaw.com
+1 670 570 1000

March 13, 2024

**VIA ECF**

Hon. J. Paul Oetken
United States District Judge
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, NY 10007

**Re:**    ***Portkey Techs. Pte Ltd. v. Anand Venkateswaran*, No. 23-cv-5074-JPO (S.D.N.Y.) –
Letter motion to stay discovery pending resolution of motion to dismiss**

Dear Judge Oetken:

I am writing on behalf of defendant Anand Venkateswaran ("Mr. Venkateswaran") to seek a stay of
discovery in this matter pending the Court's decision on Mr. Venkateswaran's motion to dismiss (ECF
No. 16), which would be case-dispositive if granted.

Under Rule 26(c), the Court has "considerable discretion" to stay discovery "upon a showing of good
cause." *Hong Leong Fin. Ltd. (Singapore) v. Pinnacle Performance Ltd.*, 297 F.R.D. 69, 72-73
(S.D.N.Y. 2013). Where, as here, a motion to dismiss is pending, "courts typically consider several
factors in determining whether to stay discovery; including: (1) whether a defendant has made a strong
showing that the plaintiff's claim is unmeritorious, (2) the breadth of discovery and the burden of
responding to it, and (3) the risk of unfair prejudice to the party opposing the stay." *Alapaha View Ltd.
v. Prodigy Network, LLC*, No. 20-cv-7572-VSB, 2021 WL 1893316, at *2 (S.D.N.Y. May 10, 2021)
(internal quotation omitted).

Here, Mr. Venkateswaran's pending motion to dismiss would, if granted, resolve this case in its entirety.
Mr. Venkateswaran has made arguments that, alone, would resolve the entirety of the claims at issue—
that Plaintiffs have failed to plead use in commerce, as required for all of Plaintiffs' claims, and that the
conduct complained of is expressly permitted under trademark and unfair competition law. *See* ECF
No. 17 at 7-10. Mr. Venkateswaran also made arguments—that Plaintiffs have not pleaded likelihood of
confusion and that Plaintiffs' claims are barred by fair use doctrines—which would resolve Plaintiffs'
trademark claims. *Id.* at 11-15. Plaintiffs' inability to identify false statements and identify any
cognizable harm are fatal to Plaintiffs' unfair competition and false advertising claims, among other
defects. *Id.* at 16-22.

Where, as here, a pending motion to dismiss "'is potentially dispositive, and appears to be not



March 13, 2024
Page 2

unfounded in the law,'" it supports a stay of discovery. *Alapaha View Ltd.*, 2021 WL 1893316, at *2 (citing *Negrete v. Citibank, N.A.*, No. 15-cv-7250-RWS, 2015 WL 8207466, at *1 (S.D.N.Y. Dec. 7, 2015)).

Although Plaintiffs have not yet served any discovery requests, they have stated a desire to "proceed with discovery without delay." The facts relevant to Plaintiffs' allegations span a period that dates back at least seven years. *See* ECF No. 22 ¶¶ 62-63 (amended complaint noting that Mr. Venkateswaran, whose work for Plaintiffs is the subject of Plaintiffs' claims, began working for Plaintiffs in 2017 through 2022). Meanwhile, Mr. Venkateswaran's motion to dismiss is poised to at least narrow the issues in dispute. These facts indicate that the breadth of discovery and the burden of responding to it weighs in favor of staying discovery. *See Alapaha View Ltd.*, 2021 WL 1893316, at *2 (staying discovery pending resolution of motion to dismiss even though "at the time the motion to stay was filed, no discovery had been served" because, among other reasons, Plaintiffs indicated intent to serve discovery soon, the "case involve[d] conduct spanning over multiple years," and "the disposition of the dismissal motion may significantly narrow, if not eliminate, the issues remaining in this case") (quotation and alteration omitted).

The burdens of discovery are of particular note because Plaintiffs repeatedly have attempted to abuse the costs and stresses of litigation to bully Mr. Venkateswaran into self-censorship. As set forth more fully in Mr. Venkateswaran's motion to dismiss briefs, this case has nothing to do with trademark and unfair competition law. This case concerns the end of a personal friendship between Mr. Venkateswaran and plaintiff Vignesh Sundaresan. Mr. Sundaresan is notoriously wealthy, self-reporting his net worth at more than $700 million. *See* ECF No. 17 at 1 n.1. Mr. Venkateswaran is of more modest means. Plaintiff Sundaresan brought and has maintained this litigation to impose the costs, burdens, and stress of litigation on Mr. Venkateswaran, in an effort to extract revenge over a personal rift. In short, this case—and any effort to advance costly discovery—constitute an abuse of legal process by Plaintiffs.

Plaintiffs, for their part, will suffer no unfair prejudice from a stay of discovery. The motion to dismiss is fully briefed, and has been for months. This supports a stay. *See HAHA Glob., Inc. v. Barclays*, No. 1:19-cv-04749, 2020 WL 832341, at *1 (S.D.N.Y. Feb. 20, 2020) ("[T]he Court finds that staying discovery would not unfairly prejudice Plaintiff as the motions to dismiss already have been filed and, thus, 'any stay would last briefly.'"). Mr. Venkateswaran's pending motion to dismiss is potentially case-dispositive. This, too, supports a stay because "proceeding with discovery while the motion is pending [may] waste the parties' resources and would constitute an undue burden on" Mr. Venkateswaran. *Rivera v. Heyman*, No. 96-cv-4489-PKL, 1997 WL 86394, at *1 (S.D.N.Y. Feb. 27, 1997); s*ee also Spinelli v. National Football League*, No. 13-cv-7398-RWS, 2015 WL 7302266, at *2 (S.D.N.Y. Nov. 17, 2015) ("A stay may also have the advantage of simplifying and shortening discovery in the event that some of Plaintiffs' claims are dismissed and others survive, by limiting the scope of the parties' inquiry to claims that have been established as potentially viable. . . . a stay pending determination of a dispositive motion that potentially eliminates the entire action will neither substantially nor unduly delay the action, should it continue.") (quotation and alteration omitted).



March 13, 2024
Page 3

Accordingly, Mr. Venkateswaran respectfully requests that the Court stay discovery pending resolution of his motion to dismiss.

Pursuant to Rule 4(B) of the Court's Individual Practices, I conferred by telephone today with counsel for the Plaintiffs to attempt to resolve this dispute. Plaintiffs oppose this request.

Respectfully submitted,

/s/ Robert D. Carroll

Robert D. Carroll

cc: All counsel of record (via ECF)