大成 **DENTONS**

**Robert M. Wasnofski, Jr.**

robert.wasnofski@dentons.com
D        +1 212-768-6748

Dentons US LLP
1221 Avenue of the Americas
New York, NY  10020-1089
United States

dentons.com

March 15, 2024

**VIA ECF**

Hon. J. Paul Oetken
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, NY 10007

**Re:**    ***Portkey Technologies Pte Ltd. et al v. Venkateswaran*, 23-cv-5074 (JPO)**
         Opposition to Defendant's Letter Motion to Stay Discovery

Dear Judge Oetken:

        We represent Plaintiffs Portkey Technologies Pte Ltd. ("Portkey") and Vignesh Sundaresan ("Sundaresan") (collectively, "Plaintiffs") and respectfully submit this letter in opposition to Defendant's letter motion seeking to stay discovery pending the resolution of its motion to dismiss ("Motion").  (Dkt. No. 31.)  Plaintiffs look forward to participating at an informal conference at Your Honor's convenience.

        Defendant filed a flawed motion to dismiss many months ago, and now it is seeking to stay discovery *before* Plaintiffs have even served any discovery requests.  Indeed, it is readily apparent that Defendant's goal is merely to delay the inevitable need to proceed with discovery and have this case decided on the merits.

        As this Court has recognized, "discovery should not be routinely stayed simply on the basis that a motion to dismiss has been filed, because an overly lenient standard for granting motions to stay all discovery is likely to result in unnecessary discovery delay in many cases." *Nielsen Co. (US) LLC v. TVSquared LTD.*, 2023 WL 4363005, at *1 (S.D.N.Y. July 6, 2023). "The party seeking a stay of discovery bears the burden of showing good cause." *Id.*  Simply filing a motion to dismiss is not enough. *See RBG Mgmt. Corp. v. Vill. Super Mkt., Inc.*, 2023 WL 1996920, at *2 (S.D.N.Y. Jan. 24, 2023) ( "the filing of a motion to dismiss does not itself constitute 'good cause.'"); *Nielsen Co.*, 2023 WL 4363005, at *1.  Courts generally consider three factors in evaluating motions to stay discovery: "(1) whether a defendant has made a strong showing that the plaintiff's claim is unmeritorious, (2) the breadth of discovery and the burden of responding to it, and (3) the risk of unfair prejudice to the party opposing the stay." *Id.* (internal citation omitted).  All three factors weigh against Defendant's motion.

        *First*, Defendant has not, and cannot, make a "strong showing" that Plaintiffs' claims lack merit.  That only occurs when "the complaint is facially without merit or . . . the plaintiff has

**Zaanouni Law Firm & Associates ► LuatViet ► Fernanda Lopes & Associados ► Guevara & Gutierrez ► Paz Horowitz Abogados ► Sirote ► Adepetun Caxton-Martins Agbor & Segun ► Davis Brown ► East African Law Chambers ► For more information on the firms that have come together to form Dentons, go to dentons.com/legacyfirms**

**大成 DENTONS**

dentons.com

March 15, 2024
Page 2

been unable to cite relevant authority in response to a defendant's challenge." *Bennett v. Cuomo*, 2023 WL 2021560, at \*2 (S.D.N.Y. Feb. 15, 2023). In their opposition, Plaintiffs' refuted all arguments raised in Defendant's motion to dismiss. *See* Plaintiffs' Memorandum of Law in Opposition to Defendants' Motion to Dismiss the First Amended Complaint (Dkt. No. 27.) Where, like here, a plaintiff has made "strong arguments" in support of its position, a defendant's "argument does not rise to a level of the requisite 'strong showing' that [a plaintiff's] claim is unmeritorious." *Nielsen Co.*, 2023 WL 4363005, at \*1 (citing *Guiffre v. Maxwell*, 2016 WL 254932, at \*2 (S.D.N.Y. Jan. 20, 2016)) (denying motion to stay discovery pending a motion to dismiss).

Defendant's argument that Plaintiffs failed to "identify false statements and … any cognizable harm" is patently untrue. The First Amended Complaint ("FAC") lays out many of Defendant's false statements and deceptive acts, including, but not limited to:

> Defendant has:
> Repeatedly made and continues to make false statements in New York and outside of New York claiming to have been directly responsible for the purchase of the Beeple NFT and Portkey's business operations and success and/or stated, expressly or impliedly, that he owns the Beeple NFT;
>
> Repeated these false statements through various public channels, including social media, online blogs, and in numerous interviews posted online, which are all accessible within New York;
>
> Repeatedly used and continues to use and/or otherwise associate himself with the trademark TWOBADOUR, which is owned by Portkey; and
>
> Repeatedly used and continues to use and/or otherwise associate himself with the trademark METAPURSE, which is owned by Portkey.
>
> FAC ¶ 11.
>
> Despite knowing that Sundaresan purchased the Beeple NFT entirely on his own, beginning at least as early as August 2022, Defendant began making public statements, explicitly and implicitly, proclaiming himself to be the owner of the Beeple NFT, a co-owner of the Beeple NFT, and/or partially responsible for the purchase of the Beeple NFT.
>
> *Id.* ¶ 71; *see also id.* ¶ 72 (citing examples).
>
> Defendant's false and misleading statements have included, without limitation:

i.      Misrepresenting his role in Portkey through various public interviews and/or publishing untrue information on his public Twitter account, public LinkedIn account, and public blog, thereby diminishing Sundaresan's role in Portkey and Portkey's overall business success;

ii.     Claiming credit for purchases of NFTs made and/or managed by Portkey through its METAPURSE fund; and

iii.    Claiming to have been a co-founder of and steward of METAPURSE.

*Id.* ¶ 74.

By falsely associating himself and his own businesses with Plaintiffs, Defendant has sought to impact decisions of consumers and investors, to Plaintiffs' detriment.

*Id.* ¶ 77.

Following termination of his agreement with Portkey, Defendant has also used the trademark and pseudonym TWOBADOUR in commerce to associate himself with Plaintiffs and to associate Plaintiffs' success with his personal business ventures. … Additionally, Defendant has falsely claimed to have been the "steward of METAPURSE," when he was not. In doing so, Defendant falsely represented that he managed, supervised, controlled, or was otherwise responsible for the METAPURSE fund and the assets acquired through the fund. Examples include, without limitation:

ii.     The top of Defendant's Twitter feed read:  "Co-Founder & CEO @LayerEhq. **As @twobadour, Steward of @metapurse, won the $69m @BEEPLE auction.**  NFT Artist fanboy.  Lucky husband, proud father, wishful thinker."  (emphasis added); and

iii.    Defendant's biography page for the 2023 Consensus by CoinDesk conference (CoinDesk's flagship annual crypto and Web3 conference), reads:  "Anand is the Co-Founder and CEO of the Polygon-incubated Layer-E.  He has been a journalist, an ad-man, and a GTM strategist for FinTech.  **In the metaverse, he was Twobadour, Steward of the $250mn Metapurse Fund.  With Metakovan, he won the Christie's auction for the $69 mn Beeple's First 5000 Everydays.**

*Id.* ¶ 80.

March 15, 2024
Page 4

Defendant has not denied making the above-referenced statements or use of Plaintiffs' trademarks, nor could he.  So he decided to effectively throw a "Hail Mary pass" by filing his motion to dismiss.  Defendant now tacitly concedes that he cannot show that all of Plaintiffs' claims lack merit as he states that the "motion to dismiss is poised to at least narrow the issues in dispute."[1]  Motion at 2.  Even if the pending motion to dismiss "is potentially case-dispositive" or at least "poised to at least narrow the issues in dispute," which is not the case, staying discovery on this basis alone "proves too much.  If accepted, it would preclude a finding of prejudice in every case in which the moving party asks for a stay pending the resolution of its motion." *Bensmaine v. City of New York*, 2022 WL 3362188, at *2 (S.D.N.Y. Aug. 15, 2022); *Hong Leong Fin. Ltd. (Singapore) v. Pinnacle Performance*, 297 F.R.D. 69, 72 (S.D.N.Y. 2013) (citation omitted) ("discovery should not be routinely stayed simply on the basis that a motion to dismiss has been filed").

*Second*, Plaintiff has not served Defendant with any discovery requests.  Defendant's argument that it would be unduly burdensome to proceed with discovery is therefore entirely baseless.  Defendant cannot credibly claim that it will be burdened by discovery requests without actually seeing them.  As such, the Court should summarily deny Defendant's request.  *RBG Mgmt. Corp.*, 2023 WL 1996920, at *2 (defendant's "vague and conclusory contentions" about the burden of engaging in discovery were "not sufficient" to warrant a stay).

Defendant's accusation that Plaintiffs seek discovery in an attempt to "bully" Defendant and "abuse [the] legal process" is outrageous.  Motion at 2.  Moreover, Defendant's cries of cost ring hollow.  *See RBG Mgmt. Corp.*, 2023 WL 1996920, at *2 (holding defendant's "generally describ[e] the costs of participating in standard civil discovery for a case like this," such costs do not "demonstrate[] that the discovery anticipated in this case weighs in favor of a stay").  Plaintiffs filed their Complaint on June 15, 2023.  (*See* Dkt. No. 1.)  They have yet to serve discovery requests.  Now, *nine months later*, after first trying to settle the dispute in good faith, Plaintiffs seek to advance this litigation so that they may eventually obtain a permanent injunction against Defendant's unlawful acts and an appropriate damages award for the harm caused by Defendant.  Plaintiffs' filing of the instant action to protect their rights and initiation of discovery[2] can in no way be seen as abusive.  Any "costs, burdens, and stress" Defendant experiences is a product entirely of Defendant's own making.[3]

*Third*, the Court must also consider the prejudice Plaintiffs will face should it stay discovery.  Defendant posits that Plaintiffs "will suffer no unfair prejudice from a stay," Motion at 2, but that statement is also untrue.  It has been nine months since Plaintiffs commenced this action.  As shown above, Defendant has repeatedly made false statements and misused Plaintiffs'

---

[1] Plaintiffs maintain that Defendant's motion to dismiss should be denied in its entirety.

[2] Plaintiffs initiated a 26(f) conference with Defendant on March 6, 2024.  That conference was completed on March 13, 2024.

[3] Notwithstanding Defendant's claim, Plaintiffs do not view this as a "personal" dispute.  Plaintiffs are pursuing this action because Defendant's acts have caused confusion in the marketplace and harm to Plaintiffs' reputation, goodwill, and business.

大成 DENTONS

dentons.com

March 15, 2024
Page 5

trademarks in commerce in an effort to ride on Plaintiffs' coattails and cause confusion among the public.  Until the Court enjoins Defendant from engaging in further false advertising and deceptive acts and requires Defendant to take remedial actions to correct/remove deceptive statements previously made by Defendant, Plaintiffs will continue to suffer significant damage and harm to their reputation, goodwill, and business.  Discovery is certain to uncover further evidence of Defendant's unlawful acts, actual confusion by the public, as well as profits earned by Defendant as a result of such acts.  A stay of discovery would therefore greatly prejudice Plaintiffs and merely delay the inevitable.  In any event, as this Court recently held, "lack of prejudice alone does not merit a stay." *Bennett*, 2023 WL 2021560, at *5.

For the foregoing reasons, Plaintiffs respectfully request that discovery not be stayed.

Respectfully submitted,

Robert M. Wasnofski, Jr.

cc: All counsel of record (via ECF)