# EXHIBIT B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PORTKEY TECHNOLOGIES PTE LTD. and VIGNESH SUNDARESAN, | Civil Case No. 23-cv-5074-JPO |
| Plaintiffs, | |
| - against - | |
| ANAND VENKATESWARAN, | |
| Defendant. | |

## PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

Pursuant to Federal Rules of Civil Procedure 26 and 34 and the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York ("Local Rules"), Plaintiffs Portkey Technologies Pte Ltd. ("Portkey") and Vignesh Sundaresan ("Sundaresan," and collectively, "Plaintiffs"), by and through their undersigned counsel, hereby request that Defendant Anand Venkateswaran ("Defendant") serve written responses to the following requests (each a "Request" and, collectively, the "Requests"), and produce the requested documents, within thirty (30) days after the service hereof, at the offices of Dentons US LLP, 1221 Avenue of the Americas, New York, NY 10020-1089, or at such other location and time as the parties may agree.

## DEFINITIONS

1.      "Plaintiffs" shall mean Portkey Technologies Pte Ltd. and Vignesh Sundaresan.

2.      "Portkey" shall mean plaintiff Portkey Technologies Pte Ltd. its predecessors, successors, affiliated companies, representatives, employees, agents, contractors, or any other person or entity acting or purporting to act on its behalf.

3.      "Sundaresan" shall mean Plaintiff Vignesh Sundaresan, or any other person or entity acting or purporting to act on his behalf.

4.    "Defendant" shall mean Defendant Anand Venkateswaran, or any other person or entity acting or purporting to act on his behalf.

5.    "Action" shall mean *Portkey Technologies Pte Ltd. and Vignesh Sundaresan v. Anand Venkateswaran*, Case No. 23-cv-5074-JPO (S.D.N.Y.).

6.    "Amended Complaint" shall mean the First Amended Complaint filed in the Action (Dkt. 22) or, if applicable, any subsequently-filed amended complaint filed in this Action.

7.    "Beeple NFT" shall mean the NFT artwork created by Beeple known as *Everydays: The First 5000 Days*.

8.    "DREAMVERSE" shall refer to the public digital art and music event held at Studio 5 in New York City on November 4, 2021.

9.    "First ICA" shall mean the independent contractor agreement entered into by Portkey and Defendant on August 14, 2017.

10.    "Second ICA" shall mean the independent contractor agreement entered into by Portkey and Wordesmith Collective Singapore Pte. Ltd. on November 1, 2020.

11.    "Wordesmith" shall mean Wordesmith Collective Singapore Pte. Ltd., its predecessors, successors, affiliated companies, representatives, employees, agents, contractors, or any other person or entity acting or purporting to act on its behalf.

12.    "Content" shall mean social media posts, blogs, other text or writing, podcast, images, audio and video.

13.    "Person" or "Persons" shall mean natural persons, firms, partnerships, joint ventures, government entities, social or political organizations, associations, corporations, divisions, or any other entity in any other department or other unit thereof, whether de facto or de jure, incorporated or unincorporated.

14.    "Document" shall be construed to the fullest extent permitted under Federal Rule of Civil Procedure 34(a)(l)(A), and includes, without limitation, any and all documents and electronically stored information, including papers, writings, and records of every type and description, including, but not limited to, all blogs, online posts, articles, websites, written, recorded, graphic, or electronically maintained matter of every type and description, correspondence, letters, emails, contracts, agreements, receipts, purchase orders, canceled checks, drafts, invoices, ledgers, journal entries, statements, appraisals, surveys, time records, memoranda, books of account, worksheets, notebooks, desk diaries, appointment books, calendars, electronic or voice mail, expense accounts, recordings, transcripts, notes of conversations, notes of meetings and conferences, minutes, telegraphic communications, computer printouts, reports, summaries, work papers, photographs, maps, charts, photographic records, films, videos, audio-visual materials, tapes, transcriptions of tapes, and any other device or medium on or through which information of any type is transmitted, recorded, or preserved.  This definition specifically includes all computer-stored data, even if not printed out, including but not limited to electronic mail both through networked computers and via the internet.  The term "Document" also means all drafts and copies.  For the purposes of this definition, the term "drafts" means any earlier, preliminary, preparatory, or tentative versions of all or part of a document, whether or not the terms of the draft are the same as or different from the terms of the final document; and the term "copies" means all copies of any documents which are not identical in every respect to the documents being produced.

15.    "Communication" shall be construed to the fullest extent permitted under the Federal Rules of Civil Procedure and means, without limitation, the transmittal, disclosure, transfer, or exchange of information (in the form of facts, ideas, inquiries, opinions, thoughts, or otherwise, and any response thereto) by any means or media.  For the avoidance of doubt, the term

"Communication" shall encompass pictures, photographs, recordings, or any other means of capturing information.

16.    "Pleadings" shall have the meaning defined in Federal Rule of Civil Procedure 7(a).

17.    "Identify," or to give "identity" of, shall mean:

a.    In the case of a person, to state: (1) full name; (2) present residence address and telephone number; (3) present business address and telephone number; (4) present position, business affiliation, and job description; (5) if any of the information set forth in (1)–(4) is unknown, so state and set forth the corresponding last known such information;

b.    In the case of a corporation, to state: (1) full name; (2) place and date of incorporation or foundation; (3) address and principal place of business; (4) identity of officers or other persons having knowledge of the matters with respect to which such corporation is named;

c.    In the case of any person other than a natural person or corporation, to state: (1) full name; (2) address and principal place of business; (3) identity of officers or other persons having knowledge of the matter with respect to which such person is named;

d.    In the case of a document, to state: (1) the identity of the Person(s) originating and preparing it, and the sender; (2) its general type (*e.g.*, letter, memo, report, invoice, etc.), title, identifying number and the general nature of its subject matter; (3) the identity of the addressees and distributees, if any; (4) its date of preparation; (5) its dates and manner of transmission, distribution, and publication, if any; (6) the location of each copy (including

4

title, index number, and location of the file in which it is kept or from which it was removed) and the identity of the present custodian or Person responsible for its filing or other disposition; (7) the identity of Persons who can authenticate or identify it; and

e.    In the case of an event or occurrence, state: (1) the date(s) and geographic locations(s); (2) describe the transactions and events; and (3) identify the Person(s), corporation(s), or other entities involved in accordance with the instructions set forth in this paragraph.

18.    The term "concerning" shall mean: relating to, referring to, pertaining to, containing, describing, embodying, mentioning, constituting, supporting, corroborating, demonstrating, providing, evidencing, showing, refuting, disputing, rebutting, controverting, or contradicting.

19.    The term "including" shall be construed to mean "without limitation."

20.    The term "third party" or "third-party" means any Person or entity other than Plaintiffs or Defendant.

21.    The terms "and" and "or" should be interpreted as conjunctive, disjunctive, or both, depending on the context, so as to have their broadest meaning.

22.    The term "Request(s)" means the document Requests stated herein.

## **INSTRUCTIONS**

1.    Plaintiffs incorporate by reference herein the definitions and instructions set forth in Federal Rules of Civil Procedure 26 and 34 and the Local Rules.

2.    For purposes of these Requests, terms not specifically defined shall be given their ordinary meaning.

3.    These Requests cover all documents in Defendant's possession or custody, or subject to Defendant's control, wherever located, including those documents Defendant has the power to obtain.

4.    Without limitation, the Requests call for all responsive Documents and Communications made through all channels and media, including without limitation, email, messages, social media, websites, blogs, interviews, articles, videos, video meetings, and in-person communications.

5.    If any portion of any document is responsive, the entire document shall be produced.  Moreover, if only a part of the document is protected by any privilege, the document shall be produced with only the privileged matter redacted.

6.    If any information responsive hereto was, but is no longer, in Defendant's possession, custody, or control, identify the name, present or last known home and business address and telephone numbers, title (or position), and the occupation of each Person who has knowledge of the information.

7.    If any document requested herein is withheld from production because of any claimed privilege or for any other reason, then, as to each withheld document, provide the following information:

    a.    the name and title of the author(s) of the documents;

    b.    the name and title of all Persons who have received or viewed the document;

    c.    the date on which the document was created;

    d.    a brief description of the contents of the document; and

    e.    the nature of the privilege claimed with respect to the document.

6

8.     For each Request, all documents produced shall be organized either to correspond to the categories in these Requests, or in the manner, form and position in which they are kept in the ordinary course of business as required by Rule 34(b) of the Federal Rules of Civil Procedure.

9.     All information that is electronically generated, created, or stored shall be produced in an electronic format with all metadata that will enable the receiving party to have the same ability to access, search, and display the information as the producing party.

10.    No part of a Request shall be left unanswered or documents not produced merely because an objection is interposed as to any other part of a Request.  Where an objection is made to any Request, or subpart thereof, the objection shall state with specificity all grounds.

11.    Pursuant to Federal Rule of Civil Procedure 26(e), these Requests are continuing in nature, and it is requested that Defendant serve supplementary responses should additional responsive Documents, Communications, or information become known to Defendant.

12.    Except where otherwise noted, these Requests refer to the period from August 14, 2017, up to and including the date of Defendant's production of responsive Documents and Communication or the date of any further modification or supplementation of its responses or production.

**DOCUMENT REQUESTS**

1.     All Documents and Communications concerning Defendant's use of the TWOBADOUR mark or pseudonym anytime since February 28, 2022, including, but not limited to, in connection with Defendant's self-promotion or his Communications with any Third-Party, in connection with any business venture (including Layer-E and eDAO), and concerning the reaction, response, or communication of any Person to Defendant's use of TWOBADOUR.

7

2.      All Documents and Communications concerning Defendant's use of METAPURSE anytime since February 28, 2022, including, but not limited to, in connection with Defendant's self-promotion or his Communications with any Third-Party, in connection with any business venture (including Layer-E and eDAO), and concerning the reaction, response, or communication of any Person to Defendant's use of METAPURSE.

3.      All Documents and Communications concerning any representations by Defendant anytime since February 28 2022, concerning Plaintiffs, TWOBADOUR, METAPURSE, METAKOVAN, or DREAMVERSE including, without limitation, Documents and Communications concerning the reaction, response, or communication of any Person to such representation by Defendant.

4.      All Documents and Communications concerning any representation by Defendant anytime since February 28, 2022, whereby Defendant represented, explicitly or implicitly, that he was the "steward" of METAPURSE, co-founder of METAPURSE, or otherwise responsible for purchases of NFTs made and/or managed by Portkey including, without limitation, Documents and Communications concerning the reaction, response, or communication of any Person to such representations by Defendant.

5.      All Documents and Communications concerning any public representation by Defendant anytime since February 28, 2022, whereby Defendant represented, explicitly or implicitly, that he won the Beeple NFT, was the owner of the Beeple NFT, was a co-owner of the Beeple NFT, was partially responsible for the purchase of the Beeple NFT, and/or was partially responsible for any other business success by Plaintiffs including, without limitation, Documents and Communications concerning the reaction, response, or communication of any Person to such representations by Defendant.

8

6.    All Documents and Communications concerning Sundaresan's purchase of the Beeple NFT and current ownership of the Beeple NFT.

7.    All Documents and Communications concerning any role the Defendant played in the purchase of the Beeple NFT.

8.    All Documents and Communications concerning ownership of the TWOBADOUR trademark and pseudonym.

9.    All Documents and Communications concerning ownership of the METAPURSE trademark and fund.

10.    Documents and Communications sufficient to identify Persons who have worked for Plaintiffs that used the TWOBADOUR mark and pseudonym to conduct business on behalf of Plaintiffs.

11.    All Documents and Communications concerning who was responsible for funding, managing, supervising, or controlling the collection of digital assets purchased through Plaintiffs' METAPURSE fund.

12.    All Documents and Communications concerning who was responsible for funding, managing, or supervising DREAMVERSE.

13.    All Documents and Communications concerning confusion, mistake, or deception on the part of any Person as to the affiliation, connection, or association between Defendant and Plaintiffs.

14.    All Documents and Communications concerning confusion, mistake, or deception on the part of any Person as to the origin, sponsorship, or approval of Defendant's goods, services, or commercial activities by Plaintiffs.

15. All Documents and Communications concerning the mark TWOBADOUR including, but not limited to, the strength or dilution thereof.

16. All Documents and Communications concerning the mark METAPURSE including, but not limited to, the strength or dilution thereof.

17. All Documents and Communications concerning Defendant's efforts to clarify, retract, and/or correct any representations made by Defendant concerning Plaintiffs, the METAPURSE fund, TWOBADOUR, or DREAMVERSE.

18. All Documents and Communications concerning Defendant's efforts to establish or promote his own business ventures in the blockchain, NFT, and Web3 industries, including but not limited to eDAO and Layer-E, anytime since August 14, 2017.

19. All Documents and Communications concerning sales of goods or services by Defendant or any business ventures Defendant is associated with, including but not limited to sales by eDAO and Layer-E, since February 28, 2022.

20. Documents sufficient to identify all principals, owners, officers, and directors of Layer-E.

21. Documents sufficient to identify all principals, owners, officers, and directors of eDAO.

22. All Documents concerning Defendant's document retention policies or practices.

23. Each Document and Communication identified, referred to, or consulted in answering the Interrogatories or Requests for Admission served by Plaintiffs concurrently herewith.

24. All Documents and Communications not already produced in response to these Requests upon which Defendant will rely in this Action.

Dated: March 29, 2024
      New York, New York

Respectfully submitted,

By:

  */s/ Robert M. Wasnofski, Jr.*
Robert M. Wasnofski, Jr.
Daniel A. Schnapp
Mary Kate Brennan
Samuel J. Weiner
DENTONS US LLP
1221 Avenue of the Americas
New York, NY 10020-1089
Phone:  (212) 768-6748
Fax:  (212) 768 6800
robert.wasnofski@dentons.com
daniel.schnapp@dentons.com
marykate.brennan@dentons.com
samuel.weiner@dentons.com

*Attorneys for Plaintiffs Portkey*
*Technologies Pte Ltd. and Vignesh*
*Sundaresan*

11

## CERTIFICATE OF SERVICE

I hereby certify that on March 29, 2024, I caused the foregoing to be served on Defendant's

counsel of record:

Robert D. Carroll
Goodwin Procter LLP
100 Northern Avenue
Boston, MA 02210
Tel.: (617) 570-1000
Fax: (617) 523-1231
RCarroll@goodwinlaw.com

Timothy Keegan
Goodwin Procter LLP
620 Eighth Avenue New York, NY 10018
Tel.: (212) 813-8800
Fax: (212) 355-3333
TKeegan@goodwinlaw.com

/s/ *Robert M. Wasnofski, Jr.*