# EXHIBIT C

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

PORTKEY TECHNOLOGIES PTE LTD. and
VIGNESH SUNDARESAN,

                Plaintiffs,

       - against -

ANAND VENKATESWARAN,

                Defendant.

Civil Case No. 23-cv-5074-JPO

---

## PLAINTIFFS' FIRST SET OF INTERROGATORIES

Pursuant to Federal Rule of Civil Procedure 33 and the Local Rules of United States District Courts for the Southern and Eastern Districts of New York, plaintiffs Portkey Technologies Pte Ltd. ("Portkey") and Vignesh Sundaresan ("Sundaresan," and collectively, "Plaintiffs"), by and through their undersigned counsel, hereby request that defendant Anand Venkateswaran ("Defendant") serve written responses to the following interrogatories (each an "Interrogatory" and, collectively, the "Interrogatories"), within thirty (30) days after the service hereof, at the offices of Dentons US LLP, 1221 Avenue of the Americas, New York, NY 10020-1089, or at such other location and time as the parties may agree.

### DEFINITIONS

1.     Plaintiffs hereby adopt and incorporate by reference the Definitions set forth in Plaintiffs' First Set of Requests for Production of Documents, dated March 29, 2024, and served concurrently herewith.

### INSTRUCTIONS

1.      Plaintiffs incorporate by reference herein the instructions set forth in Federal Rules of Civil Procedure 26 and 33 and the Local Rules.

2.      These Interrogatories shall be deemed to seek answers as of the date hereof, but shall be deemed to be continuing so that any additional information concerning these Interrogatories which Defendant acquires or which becomes known to Defendant up to and including the time of trial shall be furnished to Plaintiffs promptly after such information is acquired or becomes known, pursuant to Rule 26 of the Federal Rules of Civil Procedure.

3.      Should Defendant have any good faith objection(s) to any Interrogatory, describe the specific nature of the objections and whether the objections apply to the whole Interrogatory or to certain parts thereof.  If there is an objection to a part or parts of an Interrogatory, identify the part or parts to which Defendant objects and answer the remaining parts.

4.      In each instance where an Interrogatory is answered on information and belief, it is requested that Defendant set forth the basis for such information and belief.

5.      Should an Interrogatory not specifically request a particular fact or facts, but where such fact or facts are necessary to make the response to the Interrogatory comprehensible or not misleading, Defendant is requested to include such fact or facts as part of its response.

6.      In each instance where Defendant denies knowledge or information sufficient to answer the Interrogatory, it is requested that Defendant sets forth the name and address of each Person, if any, known to have such knowledge or information.

7.      In each instance where the existence of a Document is disclosed, Defendant is requested to attach a copy of such Document to its answer.  If such Document is not in Defendant's possession, custody, or control, it is requested that Defendant states the name and address of each Person known to Defendant to have possession, custody, or control of such Document.

8.    With respect to each Document which is withheld, whether under claim of privilege or otherwise, please provide the following information:

a.    the date, identity and general subject matter of each such Document;

b.    the grounds asserted in support of the failure to produce the Document;

c.    the "identity" of each Person (other than stenographic or clerical assistants) participating in the preparation of the "Document";

d.    the "identity" of each Person to whom the contents of the "Document" were communicated by copy, distribution, reading or substantial summarization;

e.    a description of any Document or other material transmitted with or attached to the "Document";

f.    the number of pages in the "Document"; and

g.    whether any business or non-legal matter is contained or discussed in the "Document."

9.    All references to any individual, corporation, partnership or limited partnership shall be deemed to include not only the individual, corporation, partnership or limited partnership named, but also his, her, its or their employees, officers, directors, partners, principals, shareholders, attorneys, agents and representatives under the control of the entity or individual identified in the Interrogatory.

10.    Words of gender shall be construed as including all genders, without limitations.

11.    "Person" refers to any individual or entity.

12.    "Entity" refers to any corporation, proprietorship, association, joint venture, company, partnership or other business or legal entity.

13.    "Pleadings" shall have the meaning defined in Federal Rule of Civil Procedure 7(a).

3

14.    "Identify" in relation to an individual means to state his or her full name and (a) present home and business address(es), and telephone number(s); or, if current information is not known, (b) last known home and business addresses and telephone number(s).   Once any individual has been identified properly, it shall be sufficient thereafter when identifying that same person to state the individual's name only.

15.    "Identify" in relation to an entity means to state the entity's: (a) full name; (b) state of incorporation; (c) current or last known business address; and (d) current or last known telephone number.   Once an entity has been identified properly, it shall be sufficient thereafter when identifying that same entity to state the entity name only.

16.    Except where otherwise noted, these Interrogatories refer to the period from August 14, 2017, up to and including the date of Defendant's responses hereto or the date of any further modification or supplementation of Defendant's responses.

## **INTERROGATORIES**

1.    Identify all Persons who have, claim to have, or who you believe may have knowledge, documents, or information concerning any fact alleged in the Pleadings filed in this action.

2.    Identify all Persons with whom Defendant has had any communication about any fact alleged in the Pleadings filed in this action..

3.    Identify all Persons who have knowledge of any media, blogs, online forums, social media or networking websites, publications, conferences, podcasts, events, or online platforms or applications used by Defendant to post, send, or receive content relating to any fact alleged in the Pleadings filed in this action.

4

4.      Identify all Persons to whom Defendant represented that he was or had previously been the "steward of Metapurse" : (a) anytime on or prior to February 28, 2022, and (b) anytime since February 28, 2022.

5.      Identify all Persons to whom Defendant represented that he was or had previously been Twobadour: (a) anytime on or prior to February 28, 2022, and (b) anytime since February 28, 2022.

6.      Identify all Persons to whom Defendant represented that he was or had previously been responsible for the purchase and/or management of any of Plaintiffs' NFTs or other digital assets: (a) anytime on or prior to February 28, 2022, and (b) anytime since February 28, 2022.

7.      Identify all Persons to whom Defendant represented that he was one of the two people who purchased, or was responsible for Plaintiff's purchase of, or was otherwise involved in the purchase of, the Beeple NFT: (a) anytime on or prior to February 28, 2022, and (b) anytime since February 28, 2022.

8.      Identify all Persons to whom Defendant represented that he was or had previously been responsible for any of Plaintiffs' actions or business accomplishments other than the purchase of the Beeple NFT: (a) anytime on or prior to February 28, 2022, and (b) anytime since February 28, 2022.

9.      Identify all Persons with knowledge of the services Defendant provided to Portkey while working as an independent contractor for Portkey.

10.     Identify all Persons to whom Defendant represented that he was or had previously been associated with or affiliated with Plaintiffs anytime since February 28, 2022.

11.     Identify all Persons to whom Defendant referenced Plaintiffs, TWOBADOUR, METAPURSE, METAKOVAN, or DREAMVERSE anytime since February 28, 2022.

5

12.    Identify all Persons with knowledge of Defendant's efforts to establish, organize, or promote one or more businesses or business ventures in the blockchain, NFT, or Web3 industries, including without limitation eDAO and Layer-E, anytime since August 14, 2017.

13.    Identify all Persons with knowledge of Defendant's current or former ownership interests in any business or business venture in the blockchain, NFT, or Web3 industries, including without limitation eDao and Layer-E, anytime since August 14, 2017.

14.    Identify the existence, custodian, location and general description of documents concerning any fact alleged in the Pleadings filed in this action.

15.    Identify all Persons whose files were searched for Documents responsive to Plaintiffs' First Set of Requests for Production of Documents served concurrently herewith, who had more than a clerical role in the answering of the foregoing Interrogatories or in any search for documents in connection with these Interrogatories, and who had more than a clerical role in answering Plaintiffs' First Set of Requests for Admission served concurrently herewith.

6

Dated: March 29, 2024
        New York, New York

Respectfully submitted,

By:

   */s/ Robert M. Wasnofski, Jr.*
Robert M. Wasnofski, Jr.
Daniel A. Schnapp
Mary Kate Brennan
Samuel J. Weiner
DENTONS US LLP
1221 Avenue of the Americas
New York, NY 10020-1089
Phone:  (212) 768-6748
Fax:  (212) 768 6800
robert.wasnofski@dentons.com
daniel.schnapp@dentons.com
marykate.brennan@dentons.com
samuel.weiner@dentons.com

*Attorneys for Plaintiffs Portkey Technologies Pte Ltd. and Vignesh Sundaresan*

7

## CERTIFICATE OF SERVICE

I hereby certify that on March 29, 2024, I caused the foregoing to be served on Defendant's counsel of record:

Robert D. Carroll
Goodwin Procter LLP
100 Northern Avenue
Boston, MA 02210
Tel.: (617) 570-1000
Fax: (617) 523-1231
RCarroll@goodwinlaw.com

Timothy Keegan
Goodwin Procter LLP
620 Eighth Avenue New York, NY 10018
Tel.: (212) 813-8800
Fax: (212) 355-3333
TKeegan@goodwinlaw.com

/s/ *Robert M. Wasnofski, Jr.*

8