**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------X

PORTKEY TECHNOLOGIES PTE LTD. and
VIGNESH SUNDARESAN,

                   Plaintiffs,

            - against -

ANAND VENKATESWARAN,

                  Defendant.

-----------------------------------------------------------------X

    :  Civil Case No. 23-cv-5074-JPO

**PLAINTIFFS' MOTION FOR RECONSIDERATION OF THE DISMISSAL OF**
**COUNTS I, II AND IV OF THE FIRST AMENDED COMPLAINT**

**TABLE OF CONTENTS**

**I.    ARGUMENT** ...................................................................................................................... **1**

**a.   Plaintiffs' Unfair Competition/Reverse Passing Off and False Advertising Claims Should Not have been Dismissed** ........................................................................................... **2**

**i.    Count I:  Unfair Competition/Reverse Passing Off** ........................................................ **4**

**1.  Plaintiffs Sufficiently Pled Unfair Competition/Reverse Passing Off**……………..**4**

**2. Defendant Did Not Move to Dismiss Reverse Passing Off** ........................................ **6**

**ii.   Count II:  False Advertising** ........................................................................................... **6**

**b.   Plaintiffs Sufficiently Pled its Deceptive Acts and Practices Claim** ............................. **9**

**II.   CONCLUSION** ............................................................................................................... **10**

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009)..................................................................................................................2, 7

*Bell Atlantic Corp. v. Twombly*,
550 U.S. 544 (2007)........................................................................................................................7

*Can't Live Without It, LLC v. ETS Express, Inc.*,
287 F. Supp. 3d 400 (S.D.N.Y. 2018) ...........................................................................................2

*Chanel, Inc. v. WGACA, LLC*,
No. 18 CIV. 2253 (LLS), 2018 WL 4440507 (S.D.N.Y. Sept. 14, 2018) .....................................3

*Dastar Corp. v. Twentieth Century Fox Film Corp.*,
539 U.S. 23 (2003)......................................................................................................................2, 6

*DJ Direct, Inc. v. Margaliot*,
512 F. Supp. 3d 396 (E.D.N.Y. 2021) ...........................................................................................2

*Guggenheim Cap., LLC v. Toumei*,
No. 10 CIV. 8830 (PGG), 2011 WL 13557027 (S.D.N.Y. Apr. 22, 2011) ...................................3

*Illescas v. Morley*,
No. 21-CV-8473 (NSR), 2023 WL 5956284 (S.D.N.Y. Sept. 13, 2023) ......................................1

*Int'l Code Council, Inc. v. UpCodes Inc.*,
43 F.4th 46 (2d Cir. 2022) ....................................................................................................7, 8, 9

*Jacob v. Duane Reade, Inc.*,
293 F.R.D. 578 (S.D.N.Y. 2013), *aff'd*, 602 F. App'x 3 (2d Cir. 2015) .......................................1

*Kaplan, Inc. v. Yun*,
16 F. Supp. 3d 341 (S.D.N.Y. 2014)...............................................................................................3

*Palin v. New York Times Co.*,
940 F.3d 804 (2d Cir. 2019).............................................................................................................1

*Societe Des Hotels Meridien v. LaSalle Hotel Operating Partnership, L.P.*,
380 F.3d 126 (2d Cir. 2004)...................................................................................................3, 4, 5

*Softel, Inc. v. Dragon Med. & Sci. Communications*,
118 F.3d 955 (2d Cir.1997).............................................................................................................4

*Souza v. Exotic Island Enterprises, Inc.*,
68 F.3d 99 (2d Cir. 2023)............................................................................................................2

*Time Warner Cable, Inc. v. DIRECTV, Inc.*,
497 F.3d 144 (2d Cir. 2007) ...................................................................................................2, 7

*Warren v. John Wiley & Sons, Inc.*,
952 F. Supp. 2d 610 (S.D.N.Y. 2013)........................................................................................1

**Statutes**

15 U.S.C. § 1125........................................................................................................................3

**Other Authorities**

Fed. R. Civ. P. 8.........................................................................................................................1

Fed. R. Civ. P. 26.......................................................................................................................2

Plaintiffs respectfully submit this memorandum of law in support of their motion for reconsideration of the Court's July 19, 2024 Opinion and Order ("Opinion") (Dkt. 45) requesting reconsideration of the dismissal of Counts I, II and IV of their First Amended Complaint ("FAC") under Rule 6.3 of the Local Rules for the United States District Courts for the Southern and Eastern Districts of New York.[1]

## I.   ARGUMENT

To prevail on a motion for reconsideration, which lies in the district court's discretion, the movant must demonstrate one of the following:  (i) an intervening change in controlling law, (ii) the availability of new evidence, or (iii) the need to correct clear error or prevent manifest injustice.  *Jacob v. Duane Reade, Inc.*, 293 F.R.D. 578, 580-81 (S.D.N.Y. 2013), *aff'd*, 602 F. App'x 3 (2d Cir. 2015).  If "the moving party can point to matters which might reasonably be expected to alter the conclusion reached by the court," reconsideration is appropriate.  *Illescas v. Morley*, No. 21-CV-8473 (NSR), 2023 WL 5956284, at *2 (S.D.N.Y. Sept. 13, 2023) (internal citation omitted).

Plaintiffs respectfully submit that the Court should reconsider its dismissal of Counts I, II and IV of the FAC to correct clear error and prevent manifest injustice.  As an initial matter, the Opinion erroneously applies a more rigorous pleading standard than appropriate under Fed. R. Civ. P. 8.  *See Palin v. New York Times Co.*, 940 F.3d 804, 810 (2d Cir. 2019) (internal citations omitted) ("[I]n order to satisfy Federal Rule of Civil Procedure 8, a complaint must contain enough facts to state a claim to relief that is plausible on its face . . . . The plausibility standard is not akin to a probability requirement."); *Warren v. John Wiley & Sons, Inc.*, 952 F. Supp. 2d 610, 618 (S.D.N.Y. 2013) (internal citation omitted) ("Notice pleading, not fact pleading, is all

---

[1] Unless otherwise defined herein, defined terms have the same meaning set forth in Plaintiffs' Memorandum of Law in Opposition to Defendant's Motion to Dismiss the FAC.  (Dkt. 27.)

that is required to survive a motion to dismiss under Rule 12(b)(6).").  For example, in

dismissing Counts I, II and IV, the Opinion states that Plaintiffs failed to "demonstrate" (*i.e.*,

prove) certain allegations and cites a variety of summary judgment and preliminary injunction

decisions in support of the partial dismissal.[2]  This litigation, however, is only at the motion to

dismiss stage.  Plaintiffs do not need to produce evidence to defeat Defendant's motion to

dismiss.  Instead, Plaintiffs need only make plausible allegations regarding Defendant's acts and

the likelihood of consumer confusion – which they did – and the Court must accept those

allegations as true and construe them in the light most favorable to Plaintiffs.  *Ashcroft v. Iqbal*,

556 U.S. 662, 678 (2009).  As such, Counts I, II and IV should not be dismissed and Plaintiffs

should be allowed to take discovery to ascertain facts necessary to prove those claims.  *See*

*generally* Fed. R. Civ. P. 26.  Moreover, the Opinion overlooks certain key factual allegations set

forth in the FAC, thereby misconstruing Counts I, II and IV, and erroneously applies the wrong

legal elements when evaluating Counts I and II.

### a.  Plaintiffs' Unfair Competition/Reverse Passing Off and False Advertising Claims Should Not have been Dismissed

Counts I (unfair competition/reverse passing off) and Count II (false advertising) were

sufficiently pled and are necessary to prevent Defendant from causing further confusion in the

marketplace.  Fundamentally, the Lanham Act seeks to prevent consumer confusion.  Claims

brought under Section 43(a) of the Lanham Act, broadly categorized as unfair competition

claims, seek to prevent deceptive conduct and/or advertising resulting in consumer confusion.

---

[2] *See*, *e.g.*, *Dastar Corp. v. Twentieth Century Fox Film Corp.*, 539 U.S. 23 (2003) (in analyzing Count I, the Opinion cites this decision on appeal from a summary judgment ruling on the merits); *DJ Direct, Inc. v. Margaliot*, 512 F. Supp. 3d 396 (E.D.N.Y. 2021) (in analyzing Count I, the Opinion cites this preliminary injunction decision on the merits); *Souza v. Exotic Island Enterprises, Inc.*, 68 F.3d 99 (2d Cir. 2023) (in analyzing Count II, the Opinion cites this decision on appeal from a summary judgment ruling on the merits); *Time Warner Cable, Inc. v. DIRECTV, Inc.*, 497 F.3d 144, 153 (2d Cir. 2007) (in analyzing Count II, the Opinion cites this decision on appeal from a preliminary injunction ruling on the merits); *Can't Live Without It, LLC v. ETS Express, Inc.*, 287 F. Supp. 3d 400 (S.D.N.Y. 2018) (in analyzing Count IV, the Opinion cites this summary judgement decision on the merits).

15 U.S.C. § 1125; *see also generally* McCarthy on Trademarks and Unfair Competition § 27:25 (5th ed.) ("The goal of § 43(a) is to protect consumers from deception.").

Section 43(a) claims include, *inter alia*, claims for trademark infringement, false advertising, false designation of origin and reverse passing off. *Id.* Such claims may and often do contain overlapping objectives and elements. *See*, *e.g.*, *Kaplan, Inc. v. Yun*, 16 F. Supp. 3d 341, 350 (S.D.N.Y. 2014) (refusing to dismiss trademark infringement and false advertising claims both brough under Section 43(a)). Simultaneously, different claims brought under Section 43(a) can stand independent from one another. *See*, *e.g.*, *Societe Des Hotels Meridien v. LaSalle Hotel Operating Partnership, L.P.*, 380 F.3d 126, 131 (2d Cir. 2004) (holding that a reverse passing off claim can stand independent of a trademark infringement claim). For example, if – like here – a defendant uses a plaintiff's trademark in a manner that misleads the public into thinking plaintiff authorizes or approves the defendant's use of the trademark, or defendant confuses the public into believing that plaintiff's activities and defendant's activities are associated with one another, a plaintiff may assert both trademark infringement and false advertising claims.[3] At the same time, a plaintiff can assert an unfair competition and reverse passing off claim based on a defendant's false statements regardless of whether the defendant makes unauthorized use of plaintiff's trademark. *See Societe*, 380 F.3d 126. The well-pled allegations in the FAC detail how Defendant created confusion not only though his unauthorized use of Plaintiffs' trademarks, but also as a result of the false and misleading statements that he

---

[3] *See*, *e.g.*, *Chanel, Inc. v. WGACA, LLC*, No. 18 CIV. 2253 (LLS), 2018 WL 4440507, at *2-3 (S.D.N.Y. Sept. 14, 2018) (plaintiff adequately pled claims for trademark infringement and false advertising where plaintiff alleged that use of the mark "create[d] the impression that [defendant] is affiliated with [plaintiff], and where the use "may create a likelihood of confusion about [plaintiff]'s sponsorship or affiliation" and denying motion to dismiss same); *Guggenheim Cap., LLC v. Toumei*, No. 10 CIV. 8830 (PGG), 2011 WL 13557027, at *4 (S.D.N.Y. Apr. 22, 2011) (denying motion to dismiss trademark infringement and false advertising claims where plaintiff pled confusion among the public about whether use of the mark was authorized and whether plaintiffs and defendants were associated).

3

made **apart from the misuse of Plaintiffs' trademarks**, *e.g.*, claiming to have purchased the Beeple NFT and passing off Plaintiffs' services as his own.

### i.  Count I:  Unfair Competition/Reverse Passing Off

### 1.  Plaintiffs Sufficiently Pled Unfair Competition/Reverse Passing Off

Foremost, reverse passing off, which is a subset of unfair competition, occurs when a defendant falsely takes credit for another's goods, services, or commercial activities.  *Societe*, 380 F.3d at 131 (reversing the district court's grant of a 12(b)(6) motion on plaintiff's reverse passing off claim and holding that (i) passing off of services was actionable and (ii) the issue of consumer confusion was a question of fact not properly treated at the pleadings stage.).[4]  In *Societe*, the plaintiff sued under the Lanham Act because the defendant falsely claimed that plaintiff's hotels were part of defendant's hotel chain.  380 F.3d at 128-29.  The district court dismissed the reverse passing off claim, but the Second Circuit reversed and held that by "creating a false affiliation . . . and benefitting from the goodwill associated" with the plaintiff, defendant could be liable for reverse passing off.  *Id*. at 130.  Here, similarly, Plaintiffs have plausibly alleged: (i) the services at issue originated from Plaintiffs (*see*, *e.g.*, FAC ¶¶ 71, 80), (ii) the origin of the services were falsely designated by Defendant (*see*, *e.g.*, *id*.), (iii) the false designation of origin is likely to cause consumer confusion (*see*, *e.g.*, *id*. ¶¶ 90, 93, 96) and (iv) they have been harmed by Defendant's false designation of origin.  (*See*, *e.g.*, *id*. ¶¶ 97-99, 103-104.)

Indeed, one of Plaintiffs' key services involves the acquisition and management of digital art, which includes Plaintiffs' historic purchase of the Beeple NFT.  (*Id*. ¶ 20; *see also id*. ¶¶ 23-

---

[4] A reverse passing off claim requires allegations that: (i) the goods/services at issue originated with the plaintiff; (ii) the origin of the goods/services was falsely designated by the defendant; (iii) the false designation of origin was likely to cause consumer confusion; and (iv) the plaintiff was harmed by the defendant's false designation of origin. *Softel, Inc. v. Dragon Med. & Sci. Communications*, 118 F.3d 955, 970 (2d Cir.1997) (internal quotes omitted).

36.)[5] Plaintiffs' unfair competition and reverse passing off claim should stand as Defendant repeatedly claimed Plaintiffs' services, including Plaintiffs' historic purchase of the Beeple NFT, as those of his own when they were not. (*See* FAC ¶¶ 2, 11, 71-84.) Without limitation, Plaintiffs' FAC includes the following allegations:

- "Defendant has repeatedly issued public statements falsely claiming … to have been, inter alia, (i) responsible for the purchase and management of Plaintiffs' collection of NFTs and other digital assets, which were purchased and managed by Plaintiffs . . . and (ii) directly involved in Plaintiff's historic purchase of the [Beeple NFT]." (*Id*. ¶ 2.)
- Defendant has claimed "to have been directly responsible for the purchase of the Beeple NFT and Portkey's business operations and successes." (*Id*. ¶ 11.)
- "Despite knowing that Sundaresan purchased the Beeple NFT entirely on his own . . . Defendant began making public statements, explicitly and implicitly, proclaiming himself to be the owner of the Beeple NFT, a co-owner of the Beeple NFT, and/or partially responsible for the purchase of the Beeple NFT." (*Id*. ¶ 71.)

The FAC sets forth how Defendant falsely took credit for Plaintiffs' services and thereby created confusion among the public. (*See*, *e.g.*, *id.* ¶¶ 1, 75, 87, 97, 100.) These allegations, which stand separately from Plaintiffs' trademark infringement claims, undoubtedly set forth a plausible claim for unfair competition/reverse passing off. *See Societe*, 380 F.3d at 131.

Additionally, the Opinion erroneously characterizes Plaintiffs' unfair competition and reverse passing off claim. Plaintiffs' claim directly relates to Defendant's efforts to pass off Plaintiffs' services and business successes as those of his own (in order to falsely build his reputation and pursue competing business opportunities at Plaintiffs' expense). (*See, e.g.*, FAC ¶¶ 71-80; *see also id*. ¶¶ 100-105). The Opinion, however, mischaracterizes Plaintiffs' claim as arising from Defendant's misrepresentations about "**the creation and management**" and "**the creation and promotion"** of Plaintiffs' trademarks. Opinion at 20-21. In doing so, the Opinion

---

[5] As noted in the Opinion, digital art acquisition and management qualify as "services" within the meaning of the Lanham Act. Opinion at 17.

cites *Dastar Corp. v. Twentieth Century Fox Film Corp.* where the Supreme Court held that the false designation of origin language in § 43(a) of the Lanham Act is not implicated if one falsely claims to be the **creator of copyrightable work**, and that "[t]o hold otherwise would be akin to finding that § 43(a) created a species of perpetual patent and copyright, which Congress may not do." 539 U.S. at 37.  Plaintiffs, however, have not alleged that Defendant falsely claims to be the **creator** of a **copyrightable work** or **patentable invention**.  Thus, reliance on *Dastar* to dismiss Plaintiffs' claim is clear error.

**1.  Defendant Did Not Move to Dismiss Reverse Passing Off**

Defendant submitted a 25-page brief in support of its motion to dismiss, but it failed to challenge Plaintiffs' unfair competition/reverse passing off claim.  *See generally* MTD.  Only after Plaintiffs noted this in their Opposition did Defendant briefly address the claim in a footnote in his Reply.  Reply at 2 n.4 (Dkt. 28).  Summarily, the footnote states, "any claims under § 1125(a) – no matter how litigation styles it – requires "use[] in commerce.'" *Id*. (quoting 15 U.S.C. § 1125(a)(1)).  To the extent Defendant's footnote can be interpreted as moving to dismiss Plaintiffs' reverse passing off claim for failing to plead use in commerce, the Court disagrees.  Indeed, the Opinion holds that Plaintiffs' allegations regarding Defendant's "public communications," which "highlighted his own business ventures and promoted his role in a competitive industry," satisfy Section 43(a)'s "use in commerce" requirement.  *See* Opinion at 17-19.  Thus, it was clear error to dismiss Plaintiffs' unfair competition/reverse passing off claim for this additional reason.

**ii. Count II:  False Advertising**

Plaintiffs also respectfully request that the Court also reconsider its dismissal of Plaintiffs' Section 43(a) false advertising claim.  Again, the Opinion contains clear error because it applies a more rigorous standard than required at the dismissal stage.  *See supra* Section I.a.

6

Furthermore, it erroneously states that literal falsity is an element of a false advertising claim, that such claim can only stand if it involves a comparative advertisement and Plaintiffs failed to plead an economic and reputational injury.  Opinion at 22.

In discussing the plausibility of Plaintiffs' false advertising allegations, the Opinion cites *Time Warner Cable, Inc. v. DIRECTV*.  As the Opinion notes, the Second Circuit reviewed the district court's issuance of a preliminary injunction in *Time Warner* – not a motion to dismiss. *Id.* at 153; Opinion at 22.  Yet, the Opinion cites *Time Warner* for the proposition that "the likelihood of injury and causation will not be presumed, *but must be demonstrated in some manner.*"  Opinion at 22 (emphasis added).  Yet, proof of injury is not required at the pleading stage.  *See Iqbal*, 556 U.S. at 678; *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Moreover, this specific *Time Warner* quote comes from the Second Circuit's discussion of irreparable harm, which lacks relevance here.  497 F.3d at 161.

False advertising claims under Section 43(a) require a plaintiff to:

> [F]irst plausibly allege the falsity of the challenged statement.  In addition to falsity, the plaintiff must also plausibly allege materiality, i.e., that the false or misleading representation involved an inherent or material quality of the product.  Finally, the plaintiff must plausibly assert that the defendant placed the false or misleading statement in interstate commerce, and that the plaintiff has been injured as a result of the misrepresentation, either by direct diversion of sales or by a lessening of goodwill associated with its products."

*Int'l Code Council, Inc. v. UpCodes Inc.*, 43 F.4th 46, 57 (2d Cir. 2022) (internal quotation marks and citation omitted).  Plaintiffs' FAC plausibly pled each of these elements, which are listed below by way of example only:

- Proclaiming to be the owner of the Beeple NFT, a co-owner of the Beeple NFT, and/or responsible for the purchase of the Beeple NFT.  (FAC ¶¶ 71-72) (falsity.)
- Misrepresenting his role in Portkey through various public interviews and/or publishing untrue information on his public Twitter account, LinkedIn account

and blog, thereby claiming Portkey's overall business success as his own. (*Id.* ¶ 74.) (falsity.)

- Claiming credit for purchases of NFTs in which he was not involved. (*Id.*) (falsity.)
- Claiming to have been the steward of METAPURSE. (*Id.* ¶¶ 72, 74, 80, 81.) (falsity.)
- Placing false and misleading statement in commerce through, *inter alia*, YouTube videos and LinkedIn posts posted and accessible online. (*Id.* ¶¶ 73, 80.) (use in commerce.)
- "Negatively impact[ing] Plaintiffs by diminishing Plaintiffs' business achievements." (*Id.* ¶ 73.) (materiality.)
- "Through his above-referenced false and misleading statements, Defendant has sought to promote his own businesses, including, without limitation eDAO and Layer-E, which operate in the same space as Portkey and have focused on selling NFTs to the public and providing a residency for Web3 artists, respectively." (*Id.* ¶ 75.) (materiality.)
- "Defendant's explicit and implicit falsehoods and misstatements have harmed Plaintiffs' reputations…" (*Id.* ¶ 87.) (injury.)
- "As a proximate result of Defendant's actions, Plaintiffs have suffered and will continue to suffer significant damage and harm to their business, goodwill, reputation, and profits." (*Id.* ¶ 97.) (injury.)
- "Defendant's false statements are material in that they are likely to cause confusion and likely to influence purchasing and investment decisions by members of the public." (*Id.* ¶ 112.) (materiality, injury.)
- "Upon information and belief, Defendant has obtained gains, profits, and business advantages as a result of his wrongful acts in an amount to be determined." (*Id.* ¶ 114.) (injury.)

Furthermore, while Plaintiffs maintain that the FAC does sufficiently set forth that Defendant made literally false statements (*see, e.g.*, FAC ¶¶ 71), literal falsity is not required to prevail on a false advertising claim. "A plaintiff can demonstrate falsity either by showing: (1) literal falsity, i.e., that the challenged advertisement is . . . false on its face, or (2) implied falsity, i.e., that the advertisement, while not literally false, is nevertheless likely to mislead or confuse consumers.'" *Int'l Code Council, Inc.*, 43 F.4th at 57 (internal citation omitted).

The Opinion also inaccurately suggests that a properly pled false advertising claim must contain allegations that defendant made a "comparative advertisement" and "'derogatory' or 'disparage[ing]' statements about Portkey that would make a consumer hesitate before doing

8

business with Portkey."  Opinion at 22-24; *see generally Int'l. Code Council*, 43 F.4th 46 at 57

(setting forth pleading standard).

Additionally, the Opinion erroneously concludes that Plaintiffs did not plead "an actual

diversion in sales" or "reputational damage to Portkey" as a result of Defendant's false

statements.  Opinion at 23.  As indicated above, however, Plaintiffs did "plausibly assert" each

of the required elements of a false advertising claim, including that they have been injured by

Defendant's misrepresentations  *Int'l. Code Council*, 43 F.4th at 56 (injury "either by direct

diversion of sales or by a lessening of goodwill associated with its products" is actionable).

(Emphasis added.)  (*See*, *e.g.*, FAC ¶ 95.)

The Opinion also states that Plaintiffs failed to allege that Defendant's false and

misleading statements caused them economic and reputational injury.  Opinion at 23.  The FAC,

however, clearly sets forth how Plaintiffs have suffered damage and harm to their reputation as

well as business, goodwill and profits because of Defendant's behavior.  *See supra*.

### a.  Plaintiffs Sufficiently Pled its Deceptive Acts and Practices Claim

Plaintiffs respectfully request that the Court also reconsider its dismissal of Plaintiffs'

N.Y. Gen. Bus. Law § 349 claim.  The Opinion states that this claim should be dismissed

because Plaintiffs failed to allege injury to their reputation or consumers beyond ordinary

consumer confusion required to establish trademark claims.  Opinion at 25.  As aforementioned,

Plaintiffs unfair competition/reverse passing off and false advertising claims stand independent

of Plaintiffs' trademark claims.  They also were sufficiently pled and, consequently, Plaintiffs

can prevail on them regardless of whether Defendants' false statements referenced Plaintiffs'

trademarks.  Furthermore, there is a genuine dispute as to whether Defendant's services are

inferior to Plaintiffs' services, which is properly the subject of discovery.  Thus, this claim

should not be dismissed.

## II.   CONCLUSION

For the foregoing reasons, Plaintiffs respectfully submit that their motion for

reconsideration should be granted.

Dated:  August 9, 2024                         Respectfully submitted,
      New York, New York

By:

    _/s/ Robert M. Wasnofski, Jr._
    Robert M. Wasnofski, Jr.
    Daniel A. Schnapp
    Mary Kate Brennan
    Samuel J. Weiner
    DENTONS US LLP
    1221 Avenue of the Americas
    New York, NY 10020-1089
    Phone:  (212) 768-6748
    Fax:  (212) 768 6800
    robert.wasnofski@dentons.com
    daniel.schnapp@dentons.com
    marykate.brennan@dentons.com
    samuel.weiner@dentons.com

    *Attorneys for Plaintiffs Portkey*
    *Technologies Pte Ltd. and Vignesh*
    *Sundaresan*