UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PORTKEY TECHNOLOGIES PTE LTD. and
VIGNESH SUNDARESAN,

        Plaintiffs,

v.

ANAND VENKATESWARAN,

        Defendant.

Case No. 1:23-cv-5074-JPO

**DEFENDANT'S OPPOSITION TO**
**PLAINTIFFS' MOTION FOR RECONSIDERATION OF THE**
**DISMISSAL OF COUNTS I, II AND IV OF THE FIRST AMENDED COMPLAINT**

**TABLE OF CONTENTS**

I.     INTRODUCTION ............................................................................................................... 1

II.    LEGAL STANDARD......................................................................................................... 2

III.   ARGUMENT...................................................................................................................... 3

    a.  COUNT I: UNFAIR COMPETITION/REVERSE PASSING OFF ................................. 3

    b.  COUNT II: FALSE ADVERTISING.................................................................................. 5

    c.  COUNT IV: DECEPTIVE ACTS AND PRACTICES, N.Y. GEN. BUS. LAW § 349 .... 6

IV.   CONCLUSION................................................................................................................... 7

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Bayne v. Target Corp.*,
No. 1:21-cv-05938-MKV, 2022 U.S. Dist. LEXIS 191126 (S.D.N.Y. Oct. 19,
2022) ...................................................................................................................................2

*Can't Live Without It, LLC v. ETS Express, Inc.*,
287 F. Supp. 3d 400 (S.D.N.Y. 2018).................................................................................6

*Crosley v. Banks*,
No. 1:22-cv-7101-MKV, 2022 WL 17742345 (S.D.N.Y. Dec. 15, 2022) ...............................2

*DJ Direct, Inc. v. Margaliot*,
512 F. Supp. 3d 397 (E.D.N.Y. 2021) .................................................................................4

*Dreni v. PrinterOn Am. Corp.*,
No. 1:18-cv-12017-MKV, 2021 WL 4066635 (S.D.N.Y. Sept. 3, 2021)................................2

*Fioranelli v. CBS Broad. Inc.*,
232 F. Supp. 3d 531 (S.D.N.Y. 2017)..................................................................................4

*Greene v. Warner Music Grp.*,
No. 23-cv-1555-KPF, 2024 WL 3045966 (S.D.N.Y. June 18, 2024) .......................................4

*Harris v. Mills*,
572 F.3d 66 (2d Cir. 2009)..................................................................................................3

*Ideavillage Prod. Corp. v. A1559749699-1*,
No. 1:20-cv-04679-MKV, 2020 WL 5663413 (S.D.N.Y. Sept. 23, 2020)..............................2

*Kaplan, Inc. v. Yun*,
16 F. Supp. 3d 341 (S.D.N.Y. 2014).....................................................................................7

*Koch v. Acker, Merrall & Condit. Co.*,
18 N.Y.3d 940 (2012) ..........................................................................................................6

*Lexmark International, Inc. v. Static Control Components, Inc.*,
572 U.S. 118 (2014)..............................................................................................................5

*Nat'l Lighting Co. v. Bridge Metal Indus., LLC*,
601 F. Supp. 2d 556 (S.D.N.Y. 2009)....................................................................................4

*Societe Des Hotels Meridien v. LaSalle Hotel Operating Partnership, L.P.*,
380 F.3d 126 (2d Cir. 2004)..................................................................................................3

*Time Warner Cable, Inc. v. DIRECTV, Inc.*,
    497 F.3d 144 (2d Cir. 2007)...............................................................................................5

*Vedder Software Grp. Ltd. v. Ins. Servs. Offs., Inc.*,
    No. 1:11-cv-00369-GTS-CFH, 2013 WL 12121098 (N.D.N.Y. Mar. 22, 2013).......................4

**Statutes**

Lanham Act Section 43(a) ...............................................................................................3, 5, 7

N.Y. Gen. Bus. Law § 349................................................................................................6, 7

**I.      INTRODUCTION**

Plaintiffs' motion for reconsideration mischaracterizes the Court's decision (ECF No. 45) and the applicable law.  Plaintiffs' motion is also the latest of their vexatious litigation tactics. Plaintiffs' approach to this litigation needlessly burdens Defendant Anand Venkateswaran ("Mr. Venkateswaran" or "Defendant"), and it strains the judicial process.  By clinging to arguments that have already been thoroughly examined and rejected, Plaintiffs are attempting to prolong this litigation without any legitimate basis, wasting both the Court's and Mr. Venkateswaran's time and resources.

Plaintiffs were invited to amend their complaint before Mr. Venkateswaran filed his motion to dismiss to potentially fix Plaintiffs' deficient claims.  *See* ECF No. 18-1 at 5. Plaintiffs did not do so.  Then, after Mr. Venkateswaran was forced to file his motion to dismiss (ECF No. 16), Plaintiffs amended their complaint.  *See* ECF No. 22 (first amended complaint). But Plaintiffs' changes were minimal, and the complaint still failed to state a viable claim on Counts I, II, and IV.  *See* ECF No. 25-1 (comparison showing changes from Plaintiffs' original and amended complaint).  The Court, accordingly, dismissed these claims.  *See* ECF No. 45.

Plaintiffs' motion for reconsideration is nothing more than a litigant attempting to relitigate issues that already have been conclusively decided.  Rather than addressing any genuine oversight or presenting new evidence that could alter the outcome, Plaintiffs rehash the same arguments that the Court has already considered and addressed.  Such repetitive and unsubstantiated arguments fail to meet the high standard required for reconsideration and they verge on bad faith litigation conduct, designed to needlessly complicate and delay the resolution of this case.

Plaintiffs' pattern of advancing baseless arguments underscores a broader strategy of vexatious litigation, aimed more at harassment than at seeking justice. This behavior should not be rewarded. Plaintiffs have not and cannot show any valid reason for the Court to revisit its decision. The Court should deny Plaintiffs' motion.

## II.    LEGAL STANDARD

"Reconsideration of an opinion of the Court is an 'extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources.'" *Crosley v. Banks*, No. 1:22-cv-7101-MKV, 2022 WL 17742345, at *1 (S.D.N.Y. Dec. 15, 2022) (citing *Schansman v. Sberbank of Russia PJSC*, No. 1:19-c-02985-ALC-GWG, 2022 WL 4813472, at *1 (S.D.N.Y. Sept. 30, 2022)); *see also Dreni v. PrinterOn Am. Corp.*, No. 1:18-cv-12017-MKV, 2021 WL 4066635, at *1 (S.D.N.Y. Sept. 3, 2021). "The standard must be 'narrowly construed and strictly applied so as to avoid repetitive arguments on issues that have been considered fully by the Court.'" *Crosley*, 2022 WL 17742345, at *1 (citing *Girl Scouts of the U.S.A. v. Boy Scouts of Am.*, No. 18-cv-10287, 2020 WL 6323130, at *1 (S.D.N.Y. Oct. 28, 2020) (citation omitted)). "A motion for reconsideration should be granted only when the [movant] identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Id.* at *1 (citing *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013) (internal quotation marks omitted)); *see also Bayne v. Target Corp.*, No. 1:21-cv-05938-MKV, 2022 U.S. Dist. LEXIS 191126, at *1 (S.D.N.Y. Oct. 19, 2022). A motion for reconsideration is "not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." *Ideavillage Prod. Corp. v. A1559749699-1*, No. 1:20-cv-04679-MKV, 2020 WL 5663413, at *1 (S.D.N.Y. Sept. 23, 2020)

(citing *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012)).

### III.    ARGUMENT

#### a.  COUNT I: UNFAIR COMPETITION/REVERSE PASSING OFF

The Court correctly determined that Plaintiffs did not properly plead reverse passing under Section 43(a) of the Lanham Act.  To succeed on a reverse passing off claim, a plaintiff must establish that: (1) the product originated with the plaintiff; (2) the defendant falsely designated the origin of the product; (3) this false designation was likely to cause consumer confusion; and (4) the plaintiff was harmed as a result.  *Société Des Hotels Meridien v. LaSalle Hotel Operating Partnership, L.P.*, 380 F.3d 126, 131 (2d Cir. 2004).  While Plaintiffs' allegations for this claim were "sparse" and unclear, the Court nonetheless made every effort to interpret Plaintiffs' allegations generously, "accept[ing] as true all of the allegations contained in a complaint" as required under the motion to dismiss standard.  *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009); ECF No. 45 at 20-22.  Despite this, Plaintiffs failed to state a claim.

In support of this claim, Plaintiffs alleged that Mr. Venkateswaran falsely represented his involvement in the creation and management of the TWOBADOUR and METAPURSE trademarks, thereby "passing off" the associated goods and services as his own.  *See* ECF No. 1 ¶¶ 99-105.  However, as the Court correctly noted, this theory did not align with the Supreme Court's precedent in *Dastar Corp. v. Twentieth Century Fox Film Corp.*, which held that the Lanham Act does not require attribution of uncopyrighted materials and does not protect ideas, concepts, or communications embodied in goods or services.  539 U.S. 23, 35 (2003).  Plaintiffs' assertion that *Dastar* does not apply because "they have not alleged that Defendant falsely claimed to be the creator of a copyrightable work or patentable invention" misses the point.  ECF No. 54 at 5-6.  The Lanham Act simply does not extend to what Plaintiffs are trying to protect.

Furthermore, the Court emphasized that the Plaintiffs' claim failed because the key concern of a reverse passing off claim is consumer confusion regarding the source of the goods or services, not who takes credit for success. *DJ Direct, Inc. v. Margaliot*, 512 F. Supp. 3d 397, 415 (E.D.N.Y. 2021). But the identity of the person who claims credit is irrelevant to consumer confusion, which is central to a reverse passing off claim. *Id.* Moreover, Plaintiffs made this same argument in their opposition to the motion to dismiss, and the Court already considered and rejected it. ECF No. 27 at 6. Plaintiffs' recycled argument should fail again.

Plaintiffs also complain (ECF No. 54 at 1-2) that the Court relied on decisions that addressed reverse passing off under different procedural postures. The Court was well within its discretion to (correctly) draw from decisions decided at various stages of cases to illustrate the required elements of a reverse passing off claim, which Plaintiffs failed to plead. The procedural posture of a decision is not relevant to the substantive legal elements of the claim. It is also well-established that a reverse passing off claim can be disposed of on a motion to dismiss where, as here, a plaintiff fails to plead the required elements of the claim. *See, e.g.*, *Greene v. Warner Music Grp.*, No. 23-cv-1555-KPF, 2024 WL 3045966, at *13 (S.D.N.Y. June 18, 2024) (dismissing reverse passing off claims at the motion to dismiss stage); *Fioranelli v. CBS Broad. Inc.*, 232 F. Supp. 3d 531, 541 (S.D.N.Y. 2017) (same); *Vedder Software Grp. Ltd. v. Ins. Servs. Offs., Inc.*, No. 1:11-cv-00369-GTS-CFH, 2013 WL 12121098, at *10 (N.D.N.Y. Mar. 22, 2013) (same); *Nat'l Lighting Co. v. Bridge Metal Indus., LLC*, 601 F. Supp. 2d 556, 564 (S.D.N.Y. 2009) (same).

Plaintiffs also claim that Mr. Venkateswaran "failed to challenge Plaintiffs' unfair competition/reverse passing off claim." ECF No. 54 at 6. Mr. Venkateswaran already addressed that same (incorrect) argument when Plaintiffs made it in opposing Mr. Venkateswaran's motion

4

to dismiss. *See* ECF No. 17 at 15-22 (addressing "Counts I , II, VI"); ECF No. 28 at 2 n.4 (addressing all claims brought under § 1125(a)).

In short, the Court was correct in dismissing the Plaintiffs' reverse passing off claim and should reject Plaintiffs' attempt to relitigate the issue.

### b. COUNT II: FALSE ADVERTISING

The Court's dismissal of Plaintiffs' Section 43(a) false advertising claim under the Lanham Act was appropriate because Plaintiffs failed to satisfy the necessary elements required to support such a claim. A plaintiff is required to demonstrate an economic or reputational injury that flows directly from the deceptive conduct of the defendant's advertising. *Lexmark International, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 133 (2014). This injury must be directly tied to consumer deception that results in the withholding of trade from the plaintiff. *Id.* at 137.

In this case, the Court correctly noted that the likelihood of injury and causation cannot be presumed unless the plaintiff presents a comparative advertisement that is literally false and specifically mentions the plaintiff's product. *Time Warner Cable, Inc. v. DIRECTV, Inc.*, 497 F.3d 144, 162 (2d Cir. 2007). Plaintiffs failed to present any such advertisement, "merely recit[ing] the blackletter prerequisite for injury under the Lanham Act." ECF 45 at 23. Plaintiffs failed to provide factual allegations to ground actual injury and causation. *See* ECF No. 1 ¶¶ 11, 62-64, 67, 93-94. Even crediting all Plaintiffs' allegations, the Court correctly noted that Plaintiffs did not even allege that the statements caused reputational harm to Portkey. ECF No. 45 at 23-24.

Plaintiffs argued that the Court improperly imposed a requirement to present an advertisement. ECF No. 54 at 7. But that is wrong. The Court did not impose a requirement to

present a comparative advertisement.  Rather, the Court explained that Plaintiffs had two options to state a claim for false advertising: either to identify a literally false comparative advertisement or to plead sufficient facts to show injury and causation.  ECF No. 45 at 22-23.  Plaintiffs failed to meet either of those requirements.  *Id.* at 22-24.

### c.  COUNT IV: DECEPTIVE ACTS AND PRACTICES, N.Y. GEN. BUS. LAW § 349

The Court properly dismissed Plaintiffs' claim under New York General Business Law § 349.  To state a claim under § 349, a plaintiff must plead factual bases to establish three elements: (1) that the defendant engaged in consumer-oriented conduct, (2) that this conduct was materially misleading, and (3) that the plaintiff suffered an injury as a result of the defendant's deceptive acts.  *Koch v. Acker, Merrall & Condit. Co.*, 18 N.Y.3d 940, 941 (2012) (quoting *City of New York v. Smokes-Spirits.Com, Inc.*, 12 N.Y.3d 616, 621 (2009)).

Plaintiffs failed to plead a factual basis for these required elements.  The Court noted that while Plaintiffs attempted to frame their claim under § 349, their allegations did not extend beyond the typical concerns associated with trademark disputes, such as consumer confusion and unfair competition.  ECF No. 54 at 25.  The Court emphasized that to state a claim under § 349, a plaintiff must plead facts sufficient to show deceptive conduct that threatens the public interest beyond the scope of ordinary trademark infringement or dilution.  *Id.* at 23 n.3.  This is a critical distinction, because § 349 is designed to protect consumers from deceptive business practices that pose a significant risk of harm to the public interest, rather than merely to resolve private disputes over trademark rights.  *Can't Live Without It, LLC v. ETS Express, Inc.*, 287 F. Supp. 3d 400, 412 (S.D.N.Y. 2018) (quoting *Nomination Di Antonio E Paolo Gensini S.N.C. v. H.E.R. Accessories Ltd.*, No. 07-cv-6959 -DAB, 2009 WL 4857605, at *8 (S.D.N.Y. Dec. 14, 2009)).

6

Plaintiffs did not allege any specific harm to consumers that could ground a claim under § 349.  Instead, their allegations were confined to the realm of trademark confusion, which is insufficient to state a § 349 claim.  *Kaplan, Inc. v. Yun,* 16 F. Supp. 3d 341, 352 (S.D.N.Y. 2014).  The Court observed that these allegations were essentially a restatement of Plaintiffs' trademark infringement claims under the Lanham Act, which do not fall within the scope of § 349.  ECF No. 1 ¶ 106.  Trademark disputes do not constitute the type of deceptive conduct that § 349 was designed to address.  *Kaplan*, F. Supp. 3d at 352-53.  New York courts have routinely dismissed trademark claims brought under § 349 because such claims do not pose a significant risk of harm to the public health or interest.  *Id.*

Plaintiffs also argued that the Court required them to demonstrate harm to consumers beyond trademark confusion.  ECF No. 54 at 9.  However, the Court did not impose such a requirement.  *See* ECF No. 45 at 25.  Instead, it merely required Plaintiffs to plead facts that would show a broader impact on the public interest, which they failed to do.  *Id.*

IV.    **CONCLUSION**

The Court properly dismissed Counts I, II, and IV of Plaintiffs' amended complaint.  The Court's detailed opinion was consistent with established legal principles.  For claims under Counts I and II, Plaintiffs failed to meet the essential elements required to support their claims of reverse passing off and false advertising.  The Court correctly applied precedent, emphasizing that consumer confusion, not attribution of credit, is the key concern under the Lanham Act, and Plaintiffs did not sufficiently allege injury or causation.  Similarly, the Court properly dismissed Plaintiffs' claim under New York General Business Law § 349, as Plaintiffs did not demonstrate consumer-oriented conduct or public harm beyond the scope of an ordinary trademark dispute.

7

Plaintiffs were given ample opportunity to amend their claims, but even after doing so, they failed to state viable claims.

Dated:  August 30, 2024

Respectfully submitted,

*/s/ Robert D. Carroll*
Robert D. Carroll
Goodwin Procter LLP
100 Northern Avenue
Boston, MA 02210
Tel: (617) 570-1000
Fax: (617) 523-1231
RCarroll@goodwinlaw.com

Timothy Keegan
The New York Times Building
620 Eighth Avenue
New York, New York 10018
Tel: (212) 813-8800
Fax: (212) 355-3333
TKeegan@goodwinlaw.com

*Attorneys for Defendant Anand Venkateswaran*

**CERTIFICATE OF SERVICE**

I hereby certify that on August 30, 2024 I caused the foregoing document to be served on all counsel of record via the CM/ECF system in the United States District Court for the Southern District of New York on all parties registered for CM/ECF in the above-captioned matter.

/s/ Robert D. Carroll
Robert D. Carroll
Goodwin Procter LLP
100 Northern Avenue
Boston, MA 02210
Tel: (617) 570-1000
Fax: (617) 523-1231
RCarroll@goodwinlaw.com

9