UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

PORTKEY TECHNOLOGIES PTE LTD. and VIGNESH SUNDARESAN,

    Plaintiffs,

- against -

ANAND VENKATESWARAN,

    Defendant.

Civil Case No. 23-cv-5074-JPO

---

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF THEIR
MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**

## TABLE OF CONTENTS

I.   PRELIMINARY STATEMENT ................................................................................................ 1

II.  ARGUMENT.............................................................................................................................. 2

    1.  Plaintiffs' Request to File the Proposed SAC is not Made in Bad Faith ............................. 3

    2.  Plaintiffs' Proposed Amendments are Not Futile ................................................................ 3

    3.  The Proposed SAC Does Not Unduly Prejudice Defendant................................................ 4

    4.  Plaintiffs Did Not Unduly Delay in Seeking Leave to Amend............................................ 5

III.  CONCLUSION ........................................................................................................................ 5

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*AEP Energy Servs. Gas Holding Co. v. Bank of Am., N.A.*,
   626 F.3d 699 (2d Cir. 2010) ............................................................................................3

*Agerbrink v. Model Serv. LLC*,
   155 F. Supp. 3d 448 (S.D.N.Y. 2016)..............................................................................3

*Block v. First Blood Assocs.*,
   988 F.2d 344 (2d Cir. 1993)..............................................................................................2

*Burberry Ltd. v. Euro Moda, Inc.*,
   No. 08 CIV. 5781 (CM), 2009 WL 1675080 (S.D.N.Y. June 10, 2009)...................4

*Foman v. Davis*,
   371 U.S. 178, 182 (1962) ...................................................................................................2

*Gurary v. Winehouse*,
   235 F.3d 792 (2d Cir. 2000)..............................................................................................2

*Kassner v. 2nd Ave. Delicatessen Inc.*,
   496 F.3d 229 (2d Cir. 2007)..............................................................................................4

*Kelly v. Commun. Workers of Am., AFL-CIO*,
   697 F. Supp. 3d 193 (S.D.N.Y. 2023)..............................................................................3

*Milanese v. Rust-Oleum Corp.*,
   244 F.3d 104 (2d Cir. 2001)..............................................................................................2

*Richardson Greenshields Sec., Inc. v. Lau*,
   825 F.2d 647 (2d Cir. 1987)..............................................................................................5

*Ruotolo v. City of New York*,
   514 F.3d 184 (2d Cir. 2008)..............................................................................................4

*State Teachers Ret. Bd. v. Fluor Corp.*,
   654 F.2d 843 (2d Cir. 1981)..............................................................................................5

*Tri-Star Pictures, Inc. v. Unger*,
   14 F. Supp. 2d 339 (S.D.N.Y. 1998)................................................................................4

**Statutes**

15 U.S.C. § 1057..........................................................................................................................3

15 U.S.C. § 1114 ................................................................................................................1, 3, 4

15 U.S.C. § 1125 .......................................................................................................................1

**Other Authorities**

Fed. R. Civ. P. 15 ..................................................................................................................1, 2

Pursuant to Fed. R. Civ. P. 15(a), Local Civil Rule 15.1, and the August 5, 2024 Civil Case Management Plan and Scheduling Order ("CMP") (Dkt. 51) which provides until September 4, 2024, for the parties to file a motion to amend the pleadings, Plaintiffs Portkey Technologies Pte Ltd. ("Portkey") and Vignesh Sundaresan ("Sundaresan," collectively, "Plaintiffs") respectfully submit this memorandum of law in support of their Motion for Leave to File Second Amended Complaint.

I.   PRELIMINARY STATEMENT

The First Amended Complaint ("FAC") (Dkt. 22) already includes trademark infringement claims against Defendant Anand Venkateswaran ("Defendant") under 15 U.S.C. § 1125(a) (Count III) and New York State common law (Count VI) related to, *inter alia*, Defendant's use of Portkey's METAPURSE trademark. Subsequently, the United States Patent and Trademark Office ("USPTO") issued a certificate of registration to Portkey for its METAPURSE mark.[1] At the time the FAC was filed, Portkey's trademark application for METAPURSE was pending. Now that the Court has denied Defendant's Motion to Dismiss Plaintiffs' above-referenced trademark infringement claims and certain related claims (Dkt. 45) ("Opinion"), Plaintiffs seek to file a Proposed Second Amended Complaint ("Proposed SAC") to add a claim for infringement of the federally registered trademark METAPURSE under 15 U.S.C. § 1114. Plaintiffs' Proposed SAC also identifies the serial number associated with Portkey's U.S. trademark application for the TWOBADOUR trademark,[2] updates the goods and

---

[1] The U.S. trademark registration for METAPURSE issued on December 26, 2023. A true and correct copy of a printout of the certificate of registration from the USPTO's online database is attached hereto as Exhibit A.
[2] Though the U.S. trademark application for TWOBADOUR is based on a World Intellectual Property Organization ("WIPO") application with a filing date of June 12, 2023, the USPTO only issued the serial number for the U.S. application on August 29, 2024. A true and correct copy of a printout for the application from the USPTO's online database is attached hereto as Exhibit B.

1

services listed in the METAPURSE registration and TWOBADOUR application, and formalizes Plaintiffs' jury demand, which was memorialized in the CMP.

Rule 15 provides for liberal leave to amend, and none of the circumstances that would prevent amendment, namely, futility, bad faith, undue prejudice, or undue delay, are present here. Therefore, Plaintiffs respectfully request that the Court grant them leave to amend.[3]

## II.     ARGUMENT

Under the Federal Rules of Civil Procedure, courts "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). "A district court has broad discretion in determining whether to grant leave to amend...." *Gurary v. Winehouse*, 235 F.3d 792, 801 (2d Cir. 2000). A motion to amend "should not be denied unless there is evidence of undue delay, bad faith, undue prejudice to the non-movant, or futility." *Milanese v. Rust-Oleum Corp.*, 244 F.3d 104, 110 (2d Cir. 2001) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). The non-movant bears the burden of establishing a basis to deny the movant's motion for leave to amend. *See Block v. First Blood Assocs.*, 988 F.2d 344, 350 (2d Cir. 1993).

Here, because it will promote the interests of justice and is in keeping with the liberal amendment policies of the Federal Rules of Civil Procedure, and because and Defendant cannot establish any reason why leave to amend should not be granted, Plaintiffs should be allowed to file the Proposed SAC.

---

[3] In accordance with Local Civil Rule 15.1, a clean copy of Plaintiffs' Proposed SAC is attached hereto as Exhibit C and a redlined version of Plaintiffs' Proposed SAC is attached hereto as Exhibit D. The Court dismissed Counts I, II, and IV ("Dismissed Counts") on July 19, 2024. (Dkt. 45.) Plaintiffs nevertheless include the Dismissed Counts in the Proposed SAC because of Plaintiffs' pending Motion for Reconsideration (Dkt. 53) and to preserve Plaintiffs' rights to seek appellate review, if necessary. *See* Exs. C and D.

*1. Plaintiffs' Request to File the Proposed SAC is not Made in Bad Faith*

Plaintiffs seek to amend the FAC because Portkey's U.S. trademark application for one of the trademarks already asserted by Plaintiffs in the FAC – METAPURSE – has matured to registration since the filing of the FAC.  *See* Ex. A.  Ownership of a U.S. trademark registration provides the registrant with certain benefits, including "prima facie evidence of the validity of the registered mark and of the registration of the mark, of the owner's ownership of the mark, and of the owner's exclusive right to use the registered mark in commerce on or in connection with the goods or services specified in the certificate"  15 U.S.C. § 1057(b).  Significantly, the Lanham Act allows trademark owners to assert specific claims for infringement of registered trademarks under 15 U.S.C. § 1114.  Plaintiffs therefore, in good faith, seek to include this additional claim, which is closely related to Plaintiffs' previously plead common law trademark infringement claims under Section 43(a) of the Lanham Act and New York State common law involving the same mark.  *See Kelly v. Commun. Workers of Am., AFL-CIO*, 697 F. Supp. 3d 193, 196 (S.D.N.Y. 2023) (granting motion for leave to amend, holding that there was no bad faith or undue delay in adding a legal claim based on prior allegations).

Additionally, the serial number associated with Plaintiffs' application to register the TWOBADOUR trademark in the U.S. was issued by the USPTO just a few days ago, on August 29, 2024.  *See* Ex. B.  As such, Defendant cannot make a plausible showing that Plaintiffs are acting in bad faith by seeking to amend their pleading.

*2. Plaintiffs' Proposed Amendments are Not Futile*

"To determine whether a proposed pleading is futile, courts analyze whether it would withstand a motion to dismiss."  *Agerbrink v. Model Serv. LLC*, 155 F. Supp. 3d 448, 456 (S.D.N.Y. 2016) (citing *AEP Energy Servs. Gas Holding Co. v. Bank of Am., N.A.*, 626 F.3d 699,

3

726 (2d Cir. 2010)). Here, not only did Plaintiffs' FAC already include claims related to the METAPURSE trademark, including claims for infringement of the unregistered mark METAPURSE, but Plaintiffs' common law trademark infringement claims already survived a motion to dismiss. Opinion, at 20. Plaintiffs' proposed infringement claim of a registered trademark under 15 U.S.C. § 1114 would likewise survive a motion to dismiss. *See Burberry Ltd. v. Euro Moda, Inc.*, No. 08 CIV. 5781 (CM), 2009 WL 1675080 at *5 (S.D.N.Y. June 10, 2009) (trademark and unfair competition claims arising under New York law share many common elements with Lanham Act claims); *Tri-Star Pictures, Inc. v. Unger*, 14 F. Supp. 2d 339, 363–364 (S.D.N.Y. 1998) (likelihood of confusion is the keystone of both common law and statutory trademark infringement).

  3. *The Proposed SAC Does Not Unduly Prejudice Defendant*

When facing a motion to amend pleadings, courts may consider whether allowing amendment at the current stage of the litigation will prejudice defendant. *Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 244 (2d Cir. 2007). An amendment prejudices the non-moving party if it "would 'require the opponent to expend significant additional resources to conduct discovery and prepare for trial' or 'significantly delay the resolution of the dispute.'" *Ruotolo v. City of New York*, 514 F.3d 184, 192 (2d Cir. 2008) (quoting *Block*, 988 F.2d at 350). Such is not the case here. Discovery only recently began after the Court lifted the discovery stay on July 19, 2024. Moreover, discovery on Plaintiffs' existing trademark infringement claims related to the METAPURSE trademark (Count III for Trademark Infringement under the Lanham Act and Count VI for Common Law Trademark Infringement and Unfair Competition under New York State common law) also will apply to Plaintiffs' proposed new claim under 15 U.S.C. § 1114. Indeed, Defendant will not be required to expend significant additional resources to conduct

4

discovery and prepare for trial beyond what already will be required of Defendant with respect to Plaintiffs' trademark infringement claims under Counts III and VI.

    *4. Plaintiffs Did Not Unduly Delay in Seeking Leave to Amend*

Plaintiffs seek to amend the FAC within the deadline set by the CMP, which was stipulated to by the parties and ordered by the Court. Moreover, the USPTO issued the METAPURSE trademark registration only after the FAC was filed and the parties completed their briefing on Defendant's Motion to Dismiss. (*See* Dkts. 16-21, 25-30.) In view of the Court's recent Opinion allowing Plaintiffs' trademark infringement claims to continue, Plaintiffs' instant motion to add an additional claim for infringement of the registered METAPURSE trademark is timely. Further, "[m]ere delay … absent a showing of bad faith or undue prejudice, does not provide a basis for a district court to deny the right to amend." *State Teachers Ret. Bd. v. Fluor Corp.*, 654 F.2d 843, 856 (2d Cir. 1981); *see also Richardson Greenshields Sec., Inc. v. Lau*, 825 F.2d 647, 653 (2d Cir. 1987) (collecting cases where leave to amend was granted after delays ranging from two to five years).

## III. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court grant them leave to file the Proposed SAC.

Dated: September 4, 2024
      New York, New York

Respectfully submitted,

By:   */s/ Robert M. Wasnofski, Jr.*
     Robert M. Wasnofski, Jr.
     Daniel A. Schnapp
     Mary Kate Brennan
     Samuel J. Weiner
     DENTONS US LLP
     1221 Avenue of the Americas
     New York, NY 10020-1089
     Phone: (212) 768-6748
     Fax: (212) 768 6800
     robert.wasnofski@dentons.com
     daniel.schnapp@dentons.com
     marykate.brennan@dentons.com
     samuel.weiner@dentons.com

*Attorneys for Plaintiffs Portkey Technologies Pte Ltd. and Vignesh Sundaresan*