**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------X
PORTKEY TECHNOLOGIES PTE LTD. and
VIGNESH SUNDARESAN,

               Plaintiffs,

          - against -

ANAND VENKATESWARAN,

             Defendant.

-----------------------------------------------------------------X

: Civil Case No. 23-cv-5074-JPO


**PLAINTIFFS' REPLY IN FURTHER SUPPORT OF THEIR**
**MOTION FOR RECONSIDERATION OF THE DISMISSAL OF**
**COUNTS I, II AND IV OF THE FIRST AMENDED COMPLAINT**

Plaintiffs respectfully submit this Reply in further support of their Motion for Reconsideration of the Court's July 19, 2024 Opinion and Order ("Opinion") (Dkt. 45) requesting reconsideration of the dismissal of Counts I, II and IV of their First Amended Complaint ("Motion for Reconsideration").  (Dkt. 53.)[1]

## I.    INTRODUCTION

As set forth in their underlying memorandum of law, Plaintiffs' Motion for Reconsideration should be granted to remedy clear error and prevent manifest injustice for three reasons.  *First*, the Opinion erroneously applies a heighted pleading standard well beyond Fed. R. Civ. P. 8's notice pleading requirement.  *Second*, the Opinion fails to properly consider all allegations set forth in the First Amended Complaint ("FAC") (Dkt. 22) related to Counts I, II and IV ("Dismissed Counts").  *Third*, the Opinion applies incorrect legal elements related to Counts I and II.

Defendant's Opposition to Plaintiffs' Motion for Reconsideration ("Opposition") (Dkt. 57) fails to address – specifically or substantively – arguments made in Plaintiffs' Motion for Reconsideration.  Instead, Defendant merely rephrases the Court's Opinion without providing supportive legal arguments.  Moreover, Defendant mischaracterizes Plaintiffs' grounds for moving and repeatedly cites the original Complaint rather than the FAC.  *See* Opposition, at 3 (citing Complaint (Dkt. 1)), 5 (same), 7 (same).  The Opposition only cites the FAC once, but fails to address any of the allegations therein.  *Id*. at 1.  Instead, Defendant deceptively cherrypicks a few paragraphs from the original, non-operative Complaint while ignoring Plaintiffs' arguments for reconsideration of the FAC.  As such, Defendant's Opposition should not be given any merit.  Indeed, nothing in Defendant's Opposition changes the fact that the

---

[1] Unless otherwise defined herein, defined terms have the same meaning as set forth in Plaintiffs' Memorandum of Law in support of their Motion for Reconsideration.  (Dkt. 54.)

Dismissed Counts should be reconsidered to remedy clear error and prevent manifest injustice. Therefore, Plaintiffs' Motion for Reconsideration should be granted and the Dismissed Counts reinstated.

## II.   ARGUMENT

### a.   Counts I and II Should be Reinstated

As detailed in their opening brief, Plaintiffs sufficiently pled their unfair competition/reverse passing off and false advertising claims (Counts I and II, respectively). Specifically, the FAC's allegations detail how Defendant made false and misleading statements about the source of Plaintiffs' business services.  *See* FAC ¶¶ 1, 2, 11, 71-84, 87, 97, 100 (setting forth, *inter alia*, how Defendant repeatedly claimed responsibility for Plaintiffs' NFT and blockchain services, including Plaintiffs' historic purchase of the Beeple NFT).  Defendant's false and misleading statements have created confusion among the public, and are actionable under Section 43(a) of the Lanham Act separate and apart from Plaintiffs' trademark infringement claims.  *See Societe Des Hotels Meridien v. LaSalle Hotel Operating Partnership, L.P.*, 380 F.3d 126, 130-31 (2d Cir. 2004).  Here, because Counts I and II were sufficiently pled, they should not have been dismissed.

### i.   Count I:  Unfair Competition/ Reverse Passing Off

The Court should not have dismissed Plaintiffs' unfair competition/reverse passing off claim because the FAC's allegations regarding Defendant's passing off of Plaintiffs' services as his own and resultant confusion are sufficient to survive a Rule 12(b)(6) motion.[2]

---

[2] The FAC alleges each of the elements of a Section 43(a) unfair competition/reverse passing off claim.  *See* FAC ¶¶ 71, 80 (services at issue originated with Plaintiffs); *id*. (the origin of the services were falsely designated by Defendant); *id*. ¶¶ 90, 93, 96 (the false designation of origin is likely to cause consumer confusion); *id*. ¶¶ 97-99, 103-104 (Plaintiffs were harmed by Defendant's false designation of origin).

As aforementioned, Defendant simply restates the Opinion in his Opposition. His discussion of *Dastar Corp. v. Twentieth Century Fox Film Corp.*, 539 U.S. 23 (2003) entirely ignores the arguments set forth in Plaintiffs' Motion for Reconsideration. As Plaintiffs explain, the Opinion incorrectly finds that Count I arises solely from Defendant's false statements regarding the "creation and management" and the "creation and promotion" of Plaintiffs' trademarks. Indeed, Plaintiffs' unfair competition/reverse passing off claim arises also from Defendant's efforts to pass off the *source of Plaintiffs' business services/activities* as his own – a point Defendant does not even attempt to refute. Therefore, *Dastar* does not apply.

Defendant's Opposition discusses how the Opinion cites cases with summary judgment and preliminary injunction postures. Plaintiffs' concern with the Opinion's reliance on cases with these differing procedural postures relates to the requirement of evidence at this stage as opposed to the elements that must be pled for an unfair competition/reverse passing off claim. In other words, on a 12(b)(6) motion, the Court should focus on Plaintiffs' allegations, not proof. Evidence is an issue appropriately addressed only *after* the pleadings stage. *Societe*, 380 F.3d at 132 ("…on a motion under Rule 12(b)(6) the inquiry is into the sufficiency of the pleading, not of the evidence.").

### ii.  Count II:  False Advertising

Likewise, Plaintiffs' well-pled Section 43(a) false advertising claim should have survived dismissal because, contrary to Defendant's assertion, the FAC sets forth factual allegations grounding actual injury and causation.[3] Specifically, the FAC alleges the reputational impact of Defendant's false statements (which include claiming to be the *source* of Plaintiffs' business successes/activities and to have been the steward of METAPURSE (FAC ¶¶ 71-72, 74, 80, 81))

---

[3] The FAC also alleges each of the other elements of a Section 43(a) false advertising claim. *See* FAC ¶¶ 73, 80 (use in commerce); *id*. ¶¶ 73, 75, 112 (materiality); *id*. ¶¶ 13, 87, 88, 90, 97, 112, 114 (injury).

and how Defendant's actions resulted in consumers withholding trade from Plaintiffs.  Paragraph 94 of the FAC states:

> Defendant is attempting to *exploit Plaintiffs' reputations* and intellectual property *to intentionally cause confusion among investors, artists, artist estates, trade conference organizers and organizations, scholars, publishers, and other market participants, hoping people choose to do business with him and his associated businesses*, mistakenly believing that he was the source of Plaintiffs' business operations and success, and that he remains associated with Plaintiffs and their business.

*Id*. ¶ 94.  (Emphasis added.)  Paragraph 96 of the FAC continues:  "Upon information and belief, *as a result of Defendant's false and misleading statements, people turn to Defendant for business opportunities*, believing that he is or was responsible for Plaintiffs' business operations and success."  *Id*. ¶ 96.  (Emphasis added.)  In other words, Plaintiffs' allegations involve lost business opportunities as a result of Defendant's false statements.  *See id*.  Finally, Paragraph 97 of the FAC states:  "As a proximate result of Defendant's actions, Plaintiffs have suffered and will continue to suffer significant damage and harm to their business, goodwill, reputation, and profits."  *Id*. ¶ 97.

Ignoring the above, Defendant's Opposition emphasizes the Opinion's misplaced focus on comparative advertisement.  Opposition, at 5.  Yet the case Defendant cites, *Lexmark International, Inc. v. Static Control Components, Inc.*, actually supports Plaintiffs' contentions. 572 U.S. 118 (2014).  In *Lexmark*, the Supreme Court held that:

> [A] plaintiff suing under § 1125(a) ordinarily must show economic or reputational injury flowing directly from the deception wrought by the defendant's advertising; and that that occurs when deception of consumers causes them to withhold trade from the plaintiff; and that occurs when deception of consumers causes them to withhold trade from the plaintiff.

*Id.* at 133.  (Emphasis added.)  As alleged in the FAC, Plaintiffs' reputations have suffered because of Defendant's false and injurious statements (*see* FAC ¶¶ 13, 87, 88, 90, 97, 112, 114), resulting in a loss of business opportunities.  *See id*. ¶¶ 87, 96.  Plaintiffs have more than met

their pleading obligations by setting forth a viable false advertising claim.  Indeed, and as aforementioned, Plaintiffs need not yet *prove* this (or any) allegation at this stage of the litigation.  *Societe*, 380 F.3d at 132 ("…on a motion under Rule 12(b)(6) the inquiry is into the sufficiency of the pleading, not of the evidence."); s*ee also Lexmark*, 572 U.S. at 140 (holding that the plaintiff "alleged an adequate basis to proceed under § 1125(a)" and "is entitled to *a chance to prove its case*.").  (Emphasis added.)  Thus, Count II should be reinstated.

### b.  Plaintiffs Sufficiently Pled their Deceptive Acts and Practices Claim

The Court should also reconsider its dismissal of Plaintiffs' N.Y. Gen. Bus. Law § 349 claim.  A genuine question of fact about the quality of Defendant's services exists.  Plaintiffs should be allowed a chance to prove this claim through discovery.  Thus, Plaintiffs' deceptive acts and practices claim should not have been dismissed.

## III.    CONCLUSION

In light of the foregoing, Plaintiffs' respectfully request that the Court grant their Motion for Reconsideration in its entirety.

Dated:  September 9, 2024
        New York, New York

Respectfully submitted,

By:

_/s/ Robert M. Wasnofski_
Robert M. Wasnofski, Jr.
Daniel A. Schnapp
Mary Kate Brennan
Samuel J. Weiner
DENTONS US LLP
1221 Avenue of the Americas
New York, NY 10020-1089
Phone:  (212) 768-6748
Fax:  (212) 768 6800
robert.wasnofski@dentons.com
daniel.schnapp@dentons.com
marykate.brennan@dentons.com
samuel.weiner@dentons.com

*Attorneys for Plaintiffs Portkey*
*Technologies Pte Ltd. and Vignesh*
*Sundaresan*

6