**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

PORTKEY TECHNOLOGIES PTE LTD. and
VIGNESH SUNDARESAN,

       Plaintiffs,

v.

ANAND VENKATESWARAN,

       Defendant.

Case No. 1:23-cv-5074-JPO

---

**DEFENDANT'S OPPOSITION TO**
**PLAINTIFFS' MOTION TO FILE A SECOND AMENDED COMPLAINT**

**Table of Contents**

I.      INTRODUCTION..................................................................................................... 1

II.     LEGAL STANDARD............................................................................................. 1

III.    ARGUMENT ......................................................................................................... 2

    A.    Plaintiffs seek to amend the complaint in bad faith by including Counts I, II, and IV, which were dismissed with prejudice ............................................................ 2

    B.    The new claim in the proposed second amended complaint is deficient on its face .... 3

    C.    Plaintiffs' motion is untimely ...................................................................... 5

IV.     CONCLUSION..................................................................................................... 6

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re 60 E. 80th St. Equities*,
218 F.3d 109 (2d Cir. 2000)......................................................................................................3

*AutoInfo, Inc. v. Hollander, Inc.*,
No. 90-cv-6994-JSM, 1991 WL 275650 (S.D.N.Y. Dec. 18, 1991) ........................................5

*Foman v. Davis*,
371 U.S. 178 (1962)..................................................................................................................2

*Gurvey v. Cowan, Liebowitz & Latman, P.C.*,
757 Fed. Appx. 62 (2d Cir. 2018)............................................................................................2

*IBEW Loc. Union No. 58 Pension Tr. Fund & Annuity Fund v. Royal Bank of Scot. Grp., PLC*,
783 F.3d 383 (2d Cir. 2015).....................................................................................................3

*Sly Magazine, LLC v. Weider Publications L.L.C.*,
241 F.R.D. 527 (S.D.N.Y. April 9, 2007)..............................................................................4, 5

*Vine v. Beneficial Finance Co.*,
374 F.2d 627 (2d Cir. 1967).....................................................................................................5

**Statutes**

15 U.S.C. § 1125(a) ....................................................................................................................5

Lanham Act § 32(1) ..................................................................................................................3, 4

**Other Authorities**

Fed. R. Civ. P. 15(a)(2)..............................................................................................................1, 2

Federal Rules of Civil Procedure Rule 15(a)(1) .............................................................................1

Rule 12(b)(6)...............................................................................................................................3, 5

## I.    INTRODUCTION

Plaintiffs' motion for leave to file a second amended complaint is the latest in a string of serial filings that waste the Court's and Defendant Anand Venkateswaran's time.  It is yet another delay tactic designed to clog the docket, increase Mr. Venkateswaran's litigation burden, and elongate the case.  The motion should be denied.

Plaintiffs' motion was brought in bad faith.  The second amended complaint seeks to revive claims already dismissed with prejudice.  In addition, amending the complaint as Plaintiffs seek would be futile; Plaintiffs seek to add an additional claim for infringement of a recently registered trademark (METAPURSE) that is deficient on its face.[1]  This new proposed claim—for infringement of a federal registered mark—would fail because Plaintiffs do not plead that Mr. Venkateswaran used the mark after its registration date, as required to state a claim. Finally, the motion is untimely.  The chief event Plaintiffs claim they want to address—the issuance of a federal registration for METAPURSE—happened on December 26, 2023, nearly 9 months ago.

## II.    LEGAL STANDARD

Under Rule 15(a)(1) of the Federal Rules of Civil Procedure, a party may amend its pleading once as a matter of course within 21 days of serving the complaint or within 21 days of the service of a responsive pleading.  Fed. R. Civ. P. 15(a)(1).  After this period, a party may only amend its complaint with the opposing party's written consent or with leave of the Court. Fed. R. Civ. P. 15(a)(2).  While Rule 15(a)(2) of the Federal Rules of Civil Procedure permits

---

[1] Plaintiffs also seek to amend the complaint to "identif[y] the serial number associated with Portkey's U.S. trademark application for the TWOBADOUR trademark," a different trademark that Plaintiffs have applied to register and which they have asserted, and to "update[] services listed in . . . TWOBADOUR application, and formalize[] Plaintiffs' jury demand."  *See* ECF No. 59 at 1-2.  Mr. Venkateswaran is not opposed to these changes in theory but amending the complaint (again) is not a necessary vehicle for these updates.

courts to grant leave to amend "when justice so requires," this is by no means automatic. *Id.* The Court may deny leave to amend the complaint where certain factors are present, including "undue delay, bad faith, dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, futility of amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

## III.    ARGUMENT

Here, Plaintiffs seek to amend the complaint in bad faith—apparently attempting to plead claims that the Court dismissed with prejudice. Beyond this, Plaintiffs' proposed new claim (Count VIII) is deficient on its face, making the proposed amendment futile. Finally, Plaintiffs' motion is untimely; it was brought nearly nine months after the event Plaintiffs claim they want to address. Each is reason to deny Plaintiffs' motion.

### A.    Plaintiffs seek to amend the complaint in bad faith by including Counts I, II, and IV, which were dismissed with prejudice

Plaintiffs' motion for leave to file a second amended complaint was made in bad faith, and it should be denied. *See, e.g.*, *Gurvey v. Cowan, Liebowitz & Latman, P.C.*, 757 Fed. Appx. 62, 65 (2d Cir. 2018) (no leave to amend complaint given evidence of bad faith). Plaintiffs' proposed second amended complaint attempts to revive Counts I, II, and IV, which were already dismissed with prejudice (*see* ECF No. 45 (dismissing Counts I, II, and IV)). *Compare* ECF No. 59-3 (proposed second amended complaint) at 24-27, *with* ECF No. 22 (first amended complaint) at 23-26. This comes on the heels of Plaintiffs' recent, and meritless, motion for reconsideration of the Court's dismissal of these claims. *See* ECF No. 54. As explained in Mr. Venkateswaran's opposition to that motion, there is no basis for Plaintiffs' reconsideration request, which simply rehashes old arguments already rejected by the Court. *See* ECF No. 57.

2

Apparently realizing that their reconsideration arguments are deficient, Plaintiffs have changed tact.  Now, Plaintiffs are attempting to revive their dismissed claims by including them in a proposed second amended complaint.  *Compare* ECF No. 59-3 (proposed second amended complaint) at 24-27, *with* ECF No. 22 (first amended complaint) at 23-26.  That is bad faith.  *See In re 60 E. 80th St. Equities*, 218 F.3d 109, 120 (2d Cir. 2000) (finding bad faith and affirming sanctioning party for repeatedly making the same "frivolous" arguments).

    **B.**       **The new claim in the proposed second amended complaint is deficient on its face**

A proposed amendment is futile if it would fail to state a claim upon which relief can be granted under Rule 12(b)(6).  *See, e.g.*, *IBEW Loc. Union No. 58 Pension Tr. Fund & Annuity Fund v. Royal Bank of Scot. Grp., PLC*, 783 F.3d 383, 389 (2d Cir. 2015).  Here, Plaintiffs' proposed second amended complaint would add a new claim, for infringement of a federally registered mark under § 32(1) of the Lanham Act.  *See* ECF No. 59-4 at 29-30 (adding count VIII).  That claim is deficient on its face.

Plaintiffs' new proposed claim concerns its METAPURSE trademark, for which a federal registration issued after Plaintiffs filed their first amended complaint.  *See* ECF No. 59-3 at 29 (Count VIII); *see also* ECF No. 54 at 1.  Plaintiffs say that the METAPURSE registration issued on December 26, 2023.  *See* ECF No. 58 at 1 n.1.  But Plaintiffs do not (because they cannot) plead that Mr. Venkateswaran is currently using METAPURSE as a mark in commerce or that he did so after the registration date of the METAPURSE mark.  Instead, Plaintiffs plead only passive voice, past tense use of the mark: "Without Plaintiffs' consent, Defendant *has used* in commerce reproductions, counterfeits, copies, and colorable imitations of the registered METAPURSE trademark . . . ."  *See* ECF No. 59-3 (proposed second amended complaint) at 29 (Count VIII) (emphasis added).  Notably, Plaintiffs even revised the second amended complaint

3

(from the first amended complaint) to remove reference to ongoing (present tense) use of the mark:

> 11.     Plaintiffs' claims arise out of and related to Defendants' transactions of business, and tortious acts committed in New York, and outside of New York causing damage to Plaintiffs in New York because, *inter alia*, Defendant has:
>
> Repeatedly made and continues to make false statements in New York and outside of New York claiming to have been directly responsible for the purchase of the Beeple NFT and Portkey's business operations and success and/or stated, expressly or impliedly, that he owns the Beeple NFT;
>
> Repeated these false statements through various public channels, including social media, online blogs, and in numerous interviews posted online, which are all accessible within New York;
>
> Repeatedly used and ~~continues to use and~~/or otherwise ~~associate~~associated himself with the trademark TWOBADOUR, which is owned by Portkey; and
>
> Repeatedly used and ~~continues to use and~~/or otherwise ~~associate~~associated himself with the trademark METAPURSE, which is owned by Portkey.

ECF No. 59-4 (redline comparison showing changes between proposed second amended complaint and operative, first amended complaint) at 3.

Without pleading ongoing use of the METAPURSE mark in commerce, or use after the date of registration, Plaintiffs' new count fails to state a claim. The Lanham Act does not allow a plaintiff to bring a claim under § 32(1) for alleged acts of infringement which occurred only prior to the registration "because there can be no liability based on retroactive registration of a trademark." *See, e.g.*, *Sly Magazine, LLC v. Weider Publications L.L.C.*, 241 F.R.D. 527, 531 (S.D.N.Y. April 9, 2007) (denying as futile motion to amend the complaint to add claim for infringement of registered mark based only on activity pre-dating the registration) (citing *IMAF, S.p.A, v. J.C. Penney Co., Inc.*, No. 86-cv-9080, 1989 WL 54128, at *3 (S.D.N.Y. May 15, 1989)

4

(Wood, J.) ("[T]he plaintiff [] presented no cases and the Court [] uncovered no authority that supports [a] theory whereby 'once registration of a trademark is granted it applies retroactively from the date of filing.'")).  As a result, the new claim would not withstand a motion to dismiss under Rule 12(b)(6), and Plaintiffs' motion should, therefore, be denied.  *See, e.g.*, *Sly Magazine*, 241 F.R.D. at 531.[2]

### C.        Plaintiffs' motion is untimely

Finally, Plaintiffs' motion to amend the complaint is untimely, which provides another, independent, basis to deny the motion.

It is well established that the Court may deny leave to amend the complaint where the timing of the motion evidences the movant's dilatory motive, bad faith, and undue delay.  *See, e.g.*, *Vine v. Beneficial Finance Co.*, 374 F.2d 627, 636-37 (2d Cir. 1967).  Here, Plaintiffs seek to amend the complaint (again) primarily to add a new claim for infringement of a federally registered mark.  But Plaintiffs bury a key fact in a footnote.  The registration for this mark—METAPURSE—issued on *December 26, 2023*.  *See* ECF No. 59 at 1 n.1.  That was almost nine months ago.  Such a lengthy delay between the event and motion to amend the complaint makes Plaintiffs' motion untimely.  *See, e.g.*, *AutoInfo, Inc. v. Hollander, Inc.*, No. 90-cv-6994-JSM, 1991 WL 275650, at *3 (S.D.N.Y. Dec. 18, 1991) (denying motion for leave to file amended complaint because "it is clear that AutoInfo's motion to amend the complaint is untimely.  Here, AutoInfo waited a full five months after a dismissal was sought on its First Amended Complaint, and nearly two months after an order granting dismissal was entered").  Plaintiffs' motion should be denied as untimely.  *See id.*

---

[2] Plaintiffs also have a separate claim relating to the METAPURSE mark, for infringement of an unregistered mark under 15 U.S.C. § 1125(a).  *See* ECF No. 22 at (count III).

**IV.   CONCLUSION**

For the foregoing reasons, Plaintiffs should be denied leave to file a second amended complaint.

Dated:  September 10, 2024

Respectfully submitted,

*/s/ Robert D. Carroll*
Robert D. Carroll
Goodwin Procter LLP
100 Northern Avenue
Boston, MA 02210
Tel: (617) 570-1000
Fax: (617) 523-1231
RCarroll@goodwinlaw.com

Timothy Keegan
Goodwin Procter LLP
The New York Times Building
620 Eighth Avenue
New York, New York 10018
Tel: (212) 813-8800
Fax: (212) 355-3333
TKeegan@goodwinlaw.com

*Attorneys for Defendant Anand Venkateswaran*