**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| PORTKEY TECHNOLOGIES PTE LTD. and VIGNESH SUNDARESAN,<br><br>        Plaintiffs,<br><br>v.<br><br>ANAND VENKATESWARAN,<br><br>        Defendant. | Case No. 1:23-cv-5074-JPO |

<u>**MEMORANDUM IN SUPPORT OF MOTION TO WITHDRAW AS COUNSEL**</u>

**TABLE OF CONTENTS**

I.      INTRODUCTION .................................................................................................... 1

II.     LEGAL STANDARD............................................................................................... 2

III.    ARGUMENT ........................................................................................................... 4

    a.  Goodwin Has A Satisfactory Reason for Withdrawal .................................... 4

    b.  Withdrawal Will Have Minimal Impact on the Timing of Proceedings........... 7

    c.  A Brief 45-day Extension Will Mitigate Any Possible Prejudice .................... 7

IV.     CONCLUSION........................................................................................................ 8

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Blue Angel Films, LTD v. First Look Studios, Inc.*,
No. 08-cv-6469-DAB-JCF, 2011 WL 672245 (S.D.N.Y. Feb. 17, 2011) ....3, 4

*Cower v. Albany Law School of Union University*,
No. 04-cv-643, 2005 WL 1606057 (S.D.N.Y. July 8, 2005) ....3

*Freund v. Weinstein*,
No. 08-cv-1469, 2009 WL 750242 (E.D.N.Y. Mar. 19, 2009) ....3, 7

*Golden v. Guaranty Acceptance Capital Corp.*,
No. 91-cv-2994-CHT, 1993 WL 88191 (S.D.N.Y. Mar. 25, 1993) ....7

*HCC, Inc. v. RH & M Machine Co.*,
No. 96-cv-4920-PKL, 1998 WL 411313 (S.D.N.Y. July 20, 1998) ....7

*Jairo Espinoza v. Broadway Pizza & Restaurant Corp.*,
No. 1:17-cv-7995-GBD-KHP, 2020 WL 13590958 (S.D.N.Y. Nov. 16, 2020) ....2

*Melnick v. Press*,
No. 06-cv-6686, 2009 WL 2824586 (E.D.N.Y. Aug. 28, 2009) ....3

*Mendez v. K&Y Peace Corp.*,
No. 16-cv-05562-SN, 2017 WL 11808872 (S.D.N.Y. September 27, 2017) ....3, 4

*Police Officers for a Proper Promotional Process v. the Port Authority of New York and New Jersey*,
No. 11-cv-74788-LTS-JCF, 2012 WL 4841849 (S.D.N.Y. Oct. 10, 2012) ....3, 4, 7

*R. Macranlal & Co. v. M.G. Chemical Co.*,
No. 88-cv-4896-MJL-THK, 1996 WL 420234 (S.D.N.Y. July 25, 1996) ....7

*Team Obsolete Ltd. v. A.H.R.M.A. Ltd.*,
464 F. Supp. 2d 164 (E.D.N.Y. 2006) ....3

**Other Authorities**

Local Rule 1.4 ....2, 3, 4

## I.    INTRODUCTION

Throughout the case, Plaintiffs have subjected Defendant Anand Venkateswaran to vexatious and bad faith litigation tactics.  This case has never had anything to do with trademark, false advertising, or unfair competition law.  Mr. Venkateswaran does not compete with Plaintiffs, and he does not use Plaintiffs' asserted trademarks to signal the source of goods or services.  Plaintiffs are well aware of this.  Instead, this lawsuit appears to be a vendetta by a crypto-billionaire (or near billionaire) bent on misusing the legal system to exact financial and emotional hardship on his former childhood friend and colleague.

Plaintiffs have needlessly and repeatedly complicated this case and increased Mr. Venkateswaran's legal fees.  Plaintiffs' tactics include vexatious filings, baseless arguments, and excessive discovery requests—many of which are irrelevant or run afoul of the local rules.  Plaintiffs' bullying has now prevailed.  Plaintiffs' bad faith litigation tactics have driven up Mr. Venkateswaran's legal fees to the point that he is now in an untenable financial position.  At the same time, the false narrative that Mr. Venkateswaran has infringed Plaintiffs' intellectual property rights, which Plaintiffs have advanced publicly and privately,[1] has significantly impaired Mr. Venkateswaran's ability to generate new business opportunities.  Despite best efforts by Mr. Venkateswaran's counsel at Goodwin Procter LLP ("Goodwin") to manage

---

[1] *See, e.g.*, Richard Whiddington, Art Net, *Beeple Collector Metakovan Is Suing Twobadour, Claiming His Ex-Partner Is Falsely Taking Credit for Buying the $69 Million NFT* (June 20, 2023), https://news.artnet.com/art-world/metakovan-suing-twobadour-beeple-nft-2324373 (claiming that although "[a]t one time, Vignesh Sundaresan and Anand Venkateswaran claimed to have bought the [Beeple] NFT together," Plaintiff Sundaresan is "Claiming His Ex-Partner Is Falsely Taking Credit for Buying the $69 Million NFT"); WideWalls, *Beeple Collector and Buyer of His Most Expensive NFT Sues Ex-Partner for False Claims of Being Involved in the Purchase* (2023), https://www.widewalls.ch/news-feed/beeple-buyer-most-expensive-nft-sue-ex-partner (incorrectly reporting that Mr. Venkateswaran "started using [a] romanticized story—a promo campaign at the time –to advance his own crypto businesses like eDAO"); Medium, *NFTs, Friendship, and Legal Battle: Story of Ownership of $69M JPEG!* (June 28, 2023), https://unnikrishna.medium.com/nfts-friendship-and-legal-battle-story-of-ownership-of-69m-jpeg-7c46228ad104 (while "[t]he initial narrative surrounding the purchase of Beeple's artwork was one of shared success and immigrant entrepreneurship," "[t]he allegations made by Sundaresan against Venkateswaran are serious. Sundaresan claims trademark infringement and false claims of involvement in the Beeple purchase, accusing Venkateswaran of capitalizing on MetaPurse's fame and falsely associating himself with the brand").

escalating legal fees, Mr. Venkateswaran has been unable to meet his financial obligations to his legal counsel for several months.  Mr. Venkateswaran has further indicated that he will not be able to make future payments, particularly given the high costs associated with the services of a large law firm.

Given Mr. Venkateswaran's inability to pay accrued and future legal fees, Robert D. Carroll and Timothy Keegan of Goodwin Procter LLP, Mr. Venkateswaran's counsel of record, respectfully request permission to withdraw as counsel.  Goodwin has communicated its intention to file this motion to withdraw to Mr. Venkateswaran, and he does not oppose Goodwin's request.  Consistent with the requirements of Local Rule 1.4, counsel will also serve a copy of this motion and supporting papers on Mr. Venkateswaran and all counsel of record.

Mr. Venkateswaran is in the midst of discussions with counsel from a smaller firm whom he may hire to represent him, though he may also ultimately represent himself, and respectfully requests a 45-day extension to allow for an efficient and smooth transition to new counsel.

## II.    LEGAL STANDARD

Local Civil Rule 1.4 governs motions to withdraw as counsel and provides that:

> An attorney who has appeared as attorney of record for a party may be relieved or displaced only by order of the Court and may not withdraw from a case without leave of the Court granted by order. Such an order may be granted only upon a showing by affidavit or otherwise of satisfactory reasons for withdrawal or displacement and the posture of the case, including its position, if any, on the calendar, and whether or not the attorney is asserting a retaining or charging lien. All applications to withdraw must be served upon the client and (unless excused by the Court) upon all other parties.

In evaluating a motion to withdraw as counsel of record, the Court must consider two primary factors: (1) the reasons for withdrawal and (2) the impact of the withdrawal on the timing of the proceedings. *Jairo Espinoza v. Broadway Pizza & Restaurant Corp.*, No. 1:17-cv-7995-GBD-KHP, 2020 WL 13590958, at *1-2 (S.D.N.Y. Nov. 16, 2020) (citing *Callaway Golf*

2

*Co. v. Corporate Trade Inc.*, No. 10-cv-1676-GBD-JCF, 2011 WL 2899192, at *2 (S.D.N.Y.

July 6, 2011)).  "Ultimately, [w]hether to grant or deny a motion to withdraw as counsel falls to

the sound discretion of the trial court."  *Mendez v. K&Y Peace Corp.*, No. 16-cv-05562-SN, 2017

WL 11808872, at *1 (S.D.N.Y. September 27, 2017) ((quoting *Stair v. Calhoun*, 722 F. Supp. 2d

258, 264 (E.D.N.Y. 2010)) (internal quotation marks omitted).

On the first factor, Courts consistently find that a client's inability to pay legal fees

constitutes a "satisfactory reason" for withdrawal under Local Rule 1.4.  *See, e.g.*, *Mendez*, 2017

WL 11808872, at *1 (granting a motion to withdraw where client was unable to satisfy their

payment obligations); *Police Officers for a Proper Promotional Process v. the Port Authority of*

*New York and New Jersey*, No. 11-cv-74788-LTS-JCF, 2012 WL 4841849, at *1-2 (S.D.N.Y.

Oct. 10, 2012) (same); *Blue Angel Films, LTD v. First Look Studios, Inc.*, No. 08-cv-6469-DAB-

JCF, 2011 WL 672245, at *2-3 (S.D.N.Y. Feb. 17, 2011) (same); *Melnick v. Press*, No. 06-cv-

6686, 2009 WL 2824586, at *3 (E.D.N.Y. Aug. 28, 2009) (same); *Freund v. Weinstein*, No. 08-

cv-1469, 2009 WL 750242, at *1 (E.D.N.Y. Mar. 19, 2009) (same); *Team Obsolete Ltd. v.*

*A.H.R.M.A. Ltd.*, 464 F. Supp. 2d 164, 166 (E.D.N.Y. 2006) (same); *Cower v. Albany Law*

*School of Union University*, No. 04-cv-643, 2005 WL 1606057, at *5 (S.D.N.Y. July 8, 2005)

(same).

On the second factor—the impact of the withdrawal on the timing of the proceedings—

courts regularly permit withdrawal where it will not substantially disrupt the litigation, such as

when discovery is still in its early stages.  *See, e.g.*, *Freund*, 2009 WL 750242, at *1.  If the

withdrawal will not prejudice the litigants or cause undue delay, the Court should grant the

motion.  *See Police Officers for a Proper Promotional Process*, 2012 WL 4841849, at *2

(granting motion to withdraw because "while significant amount of work has been done,"

"withdrawal of counsel will not prejudice the litigants or cause undue delay").

### III.   ARGUMENT

#### a.   Goodwin Has A Satisfactory Reason for Withdrawal

Unfortunately, Mr. Venkateswaran has been unable to pay counsel for over six months,

and he has informed Goodwin that he does not anticipate the ability to make future payments at

the rate structure of a large law firm. *See* Declaration of Robert Carroll ("Carroll Decl.") ¶¶ 4-5.

Mr. Venkateswaran's inability to finance his defense by a large law firm constitutes a

"satisfactory reason" for withdrawal under Local Rule 1.4, as courts regularly have held. *See,*

*e.g.*, *Mendez*, 2017 WL 11808872, at *1 (granting a motion because client was unable to satisfy

their payment obligations); *Police Officers for a Proper Promotional Process*, 2012 WL

4841849, at *1-2 (same); *Blue Angel Films*, 2011 WL 672245, at *2-3 (same). Goodwin is not

asserting any retaining or charging lien against Mr. Venkateswaran. Carroll Decl. ¶ 7.

Notably, Mr. Venkateswaran's inability to pay his legal fees is attributable to the

vexatious litigation tactics employed by Plaintiffs, which have significantly escalated the cost of

this litigation. Plaintiffs' vexatious tactics have persisted throughout the duration of the case and

despite Mr. Venkateswaran's multiple requests that Plaintiffs cease such conduct. Plaintiffs'

vexatious tactics include:

- **Filing a facially deficient complaint:** Plaintiffs filed a complaint that was facially
  deficient, including false advertising claims they asserted that were disproved by an
  article that Plaintiff Sundaresan wrote and which Plaintiffs incorporated into the
  complaint. Mr. Venkateswaran encouraged Plaintiffs to be efficient and amend their
  complaint, but they refused to do so. *See* ECF No. 18-1. This forced Mr. Venkateswaran
  to incur the costs of briefing an unnecessary motion to dismiss (ECF No. 16).

4

- **Inconsequential amendments to complaint following motion to dismiss:** Then, after Mr. Venkateswaran was forced to incur these costs and file his motion to dismiss, Plaintiffs finally amended the complaint.  But they made only minimal changes.  *See* ECF No. 25-1 (redline comparison showing minimal differences between the original and amended complaints).

- **Unnecessary and burdensome discovery:** Plaintiffs served voluminous discovery requests, including 135 requests for admission, 15 interrogatories, and 24 requests for production while Mr. Venkateswaran's motion to dismiss was pending.  These discovery demands were premature and excessive, particularly given the pending motion to dismiss.  These prompted Mr. Venkateswaran to move to stay discovery pending resolution of the motion to dismiss (ECF No. 31), which Plaintiffs opposed (ECF No. 32).

- **Opposition to motion to stay discovery and unauthorized sur-reply:** Despite that Mr. Venkateswaran's motion to dismiss was pending, Plaintiffs opposed Mr. Venkateswaran's motion to stay discovery (ECF No. 32) and filed an unauthorized sur-reply.  ECF No. 40; *see also* ECF No. 41 (explaining that Plaintiffs filed an unauthorized sur-reply that sought to deprive Mr. Venkateswaran of the "last word" on his motions).

- **Refusing to withdraw discovery requests:** After the Court partially granted Mr. Venkateswaran's motion to dismiss and dismissed Counts I, II, and IV of the complaint (ECF No. 45), Plaintiffs refused to withdraw many discovery requests relating only to dismissed claims.  *See* Carroll Decl., Ex. A (Aug. 14, 2024 email from counsel for Plaintiffs refusing to withdraw any discovery requests despite that many related only to dismissed claims).

5

- **Filing a baseless motion for reconsideration:** Plaintiffs filed a baseless motion for reconsideration of the Court's decision dismissing Counts I, II, and IV, forcing Mr. Venkateswaran to incur further legal costs to oppose the motion. *See* ECF No. 54. Plaintiffs' motion for reconsideration has no basis, and it recycled many of the same arguments Plaintiffs made when initially opposing the motion to dismiss, as explained in Mr. Venkateswaran's opposition to the motion. *See* ECF No. 57.

- **Resisting an early settlement conference:** Plaintiffs resisted Mr. Venkateswaran's efforts to arrange an early settlement conference, which may resolve the parties' disputes efficiently and reduce litigation costs. *See* ECF No. 51 (case management plan wherein Plaintiffs stated that they "do not believe that further settlement discussion would be productive at this time" notwithstanding Mr. Venkateswaran's request that "[he] believes a settlement conference with a magistrate as soon as practicable would be helpful.").

- **Filing a deficient motion for leave to file a second amended complaint:** Plaintiffs recently filed a motion for leave to file a second amended complaint (ECF No. 58). That filing was in bad faith and the proposed second amended complaint would be futile, for reasons explained in Mr. Venkateswaran's opposition (ECF No. 61). Notably, the proposed amended complaint is a bad faith attempt to revive Counts I, II, and IV which were already dismissed with prejudice, adds a new defective claim, and is untimely. *Compare* ECF No. 59-3 at 24-27 (Counts I, II, IV of proposed second amended complaint), *with* ECF No. 22 at 23-26 (Counts I, II, IV of first amended complaint, which were dismissed).

As is clear, Plaintiffs have taken pains, at every turn, to maximize the financial burden of litigation on Mr. Venkateswaran, making it impossible for him to continue paying Goodwin to represent him.

### b.  Withdrawal Will Have Minimal Impact on the Timing of Proceedings

In considering a motion to withdraw as counsel, the Court must also consider whether the withdrawal is likely to disrupt the prosecution of the action.  Where "withdrawal of counsel will not prejudice the litigants or cause undue delay," withdrawal should be permitted.  *See Police Officers for a Proper Promotional Process*, 2012 WL 4841849, at *2 (explaining that "while significant amount of work has been done," "withdrawal of counsel will not prejudice the litigants or cause undue delay.").  Here, allowing Goodwin to withdraw will not substantially disrupt the litigation, making withdrawal permissible.  Discovery is still in its early stages: initial document production has not yet begun and no depositions have even been noticed.  *See* Carroll Decl., ¶ 8.  Trial has not yet been scheduled.  This timing supports the argument that withdrawal at this point will not significantly disrupt the litigation.  *See, e.g.*, *Freund*, 2009 WL 760242, at *1 (granting motion to withdraw where discovery was in its early stages and therefore would not disrupt the timing of the case).

### c.  A Brief 45-day Extension Will Mitigate Any Possible Prejudice

Mr. Venkateswaran is also in midst of discussions with counsel from a smaller about potentially engaging new counsel to represent him.  Mr. Venkateswaran is weighing his options and may also elect to represent himself going forward.  To ensure time for Mr. Venkateswaran to make an informed decision, enable a smooth transition, and avoid any prejudice to Mr. Venkateswaran, Mr. Venkateswaran also requests a brief 45-day extension to all case deadlines. *See, e.g.*, *HCC, Inc. v. RH & M Machine Co.*, No. 96-cv-4920-PKL, 1998 WL 411313, at *1 (S.D.N.Y. July 20, 1998) (granting litigant 30 days to find new counsel); *R. Macranlal & Co. v.*

*M.G. Chemical Co.*, No. 88-cv-4896-MJL-THK, 1996 WL 420234, at *1 (S.D.N.Y. July 25, 1996) (granting litigant 35 days to find new counsel); *Golden v. Guaranty Acceptance Capital Corp.*, No. 91-cv-2994-CHT, 1993 WL 88191, at *2 (S.D.N.Y. Mar. 25, 1993) (granting litigant 45 days to find new counsel).  This extension will facilitate the resolution of the case without undue delay, aligning with the Court's discretion to permit withdrawal when it will not impede the progress of the case.

## IV.    CONCLUSION

For the foregoing reasons, Goodwin respectfully requests that the Court grant the motion to withdraw as counsel of record for Mr. Venkateswaran.  Mr. Venkateswaran also respectfully requests a 45-day extension to all case deadlines to allow Mr. Venkateswaran to potentially retain new counsel which will prevent any prejudice to Mr. Venkateswaran by ensuring an orderly transition.

Dated:  September 10, 2024                    Respectfully submitted,

*/s/ Robert D. Carroll*
Robert D. Carroll
Goodwin Procter LLP
100 Northern Avenue
Boston, MA 02210
Tel: (617) 570-1000
Fax: (617) 523-1231
RCarroll@goodwinlaw.com

Timothy Keegan
Goodwin Procter LLP
The New York Times Building
620 Eighth Avenue
New York, New York 10018
Tel: (212) 813-8800
Fax: (212) 355-3333
TKeegan@goodwinlaw.com

*Attorneys for Defendant Anand Venkateswaran*

8