**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------X
PORTKEY TECHNOLOGIES PTE LTD. and
VIGNESH SUNDARESAN,

               Plaintiffs,

           - against -

ANAND VENKATESWARAN,

             Defendant.

------------------------------------------------------------------X

:
:
:
: Civil Case No. 23-cv-5074-JPO
:
:
:
:
:
:
:
:

**PLAINTIFFS' REPLY IN FURTHER SUPPORT OF THEIR**
**MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ............................................................................................... 1

ARGUMENT ....................................................................................................................... 2

    I.    Defendant's Accusations of Bad Faith Are Once Again Wholly Without Support ........... 2

    II.    Plaintiffs' Proposed Claim for Infringement of a Federally Registered Trademark Would Survive a 12(b)(6) Motion .................................................................................................. 3

    III.    Plaintiffs Timely Filed the Motion and Defendant Will Not be Prejudiced ...................... 5

CONCLUSION .................................................................................................................... 8

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*1-800 Contacts, Inc. v. WhenU.Com, Inc.*,
  414 F.3d 400 (2d Cir. 2005)................................................................................................3

*Agerbrink v. Model Serv. LLC*,
  155 F. Supp. 3d 488 (S.D.N.Y. 2016) ...............................................................................4

*Ashcroft v. Iqbal*,
  556 U.S. 662, 678 (2009)...................................................................................................4

*AutoInfo, Inc. v. Hollander, Inc.*,
  No. 90 Civ. 6994 (JSM), 1991 WL 275650 (S.D.N.Y. Dec. 18, 1991)..............................7–8

*Block v. First Blood Assocs.*,
  988 F.2d 344 (2d Cir. 1993)...............................................................................................6

*Dilworth v. Goldberg*,
  914 F. Supp. 2d 433 (S.D.N.Y. 2012).................................................................................7

*Foman v. Davis*,
  371 U.S. 178, 182 (1962) ...................................................................................................8

*Grace v. Rosenstock*,
  228 F.3d 40 (2d Cir. 2000).................................................................................................6

*Gurary v. Winehouse*,
  235 F.3d 792 (2d Cir. 2000)...............................................................................................8

*Henry v. Murphy*,
  2002 WL 24307 (S.D.N.Y. Jan. 8, 2002) ...........................................................................6

*Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC*,
  797 F.3d 160 (2d Cir. 2015)...............................................................................................7

*Milanese v. Rust-Oleum Corp.*,
  244 F.3d 104 (2d Cir. 2001)...............................................................................................8

*Ruotolo v. City of New York*,
  514 F.3d 184 (2d Cir. 2008)...............................................................................................6

*Sly Magazine, LLC v. Weider Publications L.L.C.*
  241 F.R.D. 527 (S.D.N.Y. 2007) ........................................................................................5

*Valentini v. Citigroup, Inc.*,
    No. 11 Civ. 1355, 2013 WL 4407065 (S.D.N.Y. Aug. 16, 2013) ...........................................7

**Statutes**

15 U.S.C. § 1114.......................................................................................................... *passim*

15 U.S.C. § 1125(a) ...........................................................................................................3, 7

**Other Authorities**

Fed. R. Civ. P. 12.................................................................................................................4

Fed. R. Civ. P. 15.............................................................................................................1, 6, 8

Plaintiffs respectfully submit this Reply in Further Support of their Motion for Leave to File Second Amended Complaint ("Motion") (Dkt. 58) pursuant to Fed. R. Civ. P. 15(a), Local Civil Rule 15.1, and the August 5, 2024 Civil Case Management Plan and Scheduling Order ("CMP") (Dkt. 51).[1]

**PRELIMINARY STATEMENT**

Plaintiffs' Motion should be granted under Fed. R. Civ. P. 15's liberal and permissive standard, as Defendant has failed to meet his burden of establishing a basis to deny the Motion. Instead of engaging in good faith argument, Defendant's Opposition ("Opposition" or "Opp.") (Dkt. 61) seeks to mislead the Court as to Plaintiffs' arguments and primarily relies on inappropriate ad hominem attacks.  Defendant again relies on his tactic of accusing Plaintiffs of engaging in "bad faith," his default response each time Plaintiffs present well-reasoned arguments advancing their positions in this litigation.  It is Defendant, however, who has engaged in bad faith as his arguments here waste both the Court and Plaintiffs' time.  Simply put, Defendant has not met his burden to overcome Fed. R. Civ. P. 15's liberal standard requiring leave to amend to be freely granted and Plaintiffs' Motion should be granted.

*First*, Plaintiffs have not attempted, as Defendant deceptively claims, to revive any dismissed claims through this Motion.  Plaintiffs previously filed a separate Motion for Reconsideration (Dkt. 53) on that issue.  *Second*, the Proposed SAC (Dkt. 59-3) properly sets forth a claim for infringement of a federally registered trademark that would survive a motion to dismiss (i.e., is not futile) particularly because the Court's Opinion on Defendant's motion to dismiss ("MTD Opinion") holds that Plaintiffs' FAC states valid claims for trademark infringement under the Lanham Act and New York state law.  *Third*, Plaintiffs timely filed the

---

[1] Unless otherwise defined herein, defined terms have the same meaning as set forth in the Motion.

Motion shortly after the Court issued the MTD Opinion and in accordance with the deadlines set forth in the CMP.  Thus, the proposed amendments will not prejudice Defendant in any way.

Not only should Plaintiffs be allowed to pursue a trademark infringement claim of the now-federally registered trademark METAPURSE, but granting Plaintiffs leave to amend will promote the interests of justice.  Indeed, Defendant continued to misuse the METAPURSE mark *after* it was registered, so Plaintiffs should be permitted to pursue a claim under 15 U.S.C. § 1114 in the current action. Therefore, the Court should allow Plaintiffs to file the Proposed SAC.

## ARGUMENT

### I.      Defendant's Accusations of Bad Faith Are Once Again Wholly Without Support

Without any basis, Defendant improperly argues that Plaintiffs have attempted to "revive" the three counts dismissed by the Court.  Throughout this litigation, Defendant has repeatedly accused Plaintiffs of engaging in "bad faith."  Repeating a falsehood, however, does not make it true.  Rather, Defendant engages in bad faith and burdens the Court with baseless arguments.  Indeed, Plaintiffs explicitly indicate in the Motion and Proposed SAC that the counts had been dismissed, and explained why they were nevertheless included, as follows:

> The Court dismissed Counts I, II, and IV ("Dismissed Counts") on July 19, 2024.  (Dkt. 45.)  Plaintiffs nevertheless include the Dismissed Count in the Proposed SAC because of Plaintiffs' pending Motion for Reconsideration (Dkt. 53) and to preserve Plaintiffs' rights to seek appellate review, if necessary.

Plaintiffs' Memorandum of Law in Support of their Motion (Dkt. 59), at 2 n.3; Proposed SAC, at 24 n.1.  The latest amended complaint becomes the operative pleading.  Therefore, Plaintiffs included the counts in the Proposed SAC for the exclusive purpose of preserving their rights. Though Plaintiffs' intention is clear, Defendant wastes the time and resources of both this Court and Plaintiffs by yet again making baseless bad faith accusations which the Court should ignore.

**II.      Plaintiffs' Proposed Claim for Infringement of a Federally Registered Trademark Would Survive a 12(b)(6) Motion**

The Court already held that Plaintiffs' FAC states claims for trademark infringement under 15 U.S.C. § 1125(a) and New York state law, including "plausible allegations" of "bad faith" on the part of the Defendant.  MTD Opinion at 20, 27.  A claim for infringement of a federally registered trademark under 15 U.S.C. § 1114 is identical to a claim for infringement of an unregistered mark under 15 U.S.C. § 1125(a) but for the added allegation regarding ownership of a registered trademark.  To plead a claim under 15 U.S.C. § 1114, a plaintiff must allege the following:  (i) that it owns a registered trademark; (ii) that the defendant used the registered trademark in commerce without the plaintiff's consent; and (iii) that defendant's use is likely to cause confusion.  15 U.S.C. § 1114; *see 1-800 Contacts, Inc. v. WhenU.Com, Inc.*, 414 F.3d 400, 406–07 (2d Cir. 2005) (setting forth elements of a trademark infringement claim).  Here, Plaintiffs' Proposed SAC sufficiently pleads infringement of the registered mark METAPURSE.  *See* Proposed SAC ¶¶ 57–58, 144 (Portkey owns U.S. Trademark Registration No. 7251142 for METAPURSE); ¶¶ 1, 2, 11, 62, 73, 81–83, 95, 120, 144 (Defendant used METAPURSE in commerce without authorization); ¶¶ 1, 4, 62, 120, 144 (Defendant's acts caused a likelihood of confusion).

Defendant only takes issue with the second element of Plaintiffs' trademark infringement claim under 15 U.S.C. § 1114, namely, use.  Opp. at 3–5.  Defendant wrongly posits that the Proposed SAC does not allege that Defendant used the mark METAPURSE after it became registered and thus, the Proposed SAC is futile.[2]  The Proposed SAC's allegations, made in good

---

[2] Defendant also argues that the Proposed SAC is deficient on the basis that it does not allege infringement of the METAPURSE mark **as of the date Plaintiffs filed the Motion, September 4, 2024**.  Even if Defendant had ceased all infringing use of the registered METAPURSE mark as of that date, which is unknown at this time, he cannot escape a claim under 15 U.S.C. § 1114, as Plaintiffs have alleged that he repeatedly used the mark and have not limited their allegation of same to the period of time prior to the registration of the mark, December 26, 2023.

3

faith and upon information and belief, however, clearly allege Defendant's use of the METAPURSE mark.  Defendant's argument about verb tense ignores the actual language of the proposed pleading and seeks to distract the Court regarding the same.

Without limitation, the Proposed SAC alleges that Defendant "***has [r]epeatedly used and/or otherwise associated himself with the trademark METAPURSE, which is owned by Portkey***."  Proposed SAC ¶ 11.  Nowhere does it allege, as Defendant suggests, that Defendant ceased making use of the METAPURSE trademark before it was registered.  *See generally id.*  Consequently, Plaintiffs' proposed claim under 15 U.S.C. § 1114 would survive a Rule 12(b)(6) motion and thus lacks futility.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."); *Agerbrink v. Model Serv. LLC*, 155 F. Supp. 3d 488, 456 (S.D.N.Y. 2016) (in determining futility, courts analyze the Fed. R. Civ. P. 12(b)(6) standard).

Furthermore, Defendant cannot in good faith argue that he stopped using the METAPURSE mark before the mark was registered.  Evidence independently gathered by Plaintiffs in March 2024 demonstrates that Defendant continued using the METAPURSE mark ***after*** the mark was registered, including, without limitation, in promotional material online.  *See, e.g.*, printout of Defendant's biography from the WAN-IFRA speakers webpage titled, "Twobadour Panaar, Steward, Metapurse," which states: "*Twobadour (i.e. Anand Venkateswaran in real life) is the steward of Metapurse, the largest non-fungible token (NFT) fund in the world,*" attached hereto as Exhibit A.  Defendant cannot deny knowledge of Exhibit A as it is the subject of two Requests for Admission (RFA Nos. 98 and 99) that Plaintiffs served

4

on Defendant on March 29, 2024.[3]  Plaintiffs also note that as of the date of this filing, the webpage shown in Exhibit A is currently available online.  Any claim that Defendant ceased all use of the METAPURSE mark before it was registered on December 26, 2023 is false.

Whether Defendant has ceased such infringing acts, if at all, is the proper subject of discovery.  Even if Defendant had ceased all infringement of the registered METAPURSE mark as of the date Plaintiffs filed the Proposed SAC, a fact that remains unknown, that would not render Plaintiffs' infringement claim under 15 U.S.C. § 1114 deficient because the Proposed SAC sufficiently alleges that Portkey owns a U.S. trademark registration for METAPURSE and that Defendant repeatedly used that mark without authorization.  *See, e.g.*, Proposed SAC ¶¶ 2, 11, 57–58, 144.[4]

Defendant also inappropriately relies on *Sly Magazine, LLC v. Weider Publications L.L.C.* to support its futility argument.  241 F.R.D. 527, 531 (S.D.N.Y. 2007).  Unlike in *Sly Magazine*, where the proposed amendments were "based upon acts which occurred in their entirety prior to registration" (*id.*), here, Plaintiffs' allegations regarding Defendant's infringement of the registered METAPURSE mark are not limited to the period of time before the mark was registered.  Accordingly, Plaintiffs' Motion to file the Proposed SAC is not futile.

### III.    Plaintiffs Timely Filed the Motion and Defendant Will Not be Prejudiced

Defendant makes a single, deficient argument regarding delay.  While ignoring the case's procedural history, Defendant suggests that the approximate nine months that lapsed between the

---

[3] To date, Defendant has failed to sufficiently respond to RFA Nos. 98 and 99, among other discovery requests. Plaintiffs held a meet and confer with Defendant on September 11, 2024, regarding Defendant's objections and deficiencies in Defendant's discovery responses, but Defendant still has not otherwise responded to the RFAs, despite the fact that the RFAs were served on Defendant nearly six months ago.

[4] Although Plaintiffs respectfully submit that no further amendments are required to plead a claim under 15 U.S.C. § 1114, Plaintiffs propose including the following additional allegation in the Proposed SAC: "Upon information and belief, following issuance of U.S. Trademark Registration No. 7251142 for the mark METAPURSE, Defendant continued to utilize the METAPURSE mark and engage in acts that infringe upon the registered trademark."

date the U.S. Trademark Registration issued for METAPURSE and the filing of the Motion constitute delay sufficient to overcome Fed. R. Civ. P. 15's liberal amendment standard.  Opp. at 5.  Critically, however, Defendant's Opposition does not allege that he would suffer any prejudice if Plaintiffs were allowed to file the Proposed SAC, which is a key element of any objection based on alleged delay.  *See Grace v. Rosenstock*, 228 F.3d 40, 53–54 (2d Cir. 2000) ("The court . . . has discretion to deny leave to amend where the motion is made after an inordinate delay, no satisfactory explanation is offered for the delay, *and the amendment would prejudice other parties*, or where the belated motion would unduly delay the course of proceedings by, for example, introducing new issues for discovery") (internal quotations and citations omitted) (emphasis added); *see generally* Opp.  That is because Defendant would not be prejudiced by the Proposed SAC.

An amendment is prejudicial to the non-moving party if it "would 'require the opponent to expend significant additional resources to conduct discovery and prepare for trial' or 'significantly delay the resolution of the dispute.'"  *Ruotolo v. City of New York*, 514 F.3d 184, 192 (2d Cir. 2008) (quoting *Block v. First Blood Assocs.*, 988 F.2d 344, 350 (2d Cir. 1993)); *see also Henry v. Murphy*, 2002 WL 24307, at *2 (S.D.N.Y. Jan. 8, 2002) (Prejudice occurs if "the opposing party would experience undue difficulty in defending a lawsuit because of a change of tactics or theories on the part of the movant.").  Here, discovery only recently commenced after the Court lifted the discovery stay on July 19, 2024.  Additionally, Defendant has not produced a single document to the discovery requests that Plaintiffs served on March 29, 2024.  Thus, there is no prejudice to Defendant, especially because the ongoing discovery related to Plaintiffs' current trademark infringement claims will likewise apply to Plaintiffs' proposed new infringement claim.  *See Valentini v. Citigroup, Inc.*, No. 11 Civ. 1355, 2013 WL 4407065, at *7

6

(S.D.N.Y. Aug. 16, 2013) (eighteen month delay insufficient ground to warrant denial of motion to amend where non-moving party "failed to establish bad faith or undue prejudice"); *Dilworth v. Goldberg*, 914 F. Supp. 2d 433, 460 (S.D.N.Y. 2012) (finding no prejudicial delay in granting amendment over one year after the second amended complaint was filed because discovery had not substantially progressed).

Defendant's Opposition fails to acknowledge that the Motion was filed just six weeks after the Court ruled that Plaintiffs' FAC properly pled a claim for trademark infringement under 15 U.S.C. § 1125(a) and New York state common law. Defendant also ignores that Plaintiffs timely filed the Motion under the CMP, which was jointly agreed-to by the Parties.[5] Plaintiffs waited for a decision from the Court on Defendant's MTD before moving to add a claim under 15 U.S.C. § 1114 as it would not have been efficient or practical to file a motion to add the new claim before the Court ruled on Defendant's MTD. As the Second Circuit has indicated, a plaintiff's decision to wait for a ruling on a defendant's motion to dismiss before seeking leave to amend does not deem a motion for leave to amend untimely. *See Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC*, 797 F.3d 160, 190 (2d Cir. 2015). Thus, no delay can be found here, where Plaintiffs waited in good faith for the Court to rule on Defendant's MTD before seeking leave to add a claim closely related to claims that survived Defendant's MTD.

Again, Defendant relies on distinguishable case law to support its doomed and incomplete delay argument. In *AutoInfo, Inc. v. Hollander, Inc.*, the court analyzed a motion to amend based on "deficiencies identified by [Defendant]," i.e., not to add a new claim. No. 90 Civ. 6994 (JSM), 1991 WL 275650, at *3 (S.D.N.Y. Dec. 18, 1991). That is not the case here,

---

[5] Furthermore, Defendant's counsel recently filed a motion to withdraw as attorney (Dkt. 62) which, if granted, not only inherently delays the litigation but explicitly seeks a 45-day extension of all deadlines. Plaintiffs intend to oppose said motion in order to avoid added delay and resulting prejudice. Thus, Defendant's arguments that it is Plaintiffs who wish to delay this action ring hollow.

where Plaintiffs seek to add a claim based on the registration of an already-asserted trademark. As another distinguishing fact, the plaintiff in *AutoInfo* had knowledge of the facts underlying its proposed amendments at the motion to dismiss stage. *Id.* Again, that is not the case here. The METAPURSE registration issued after briefing on Defendant's MTD concluded. Furthermore, unlike in *AutoInfo*, Plaintiffs' new trademark infringement claim builds on claims that already survived a motion to dismiss. Thus, *AutoFill* is inapposite.

Plaintiffs did not delay in filing the Motion, and the fact that Defendant fails to allege that the Proposed SAC would prejudice him in any way underscores his inability to meet his burden to prevent amendment. Therefore, Plaintiffs should be allowed to file the Proposed SAC.

## CONCLUSION

In considering Plaintiffs' Motion, the Court has "broad discretion" to grant leave to amend in accordance with Fed. R. Civ. P. 15's liberal amendment policy. *Gurary v. Winehouse*, 235 F.3d 792, 801 (2d Cir. 2000); *see* Fed. R. Civ. P. 15(a)(2). Here, Defendant failed to meet his burden of demonstrating any undue delay, bad faith, undue prejudice, or futility. *See Milanese v. Rust-Oleum Corp.*, 244 F.3d 104, 110 (2d Cir. 2001) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Therefore, Plaintiffs respectfully request that the Court grant their Motion in its entirety, together with such other and further relief as this Court may deem just, proper, and equitable.

8

Dated: September 17, 2024
   New York, New York

Respectfully submitted,

By:

  */s/ Robert M. Wasnofski, Jr.*
  Robert M. Wasnofski, Jr.
  Daniel A. Schnapp
  Mary Kate Brennan
  Samuel J. Weiner
  DENTONS US LLP
  1221 Avenue of the Americas
  New York, NY 10020-1089
  Phone:  (212) 768-6748
  Fax:  (212) 768 6800
  robert.wasnofski@dentons.com
  daniel.schnapp@dentons.com
  marykate.brennan@dentons.com
  samuel.weiner@dentons.com

  *Attorneys for Plaintiffs Portkey*
  *Technologies Pte Ltd. and Vignesh*
  *Sundaresan*

9

## CERTIFICATE OF SERVICE

I, Robert M. Wasnofski, Jr., hereby certify that on September 17, 2024, a true and correct copy of the foregoing document was served on all counsel of record who have consented to electronic service via the Court's CM/ECF system.

*/s/ Robert M. Wasnofski, Jr.*