**DENTONS**

| | |
|---|---|
| **Robert M. Wasnofski, Jr.** | Dentons US LLP |
| | 1221 Avenue of the Americas |
| robert.wasnofski@dentons.com | New York, NY 10020-1089 |
| D          +1 212-768-6748 | United States |

dentons.com

September 23, 2024

**VIA ECF**

Hon. J. Paul Oetken
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, NY 10007

**Re:**    ***Portkey Technologies Pte Ltd. et al v. Venkateswaran*, 23-cv-5074 (JPO)**
Response to Defendant's September 19, 2024 Letter

Dear Judge Oetken:

As the Court is aware, we represent Plaintiffs Portkey Technologies Pte Ltd. and Vignesh Sundaresan ("Plaintiffs") in the above-referenced matter. Plaintiffs respectfully write in response to Defendant's September 19, 2024 letter ("Letter") (Dkt. 67), which inappropriately attempts to circumvent Your Honor's rules regarding the filing of a sur-reply.[1]  *See*, *e.g.*, Rule 2(B) of Your Honor's Individual Rules and Practices in Civil Cases. The Court should wholly disregard and strike Defendant's Letter on both procedural grounds and as a matter of law.

*First*, sur-reply papers are not permitted absent express permission from the Court in advance of filing. *See Kapiti v. Kelly*, No. 07-CV-3782, 2008 WL 754686, at *1 n.1 (S.D.N.Y. Mar. 12, 2008). Indeed, Rule 2(b) of Your Honor's Individual Rules states: "Surreply memoranda are not allowed (unless specifically permitted in extraordinary situations for good cause)." The court has held that, "[a]llowing parties to submit surreplies is not a regular practice that courts follow, because such a procedure has the potential for placing a court 'in the position of refereeing an endless volley of briefs.'" *Kapiti*, 2008 WL 754686, at *1 n.1 (internal citation omitted). Nevertheless, Defendant filed a sur-reply without first obtaining permission (or seeking leave) to do so. Therefore, the Court should strike Defendant's Letter and not grant him leave to file a sur-reply. *Endo Pharm. Inc. v. Amneal Pharm., LLC*, No. 12-CIV-8060, 2016 WL 1732751, at *9 (S.D.N.Y. Apr. 29, 2016) (striking a supplemental filing where the plaintiff "neither sought nor received permission from the court to file a [sur-reply]").

*Second*, Defendant's arguments lack merit because Plaintiffs did not raise new arguments or evidence in their Reply. Yet again, Defendant seeks to mislead the Court, cause delay, and waste judicial and party resources. Defendant's frivolous assertions regarding purported new

---

[1] Unless otherwise defined herein, defined terms have the same meaning as set forth in Plaintiffs' Reply in Further Support of its Motion for Leave to File a Second Amended Complaint ("Reply") (Dkt. 66).

**Zaanouni Law Firm & Associates ► LuatViet ► Fernanda Lopes & Associados ► Guevara & Gutierrez ► Paz Horowitz Abogados ► Sirote ► Adepetun Caxton-Martins Agbor & Segun ► Davis Brown ► East African Law Chambers ► For more information on the firms that have come together to form Dentons, go to dentons.com/legacyfirms**

September 23, 2024
Page 2

arguments and evidence lack merit, and the Court should not be consider them.  *See Preston Hollow Capital LLC v. Nuveen Asset Mgt. LLC*, 343 F.R.D. 460, 466 (S.D.N.Y. 2023) (where, like here, "a party requesting to submit a sur-reply was on notice of the opposing party's argument or the party had 'ample opportunity' to address the argument, courts have denied leave to file a sur-reply.").  Defendant claims that Plaintiffs argue for the first time in their Reply that Defendant used the METAPURSE mark after the mark was registered on December 26, 2023.  *See* Letter at 1.  Not so.  Without limitation, the Proposed SAC alleges that Portkey's U.S. application for the trademark METAPURSE was registered on December 23, 2024.  Proposed SAC ¶ 57, Ex. B.  The Proposed SAC also alleges that Defendant "***has repeatedly used and/or otherwise associated himself with the trademark METAPURSE, which is owned by Portkey.***"  *Id.* ¶ 11.  Plaintiffs did not limit their allegations to the period of time prior to the registration of the mark.  Unequivocally, Plaintiffs' Motion for Leave to Amend was filed in order to add a count for infringement of the federally registered trademark METAPURSE under U.S.C. § 1114 and the Proposed SAC does just that.

Defendant's assertion that Exhibit A to the Reply (Dkt. 66-1) raises new information lacks credibility.  *See* Letter at 1.  As detailed in the Reply, "Defendant cannot deny knowledge of Exhibit A as it is the subject of two Request for Admission (RFA Nos. 98 and 99) that Plaintiffs served on Defendant on March 29, 2024."  Reply at 4-5.  Therefore, Defendant cannot demonstrate a need to file a sur-reply and Defendant's Letter should be disregarded.  *See Ramon v. Corp. City of New York*, No. 17-CV-2307 (KAM), 2019 WL 1306061, at *7 (E.D.N.Y. Mar. 21, 2019) (holding that the plaintiff failed to show good cause for filing a sur-reply because "the record … makes clear that these representations do not constitute new facts or arguments.").  Additionally, whether or not Defendant was responsible for the infringing use of Plaintiffs' registered METAPURSE trademark after the date of registration, as shown for example in Exhibit A, is the proper subject for discovery.

In light of the foregoing, Plaintiffs respectfully request that the Court strike Defendant's Letter and deny Defendant leave to file a sur-reply, together with such other and further relief as the Court may deem just, proper, and equitable.

Respectfully submitted,

Robert M. Wasnofski, Jr.

cc: All counsel of record (via ECF)