**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------X

PORTKEY TECHNOLOGIES PTE LTD. and
VIGNESH SUNDARESAN,

              Plaintiffs,

         - against -

ANAND VENKATESWARAN,

             Defendant.

---------------------------------------------------------------X

:   Civil Case No. 23-cv-5074-JPO

**PLAINTIFFS' OPPOSITION TO DEFENSE COUNSEL'S MOTION TO WITHDRAW**

## **TABLE OF CONTENTS**

PRELIMINARY STATEMENT ...........................................................................................................1

FACTUAL BACKGROUND...............................................................................................................2

ARGUMENT.......................................................................................................................................3

      I.       THE COURT SHOULD DENY THE MOTION ......................................................3

            A.      Defense Counsel's Withdrawal Will Prejudice
                    Plaintiffs and Significantly Delay the Proceeding ......................................4

            B.      Failure to Pay Alone Is an Insufficient
                    Reason for Counsel to Withdraw ..................................................................6

CONCLUSION...................................................................................................................................10

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Allstate Ins. Co. v. Spina*,
   No. 20-CV-1959 (KMK), 2020 WL 7753266 (S.D.N.Y. July 27, 2020) ..............................7, 9

*Blue Angel Films, Ltd. v. First Look Studios, Inc.*,
   No. 08-CV-6469 (DAB) (JCF), 2011 WL 672245 (S.D.N.Y. Feb. 17, 2011) ..........................6

*Bruce Lee Enterprises, LLC v. A.V.E.L.A., Inc.*,
   No. 10-CV-2333 (MEA), 2014 WL 1087934 (S.D.N.Y. Mar. 19, 2014) .................................4

*Chen v. Best Miyako Sushi Corp.*,
   No. 16-CV-02012 (JGK) (BCM), 2017 WL 11698623 (S.D.N.Y. June 12, 2017)...................7

*City of Almaty, Kazakhstan v. Sater*,
   No. 19-CV-2645 (JGK), 2024 WL 1484051 (S.D.N.Y. Apr. 1, 2024) ................................8–9

*Cower v. Albany L. Sch. of Union Univ.*,
   No. 04CV0643 (DAB), 2005 WL 1606057 (S.D.N.Y. July 8, 2005)........................................6

*Ellis v. Jean*,
   No. 10-CV-8837(AJN) (KNF), 2013 WL 662454 (S.D.N.Y. Feb. 20, 2013) .....................9–10

*Espinoza v. Broadway Pizza & Rest. Corp.*,
   No. 17-CV-7995-GBD-KHP, 2020 WL 13590958 (S.D.N.Y. Nov. 16, 2020)........................7

*Farmer v. Hyde Your Eyes Optical, Inc.*,
   60 F. Supp. 3d 441 (S.D.N.Y. 2014).......................................................................................7

*Flannigan v. Vulcan Power Grp. LLC*,
   No. 09-CV-8473 (LAP), 2023 WL 2986870 (S.D.N.Y. Apr. 18, 2023) .................................4

*Foster v. City of New York*,
   No. 96-CV9271 (PKL), 2000 WL 145927 (S.D.N.Y. Feb. 7, 2000)........................................4

*Freund v. Weinstein*,
   No. 08-CV-1469-FB-MDG, 2009 WL 750242 (E.D.N.Y. Mar. 19, 2009)..............................6

*Golden v. Guar. Acceptance Cap. Corp.*,
   No. 91-CV-2994 (CHT), 1993 WL 88191 (S.D.N.Y. Mar. 25, 1993) ....................................5

*HCC, Inc. v. R H & M Mach. Co.*,
   No. 96-CV-4920 (PKL), 1998 WL 411313 (S.D.N.Y. July 20, 1998)....................................5

*Liberty Mut. Ins. Co. v. RPC Leasing Inc.*,
   No. 06-CV-5706-ARR-JO, 2008 WL 5068610 (E.D.N.Y. Nov. 21, 2008) ..............................9

*Melnick v. Press*,
   No. 06-CV-6686 (JFB) (ARL), 2009 WL 2824586 (E.D.N.Y. Aug. 28, 2009).......................6

*Mendez v. K&Y Peace Corp.*,
   No. 16-CV-05562 (SN), 2017 WL 11808872 (S.D.N.Y. Sept. 27, 2017)................................6

*Police Officers For A Proper Promotional Process v. Port Auth. of New York & New Jersey*,
   No. 11-CV-7478 (LTS) (JCF), 2012 WL 4841849 (S.D.N.Y. Oct. 10, 2012) .........................9

*R. Maganlal & Co. v. M.G. Chem. Co.*,
   No. 88-CV-4896 (MJL) (THK), 1996 WL 420234 (S.D.N.Y. July 25, 1996).........................5

*Rophaiel v. Alken Murray Corp.*,
   No. 94-CV-9064 (CSH), 1996 WL 306457 (S.D.N.Y. June 7, 1996)....................................10

*S.E.C. v. Gibraltar Glob. Sec., Inc.*,
   No. 13-CV-2575 (GBD) (JCF), 2015 WL 2258173 (S.D.N.Y. May 8, 2015) ......................5, 9

*S.E.C. v. Intracom Corp.*,
   No. CV-02-4367 (LDW) (ETB), 2007 WL 1593208 (E.D.N.Y. June 1, 2007) .......................7

*Sec. Inv. Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*,
   657 B.R. 382 (Bankr. S.D.N.Y. 2024)...............................................................................4–5, 7

*Team Obsolete Ltd. v. A.H.R.M.A. Ltd.*,
   464 F. Supp. 2d 164 (E.D.N.Y. 2006) ....................................................................................6

*United States v. Parker*,
   439 F.3d 81 (2d Cir. 2006)......................................................................................................6

*United States v. Stein*,
   488 F. Supp. 2d 370 (S.D.N.Y. 2007).....................................................................................9

*Wilson v. Pasquale's DaMarino's, Inc.*,
   No. 10-CV-2709 (PGG), 2018 WL 4761574 (S.D.N.Y. Sept. 30, 2018)............................3–4

*Yuan v. & Hair Lounge Inc.*,
   No. 18-CV-11905 (AT), 2023 WL 3004884 (S.D.N.Y. Jan. 23, 2023) ..................................7

Plaintiffs Portkey Technologies Pte Ltd. ("Portkey") and Vignesh Sundaresan ("Sundaresan," and together with Portkey, "Plaintiffs") respectfully submit this memorandum of law in opposition to the Motion to Withdraw ("Motion") filed by Defendant Anand Venkateswaran's ("Defendant") counsel, Robert D. Carroll and Timothy Keegan of Goodwin Proctor LLP.

## PRELIMINARY STATEMENT

In seeking to withdraw, defense counsel ignores the prejudice that Plaintiffs will suffer and inevitable delays in the litigation that will occur as a result of a withdrawal. Defense counsel failed to set forth satisfactory reasons for withdrawal, and thus the Court should not relieve defense counsel of its obligations to represent Defendant in this action at Plaintiffs' expense.

At the outset, Defendant has already failed to sufficiently respond to Plaintiffs' discovery demands, which were served in March. Even after the Court lifted the discovery stay, Defendant's responses have been woefully deficient. Indeed, Defendant's first document production has been outstanding for over a month and his written discovery responses remain severely deficient.[1] If defense counsel withdraws, as a practical matter, Plaintiffs will have no one to hold accountable for discovery. This case involves complex trademark infringement claims spanning years and there is a large number of discoverable documents to be disclosed by Defendant. Both Plaintiffs and the Court will bear the impact of the withdrawal if the Court relieves defense counsel of its obligations without substitute counsel already in place. Further, through this action, Plaintiffs seek

---

[1] On August 19, 2024, Defendant served responses and objections to Plaintiffs' discovery requests, namely, requests for production of documents, interrogatories, and requests for admission. Defendant's responses were severely deficient, including repeatedly refusing to respond; improperly and erroneously objecting to requests related to Plaintiffs' trademark infringement claims; denying discovery requests despite documentary evidence to the contrary (including documentary evidence attached as exhibits to the discovery requests); and unilaterally and improperly attempting to narrow the categories of responsive documents and/or the applicable time period to search for responsive documents. To date, Defendant has not produced any documents.

injunctive relief to enjoin Defendant from making further use of their trademarks. If the Court permits defense counsel to withdraw, Plaintiffs expect that there will be a significant delay until there is a resolution on the merits, which will further prejudice Plaintiffs by permitting Defendant to continue to make infringing and confusing use of Plaintiffs' trademarks.

As the sole basis for the Motion, defense counsel argues that Defendant has failed to pay some of his legal bills and Defendant purportedly will be unable to pay those bills in the future. Yet, defense counsel does not cite any deliberate disregard of financial obligations, failure to communicate, or breakdown of the attorney-client relationship. Defense counsel instead spends the majority of its Motion making baseless complaints about purported litigation tactics which are irrelevant to the Motion and occurred ***after*** Defendant allegedly stopped paying his legal bills.[2] Defense counsel also does not provide any detail or support about its unpaid bills or Defendant's inability to pay, instead asking the Court to take it at its word. This reason alone, however, is insufficient to support a motion to withdraw, and defense counsel's omission of any evidence is fatal to its Motion. Accordingly, the Court should deny defense counsel's Motion.

### FACTUAL BACKGROUND

Plaintiffs commenced this action by filing their Complaint on June 15, 2023. (*See* Dkt. No. 1.) Defense counsel Robert D. Carroll of Goodwin Proctor LLP first appeared in the action on July 26, 2023. (*See* Dkt. No. 8.) Between that time and March 2024, when Defendant purportedly stopped paying his legal bills, defense counsel only sought extensions of time to

---

[2] Defense counsel also complains that Plaintiffs have "publicly and privately" advanced a false narrative that Defendant has infringed Plaintiffs' intellectual property rights. Not so. The cited news coverage simply discusses the filings in this action, which are publicly available on the Court's docket. Moreover, several of the articles demonstrate Defendant's infringement by providing evidence of ***actual confusion***, because even the authors of the articles were confused into believing that Plaintiff Vignesh Sundaresan and Defendant were partners. (*See* Dkt. No. 63 ("Mov. Br.") 1 n.1.)

respond to the Complaint and filed a Motion to Dismiss. (*See* Dkt. Nos. 9–20.) When Plaintiffs amended their Complaint in November 2023 (Dkt. 22), defense counsel relied on its previously filed Motion to Dismiss. (*See* Dkt. No. 25.) The parties did not engage in any other motion practice during that time period. (*See generally* Dkt. Nos. 8–30.) Plaintiffs served document requests, interrogatories, and requests for admission on March 29, 2024 (*see* Dkt. Nos. 40-2, 40-3, 40-4), but Defendant's deadline to respond to these requests was suspended during the discovery stay. (*See* Dkt. No. 42.) In July 2024, the Court issued its Opinion and Order ("Order") on Defendant's Motion to Dismiss, allowing four of Plaintiffs' claims to proceed, and lifted the discovery stay. (*See* Dkt. No. 45.) Shortly thereafter, the Court entered a Civil Case Management Plan, requiring, *inter alia*, all fact discovery and depositions to be completed by December 13, 2024. (*See* Dkt. No. 51.) Though Defendant's deadline to respond to Plaintiffs' discovery requests was triggered by the Court's July 19, 2024 Order lifting the discovery stay (*see* Dkt. No 64-1), Defendant has yet to provide any documents in response to Plaintiffs' discovery requests and has failed to respond to many of Plaintiffs' interrogatories and requests for admission.[3] Defense counsel now seeks to withdraw without substitute counsel in place. *See* Mov. Br. at 2, 7.

## ARGUMENT

### I.    THE COURT SHOULD DENY THE MOTION

The Court should not relieve defense counsel of its obligations. "It is generally said of the attorney-client relationship that [w]hen an attorney is retained to conduct a legal proceeding, he enters into an entire contract to conduct the proceeding to a conclusion and he may not abandon

---

[3] Specifically, Defendant refused to respond to 89 requests for admission, one request for production, and three interrogatories. Plaintiffs advised Defendant of these, and numerous other, deficiencies in his responses to Plaintiffs' discovery requests by letter on September 5, 2024. The parties met and conferred on September 11, 2024, to discuss Defendant's discovery deficiencies, but, to date and despite the ongoing meet and confer process, Defendant has not supplemented his responses to Plaintiffs' discovery requests, nor has Defendant produced any documents.

his relation without reasonable or justifiable cause." *Wilson v. Pasquale's DaMarino's, Inc.*, No. 10-CV-2709 (PGG), 2018 WL 4761574, at *8 (S.D.N.Y. Sept. 30, 2018) (internal citations and quotation marks omitted). "[I]n the absence of a compelling justification, the Court will not relieve an attorney from his obligations." *Id.* (quoting *Foster v. City of New York*, No. 96-CV-9271 (PKL), 2000 WL 145927, at *4 (S.D.N.Y. Feb. 7, 2000)). While courts have discretion in deciding motions to withdraw, the Court must consider whether defense counsel has proffered sufficient reasons for the withdrawal and the impact of the withdrawal on the timing of the proceeding. *Flannigan v. Vulcan Power Grp. LLC*, No. 09-CV-8473 (LAP), 2023 WL 2986870, at *2 (S.D.N.Y. Apr. 18, 2023).

Here, not only has defense counsel failed to proffer any compelling reasons for withdrawal, defense counsel wholly ignored the prejudice that Plaintiffs inevitably will suffer as a result. Accordingly, and as detailed below, the Court should deny defense counsel's Motion.

### A. Defense Counsel's Withdrawal Will Prejudice Plaintiffs and Significantly Delay the Proceeding

Defense counsel fails to consider the full impact of its proposed withdrawal on the proceeding. Indeed, the only prejudice that defense counsel even considers is prejudice to its client. *See* Mov. Br. at 7. Defense counsel notably does not consider the prejudice to Plaintiffs or the Court. *See Bruce Lee Enterprises, LLC v. A.V.E.L.A., Inc.*, No. 10-CV-2333 (MEA), 2014 WL 1087934, at * 3 (S.D.N.Y. Mar. 19, 2014) (stating that the court must weigh the impact of withdrawal on the progress of the action and take into account the prejudice, harm, and burden to client, the lawyer, and the judicial system which may be caused by the withdrawal). This case involves complex trademark infringement claims that necessarily require counseled parties. As defense counsel concedes, Defendant might choose to represent himself. Mov. Br. at 7. If this occurs, extended delays in the proceeding can all but be assured because, as a practical matter,

4

"[n]o one would be accountable to respond to [Plaintiffs'] discovery [requests]." *Sec. Inv. Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, 657 B.R. 382, 392 (Bankr. S.D.N.Y. 2024).

Indeed, even while counseled, Defendant has already been delayed in responding to discovery. Plaintiffs issued discovery requests on March 29, 2024. Defendant's deadline to respond was stayed until the Court lifted the discovery stay on July 19, 2024. Defendant, however, only has served deficient written responses rife with improper objections; he has also failed to produce any documents. Defense counsel's withdrawal would further delay the overdue document production and resolution of discovery deficiencies. *See S.E.C. v. Gibraltar Glob. Sec., Inc.*, No. 13-CV-2575 (GBD) (JCF), 2015 WL 2258173, at *3 (S.D.N.Y. May 8, 2015) ("Here, however, it is clear that [defense counsel]'s withdrawal would further delay—perhaps indefinitely—the already overdue production of documents and the scheduling of the defendants' depositions.").

Further, there is no assurance that the 45-day extension proposed by defense counsel would mitigate any prejudice.[4] Fact discovery is currently scheduled to close on December 13, 2024, but Plaintiffs cannot even proceed with depositions because Defendant has failed to produce any documents. Given the complexity of this case, the facts of which span many years, and the volume of discoverable documents and communications within the possession, custody or control of Defendant, Plaintiffs expect discovery to be time-consuming. Additionally, through this action, Plaintiffs seek injunctive relief, enjoining and restraining Defendant from any further use of Plaintiffs' trademarks, including TWOBADOUR and METAPURSE, or any name or mark

---

[4] Defense counsel's reliance on *HCC*, *R. Maganlal*, and *Golden* is misplaced because these cases all concerned court mandates to *corporate* defendants (who may not proceed *pro se*) to obtain new counsel within a certain number of days. *See HCC, Inc. v. R H & M Mach. Co.*, No. 96-CV-4920 (PKL), 1998 WL 411313, at *1 (S.D.N.Y. July 20, 1998); *R. Maganlal & Co. v. M.G. Chem. Co.*, No. 88-CV-4896 (MJL) (THK), 1996 WL 420234, at *3 (S.D.N.Y. July 25, 1996); *Golden v. Guar. Acceptance Cap. Corp.*, No. 91-CV-2994 (CHT), 1993 WL 88191, at *2 (S.D.N.Y. Mar. 25, 1993).

confusingly similar thereto.  As there is currently no injunction in place during the pendency of this action, Defendant may continue his infringing and confusing use of Plaintiffs' trademarks, to the detriment of Plaintiffs.  Allowing defense counsel to withdraw without substituted counsel in place is certain to bring this case to a grinding halt, increase Plaintiffs' expenses, delay a resolution on the merits for a significant period of time, and unnecessarily expend judicial resources.

### B.        Failure to Pay Alone Is an Insufficient Reason for Counsel to Withdraw

Contrary to defense counsel's assertion, failure to pay alone is an insufficient reason for the Court to grant defense counsel's motion to withdraw.[5]  As the Second Circuit has recognized, "courts have permitted counsel to withdraw for lack of payment *only* where the client either 'deliberately disregarded' financial obligations or failed to cooperate with counsel." *United States v. Parker*, 439 F.3d 81, 104 (2d Cir. 2006) (internal citation omitted) (emphasis added).  "Non-payment of legal fees, without more, is not usually a sufficient basis to permit an attorney to withdraw from representation." *Id.*

Defense counsel here does not argue that Defendant has intentionally disregarded its obligations, that Defendant has failed to cooperate with it, or that there has been any breakdown

---

[5] Defense counsel's cited case law is inapposite.  Unlike here, where Defendant is said to be financially unable to pay, in *Team Obsolete Ltd. v. A.H.R.M.A. Ltd.*, the client had *deliberately disregarded* its obligations to pay attorneys' fees.  464 F. Supp. 2d 164, 167 (E.D.N.Y. 2006). Similarly, in *Blue Angel*, *Freund*, and *Cower* there was an additional and critical reason for the withdrawal:  the clients in each case failed to communicate with counsel.  *Blue Angel Films, Ltd. v. First Look Studios, Inc.*, No. 08-CV-6469 (DAB) (JCF), 2011 WL 672245, at *2 (S.D.N.Y. Feb. 17, 2011); *Freund v. Weinstein*, No. 08-CV-1469-FB-MDG, 2009 WL 750242, at *1 (E.D.N.Y. Mar. 19, 2009); *Cower v. Albany L. Sch. of Union Univ.*, No. 04-CV-0643 (DAB), 2005 WL 1606057, at *5 (S.D.N.Y. July 8, 2005).  In *Mendez v. K&Y Peace Corp.*, no party objected to the withdrawal and there were no disputes over document production.  No. 16-CV-05562 (SN), 2017 WL 11808872, at *1 (S.D.N.Y. Sept. 27, 2017).  And *Melnick v. Press* concerned a motion to fix the amount of an attorneys' charging lien.  No. 06-CV-6686 (JFB) (ARL), 2009 WL 2824586, at *1 (E.D.N.Y. Aug. 28, 2009).

6

of the attorney-client relationship (*see* Mov. Br. at 4),[6] which may be sufficient reasons for counsel to withdraw. *See, e.g.*, *Chen v. Best Miyako Sushi Corp.*, No. 16-CV-02012 (JGK) (BCM), 2017 WL 11698623, at *3 (S.D.N.Y. June 12, 2017) ("Deterioration in the attorney-client relationship, including refusal by the client to cooperate with counsel, can also provide grounds for withdrawal…."); *Farmer v. Hyde Your Eyes Optical, Inc.*, 60 F. Supp. 3d 441, 445 (S.D.N.Y. 2014) ("Satisfactory reasons for withdrawal include 'a client's lack of cooperation, including lack of communication with counsel, and the existence of irreconcilable conflict between attorney and client.'" (internal citation omitted)).

Defense counsel's only argument is that Defendant cannot pay his legal fees (Mov. Br. at 4), which on its own is insufficient. *See, e.g.*, *Sec. Inv. Prot. Corp.*, 657 B.R. at 391 (finding inability to pay "insufficient as a basis for withdrawal"); *Yuan v. & Hair Lounge Inc.*, No. 18-CV-11905 (AT), 2023 WL 3004884, at *1 (S.D.N.Y. Jan. 23, 2023) (finding that counsel "has not put forward satisfactory reasons for withdrawal" where counsel stated that defendants refused to pay attorneys' fees in full for two months); *Allstate Ins. Co. v. Spina*, No. 20-CV-1959 (KMK), 2020 WL 7753266, at *2 (S.D.N.Y. July 27, 2020) (denying motion to withdraw where counsel had "not presented a sufficient showing of something 'more' beyond anticipated nonpayment of legal fees"); *S.E.C. v. Intracom Corp.*, No. CV-02-4367 (LDW) (ETB), 2007 WL 1593208, at *2 (E.D.N.Y. June 1, 2007) (finding inability to pay legal fees does not constitute "good cause" for withdrawal).

---

[6] Defense counsel cites *Espinoza v. Broadway Pizza & Rest. Corp.*, but that motion to withdraw concerned defense counsel's inability to get in touch with its clients over a two-year period. No. 17-CV-7995-GBD-KHP, 2020 WL 13590958, at *1 (S.D.N.Y. Nov. 16, 2020). As such, the case is not relevant to defense counsel's Motion.

Defense counsel attributes its client's alleged inability to pay to Plaintiffs' purported litigation tactics, but notably, many of the cited legal events[7] occurred ***after*** Defendant had, allegedly, already stopped paying his bills by March 2024.  (*See generally* Dkt. Nos. 1–30.)  Defense counsel did not even revise Defendant's Motion to Dismiss after Plaintiffs filed the Amended Complaint; it instead choose to stand on its prior motion.  (*See* Dkt. No. 25.)  At best, defense counsel's arguments regarding litigation tactics are overblown and irrelevant to this Motion, and borderline frivolous at worst.[8]  Defendant's potential inability to pay for the services of a large law firm was something that defense counsel should have seen from the outset when it agreed to represent Defendant in this action.  As recently recognized by another court in this District, counsel cannot "***withdraw from the litigation simply because their bargained-for fee has***

---

[7] Although the underlying trademark dispute contains substantial complexities, this action inherently involves standard pleadings and motion practice, *e.g.*, the filing of a complaint, requests for extensions to respond, a motion to dismiss, and an amended complaint.

[8] For example, defense counsel argues that Plaintiffs' complaint is "facially deficient," Mov. Br. at 4, but the Court tacitly acknowledged that it was not since the Court allowed four claims to proceed, (Dkt. No. 45.)  Defense counsel complains about Plaintiffs' "[i]nconsequential amendments" to the Complaint, but does not argue that the amendments caused Defendant to incur any costs (Mov. Br. at 5)—they would not since Plaintiffs were entitled to amend as of right, and Defendant relied on his previously filed motion to dismiss.  (*See* Dkt. No. 25.)  Defense counsel gripes with the fact that it chose to file a motion to stay discovery, Mov. Br. at 5 (*see* Dkt. No. 31), but defense counsel chose to do so before Plaintiffs even served discovery requests.  (*See* Dkt. No. 40.)  Defense counsel also takes issue with the fact that Plaintiffs opposed the motion to stay, Mov. Br. at 5, but Plaintiffs were entitled to do so.  (*See* Dkt. No. 32.)  Defense counsel claims that Plaintiffs "refused to withdraw many discovery requests" related the dismissed claims, but this is not what the correspondence shows.  (*See* Dkt. No. 64-1.)  Rather, defense counsel requested that Plaintiffs re-serve or withdraw the discovery requests, and Plaintiffs' counsel responded that it believed all requests are relevant to the remaining claims.  (*See id.*)  Defense counsel argues that Plaintiffs' Motion for Reconsideration has no basis, Mov. Br. at 6, but the motion clearly set out the grounds for reconsideration (to correct clear error and prevent manifest injustice).  (*See* Dkt. No. 54 at 1.)  Defense counsel insists that Plaintiffs resisted efforts to arrange for a settlement conference, Mov. Br. at 6, but as the Case Management Plan shows, Plaintiffs proffered private mediation.  (*See* Dkt. No. 51.)  Finally, as Plaintiffs explained in their reply in further support of their Motion for Leave to File a Second Amended Complaint, the proposed amendments are not futile or untimely, and the motion to amend should be granted.  (*See* Dkt. No. 66.)

*not worked out as they thought it would*." *City of Almaty, Kazakhstan v. Sater*, No. 19-CV-2645 (JGK), 2024 WL 1484051, at \*2 (S.D.N.Y. Apr. 1, 2024) (emphasis added); *see United States v. Stein*, 488 F. Supp. 2d 370, 374 (S.D.N.Y. 2007) ("Given the fact that [defense counsel] undertook this representation, knowing that his prospects for full payment were unsecured and inherently somewhat uncertain, the Court has a heightened interest in his finishing what he started.").

Defense counsel's bare conclusions regarding Defendant's inability to pay cannot alone support this Motion. "[S]tating generally that a client owes counsel fees is not enough to justify withdrawal." *Liberty Mut. Ins. Co. v. RPC Leasing Inc.*, No. 06-CV-5706-ARR-JO, 2008 WL 5068610, at \*2 (E.D.N.Y. Nov. 21, 2008) (internal citation omitted). "Rather, an attorney seeking to withdraw his or her representation of a client 'must set forth the details of the client's failure' to pay fees." *Id.* (internal citation omitted). Defense counsel does not shed any light on what fees Defendant has failed to pay or provide proof that Defendant is unable to pay. Defense counsel simply asks the Court to accept it at its word.[9] Courts, however, have routinely rejected similar motions to withdraw that also did not provide sufficient proof regarding a client's failure and inability to pay. *See, e.g.*, *Allstate*, 2020 WL 7753266, at \*2 (denying motion to withdraw where counsel had "not presented documentation suggesting that 'a significant period of nonpayment of a substantial fee' currently exists" (internal citation omitted)); *Gibraltar*, 2015 WL 2258173, at \*2 (concluding that non-payment of fees did not warrant withdrawal where counsel claimed that their clients were six months behind on their bills but failed to specify the actual fees owed or provide any evidence of future inability to pay, other than a "one-page affidavit" from their individual client "which is devoid of any detail"); *Ellis v. Jean*, No. 10-CV-8837 (AJN) (KNF), 2013 WL

---

[9] Unlike here, in *Police Officers For A Proper Promotional Process v. Port Auth. of New York & New Jersey*, counsel provided specific detail about the unpaid bills and the clients' inability to pay. No. 11-CV-7478-LTS-JCF, 2012 WL 4841849, at \*1 (S.D.N.Y. Oct. 10, 2012).

662454, at *1 (S.D.N.Y. Feb. 20, 2013) (finding non-payment to be insufficient reason for withdrawal in the absence of evidence that client "deliberately disregarded" financial obligations, evidence of failure to cooperate with counsel, or non-hearsay evidence of client's inability to pay in future); *Rophaiel v. Alken Murray Corp.*, No. 94-CV-9064 (CSH), 1996 WL 306457, at *1–2 (S.D.N.Y. June 7, 1996) (requiring financial statements from corporate client and tax returns from individual clients demonstrating inability to pay before considering withdrawal motion).  The Court should likewise reject defense counsel's conclusory inability-to-pay excuse here.

## CONCLUSION

Accordingly, for the foregoing reasons, the Court should deny defense counsel's Motion, and provide such other and further relief as the Court may deem just, proper, and equitable.

Dated: September 24, 2024
      New York, New York

Respectfully submitted,

By:

    /s/ Robert M. Wasnofski, Jr.
Robert M. Wasnofski, Jr.
Daniel A. Schnapp
Mary Kate Brennan
Samuel J. Weiner
DENTONS US LLP
1221 Avenue of the Americas
New York, NY 10020-1089
Phone:  (212) 768-6748
Fax:  (212) 768 6800
robert.wasnofski@dentons.com
daniel.schnapp@dentons.com
marykate.brennan@dentons.com
samuel.weiner@dentons.com

*Attorneys for Plaintiffs Portkey Technologies Pte Ltd. and Vignesh Sundaresan*

## <u>CERTIFICATE OF SERVICE</u>

I, Robert M. Wasnofski, Jr., hereby certify that on September 24, 2024, a true and correct copy of the foregoing document was served on all counsel of record who have consented to electronic service via the Court's CM/ECF system.

_____/s/ Robert M. Wasnofski, Jr._____

11