**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| PORTKEY TECHNOLOGIES PTE LTD. and VIGNESH SUNDARESAN,<br><br>　　　　　Plaintiffs,<br><br>v.<br><br>ANAND VENKATESWARAN,<br><br>　　　　　Defendant. | Case No. 1:23-cv-5074-JPO |

<u>**REPLY IN FURTHER IN SUPPORT OF MOTION TO WITHDRAW AS COUNSEL**</u>

i

**TABLE OF CONTENTS**

I.    ARGUMENT.................................................................................................................. 1

    A.   Plaintiffs' criminal law cases are inapposite........................................................ 1

    B.   The motion to withdraw is consented-to and client-driven .................................. 1

    C.   There is real documented non-payment and financial hardship ......................... 2

    D.   Plaintiffs' arguments about delay and prejudice are wrong................................. 2

    E.   Plaintiffs rely on a smattering of other unpersuasive cases ............................... 4

    F.   Plaintiffs' continued pattern of bad faith litigation conduct .............................. 4

II.   CONCLUSION.............................................................................................................. 5

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Allstate Ins. Co. v. Spina*,
No. 20-cv-1959-KMK, 2020 WL 7753266 (S.D.N.Y. July 27, 2020) ...................................2, 4

*Blue Angel Films, LTD v. First Look Studios, Inc.*,
No. 08-cv-6469-DAB-JCF, 2011 WL 672245 (S.D.N.Y. Feb. 17, 2011) ................................2

*Chen v. Best Miyako Sushi Corp.*,
No. 16-cv-02012-JGK-BCM, 2017 WL 11698623 (S.D.N.Y. June 12, 2017) .........................3

*Cower v. Albany Law School of Union Univ.*,
No. 04-cv-643, 2005 WL 1606057 (S.D.N.Y. July 8, 2005) .....................................................2

*Ellis v. Jean*,
No. 10-cv-8837-AJN-KNF, 2013 WL 662454 (S.D.N.Y. Feb. 20, 2013) ...............................1

*Freund v. Weinstein*,
No. 08-cv-1469, 2009 WL 750242 (E.D.N.Y. Mar. 19, 2009)..................................................2

*Melnick v. Press*,
No. 06-cv- 6686, 2009 WL 2824586 (E.D.N.Y. Aug. 28, 2009) ..............................................2

*Mendez v. K&Y Peace Corp.*,
No. 16-cv-05562-SN, 2017 WL 11808872 (S.D.N.Y. Sept. 27, 2017).....................................2

*Police Officers for a Proper Promotional Process v. the Port Authority of New
York and New Jersey*,
No. 11-cv-74788-LTS-JCF, 2012 WL 4841849 (S.D.N.Y. Oct. 10, 2012) .............................2

*Rophaiel v. Alken Murray Corp.*,
No. 94-cv-9064-CSH, 1996 WL 306457 (S.D.N.Y. June 7, 1996)...........................................4

*Sec. Investor Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*,
657 B.R. 382 (S.D.N.Y. Br. 2024).............................................................................................4

*Team Obsolete Ltd. v. A.H.R.M.A. Ltd.*,
464 F. Supp. 2d 164 (E.D.N.Y. 2006) .......................................................................................2

*United States v. Parker*,
439 F.3d 81 (2d Cir. 2006)..........................................................................................................1

*United States v. Stein*,
488 F. Supp. 2d 370 (S.D.N.Y. 2007).........................................................................................1

*Yuan v. & Hair Lounge Inc.*,
    No. 18-cv-11905-AT, 2023 WL 3004884 (S.D.N.Y. Jan. 23, 2023) .........................................1

**Statutes**

Criminal Justic Act ...........................................................................................................................1

**Other Authorities**

Sixth Amendment .............................................................................................................................1

Goodwin's consented-to motion to withdraw should be granted.  Plaintiffs' arguments in opposing that motion are wrong.

## I.   ARGUMENT

### A.  Plaintiffs' criminal law cases are inapposite

First, Plaintiffs rely heavily on inapposite *criminal* cases where withdrawal would impinge upon a criminal defendants' constitutional right to counsel and speedy trial.  *See United States v. Parker*, 439 F.3d 81, 90-91 (2d Cir. 2006) (assessing request for new counsel under Criminal Justic Act, which was enacted "[i]n accordance with th[e] constitutional mandate" that "[t]he Sixth Amendment provides that in all criminal prosecutions, the accused shall enjoy the right to have the Assistance of Counsel for his defense") (cleaned up); *United States v. Stein*, 488 F. Supp. 2d 370, 375 (S.D.N.Y. 2007) (denying motion to withdraw without prejudice but permitting renewal of motion if shown that criminal defendant qualified for public defender representation in accordance with Criminal Justice Act).  Mr. Venkateswaran is a civil litigant who consents to withdrawal, and he seeks a short 45-day extension to collect his bearings and potentially engage counsel from a smaller firm.  Either way, withdrawal will not impinge on any constitutional right.

### B.  The motion to withdraw is consented-to and client-driven

Mr. Venkateswaran is the driving force behind the consented-to motion to withdraw, as he can no longer afford large law firm rates.  This is unlike the scenarios discussed in the cases on which Plaintiffs rely, which concerned motions to withdraw filed without client consent.  *See Yuan v. & Hair Lounge Inc.*, No. 18-cv-11905-AT, 2023 WL 3004884, at *1 (S.D.N.Y. Jan. 23, 2023) (motion to withdraw filed after period of no contact with client); *Ellis v. Jean*, No. 10-cv-8837-AJN-KNF, 2013 WL 662454, at *1 (S.D.N.Y. Feb. 20, 2013).

### C.  There is real documented non-payment and financial hardship

The reason Mr. Venkateswaran consents to Goodwin's withdrawal is because he has not made payment for over six months and cannot make future payments.  It is well established that this is a satisfactory reason for withdrawal.  *See, e.g.*, *Mendez v. K&Y Peace Corp.*, No. 16-cv-05562-SN, 2017 WL 11808872, at *1 (S.D.N.Y. Sept. 27, 2017) (granting a motion to withdraw where client was unable to satisfy their payment obligations); *Police Officers for a Proper Promotional Process v. the Port Authority of New York and New Jersey*, No. 11-cv-74788-LTS-JCF, 2012 WL 4841849, at *1-2 (S.D.N.Y. Oct. 10, 2012) (same); *Blue Angel Films, LTD v. First Look Studios, Inc.*, No. 08-cv-6469-DAB-JCF, 2011 WL 672245, at *2-3 (S.D.N.Y. Feb. 17, 2011) (same); *Melnick v. Press*, No. 06-cv- 6686, 2009 WL 2824586, at *3 (E.D.N.Y. Aug. 28, 2009) (same); *Freund v. Weinstein*, No. 08-cv-1469, 2009 WL 750242, at *1 (E.D.N.Y. Mar. 19, 2009) (same); *Team Obsolete Ltd. v. A.H.R.M.A. Ltd.*, 464 F. Supp. 2d 164, 166 (E.D.N.Y. 2006) (same); *Cower v. Albany Law School of Union Univ.*, No. 04-cv-643, 2005 WL 1606057, at *5 (S.D.N.Y. July 8, 2005) (same).  Plaintiffs' reliance on *Allstate* is inapposite, because it relied on *anticipated* non-payment, not actual non-payment (in this case over many months).  *See Allstate Ins. Co. v. Spina*, No. 20-cv-1959-KMK, 2020 WL 7753266, at *2 (S.D.N.Y. July 27, 2020) (denying motion to withdraw because counsel had "not presented a sufficient showing of something 'more' beyond anticipated nonpayment of legal fees").

### D.  Plaintiffs' arguments about delay and prejudice are wrong

Plaintiffs' prejudice arguments ring hollow.  Plaintiffs allege ongoing harm and delayed resolution as prejudice (ECF No. 70 at 4-5), but Plaintiffs made the strategic decision not to move for a preliminary injunction.  Meanwhile, in concurrent briefing on Plaintiffs' motion to amend the complaint (ECF No. 58), Plaintiffs implicitly concede that there is no ongoing harm (even crediting their dubious allegations of infringement): in Plaintiffs' pending motion to file a

2

second amended complaint, they deleted present tense language alleging ongoing infringement in their operative complaint, leaving only past tense "used" language:

> 11.    Plaintiffs' claims arise out of and related to Defendants' transactions of business, and tortious acts committed in New York, and outside of New York causing damage to Plaintiffs in New York because, *inter alia*, Defendant has:
>
> Repeatedly made and continues to make false statements in New York and outside of New York claiming to have been directly responsible for the purchase of the Beeple NFT and Portkey's business operations and success and/or stated, expressly or impliedly, that he owns the Beeple NFT;
>
> Repeated these false statements through various public channels, including social media, online blogs, and in numerous interviews posted online, which are all accessible within New York;
>
> Repeatedly used and ~~continues to use and~~/or otherwise ~~associate~~associated himself with the trademark TWOBADOUR, which is owned by Portkey; and
>
> Repeatedly used and ~~continues to use and~~/or otherwise ~~associate~~associated himself with the trademark METAPURSE, which is owned by Portkey.

ECF No. 59-4 (redline comparison showing changes between proposed second amended complaint and operative, first amended complaint) at 3.

Plaintiffs also claim an extension will thwart discovery efforts. But this case has just begun. The consented-to motion to withdraw was filed *just 25 days* after the answer to the complaint was filed on August 16, 2024. ECF No. 55. That is why Plaintiffs contend that their recently-filed motion to amend the complaint (ECF No. 58) is timely and would not disrupt a case in its early stages. Plaintiffs cannot have it both ways.

The cases Plaintiffs rely on for their contention that withdrawal will unduly delay the case are inapposite because they concerned motions to withdraw filed at late and critical stages in the case. *See Chen v. Best Miyako Sushi Corp.*, No. 16-cv-02012-JGK-BCM, 2017 WL 11698623, at *2 (S.D.N.Y. June 12, 2017) ("Discovery has been completed and the parties' JPTO is already overdue. Although the trial itself has not yet been scheduled, permitting counsel

to withdraw at this point would undoubtedly further delay final trial preparations and trial.");

*Allstate Ins.*, 2020 WL 7753266, at *2 (motion to withdraw filed in the midst or preliminary

injunction briefing).

### E.  Plaintiffs rely on unpersuasive cases regarding corporate-entity clients

Plaintiffs' opposition also relies on inapposite decisions concerning motions to withdraw

as counsel *for corporations*, which unlike individuals such as Mr. Venkateswaran, cannot

proceed *pro se*.  *See Sec. Investor Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, 657 B.R. 382,

392 (S.D.N.Y. Br. 2024) ("A corporation cannot appear pro se and 'may appear in the federal

courts only through licensed counsel.'"); *Rophaiel v. Alken Murray Corp.*, No. 94-cv-9064-CSH,

1996 WL 306457, at *1-2 (S.D.N.Y. June 7, 1996) (motion to withdraw as counsel for defendant

corporation).

### F.  Plaintiffs' continued pattern of bad faith litigation conduct

Goodwin's motion to withdraw and opening memorandum detailed Plaintiffs' pattern of

bad faith litigation conduct which has been designed to increase Defendant Anand

Venkateswaran's litigation costs.  Since then, Plaintiffs' conduct has only worsened:

- **Plaintiffs demand Mr. Venkateswaran's immigration documents and his family's**.
  Plaintiffs recently demanded that Mr. Venkateswaran produce his visa application
  materials, which contain personal, highly sensitive information about his family,
  including his school age children.  *See* Declaration of Robert Carroll, Ex. A (email
  correspondence between counsel for the parties) at 1-2, 4.  These immigration documents
  could not possibly relate to this case, which concerns trademark infringement—a matter
  focused on consumer perception and possibly consumer confusion.  But Plaintiffs have
  never focused their case on relevant matters; they have focused on a campaign of

harassment.  That is why Plaintiffs are now targeting sensitive, personal, and confidential materials relating to immigration status, including that of Mr. Venkateswaran's children.

- **Advancing new (and incorrect) arguments in their reply brief on the motion to amend the complaint**.  Plaintiffs recently filed a reply brief in support of their motion to amend the complaint that contained new arguments and a new exhibit.  ECF No. 66; ECF No. 66-1.  Plaintiffs also misrepresented that exhibit (ECF No. 66-1).  This is detailed in a letter Mr. Venkateswaran was forced to file in response.  ECF No. 69.

Plaintiffs' litigation conduct is unwarranted and it needlessly burdens all involved.  Plaintiffs have driven up Mr. Venkateswaran's legal bills beyond his ability to pay, and their conduct behind the scenes has thwarted his ability to pursue gainful employment.  Plaintiffs are responsible for this motion to withdraw; their opposition to it—and insistence that Mr. Venkateswaran continue to incur large law firm fees—is more of the same vexatious approach.

## II.   CONCLUSION

For the foregoing reasons, and those set forth in the opening memorandum of law in support of the motion to withdraw (ECF No. 63), Goodwin respectfully requests that the Court grant its motion to withdraw as counsel of record for Mr. Venkateswaran.  Mr. Venkateswaran also respectfully requests a 45-day extension to all case deadlines to allow Mr. Venkateswaran to potentially retain new counsel.

Dated:  September 27, 2024

Respectfully submitted,

*/s/ Robert D. Carroll*
Robert D. Carroll
Goodwin Procter LLP
100 Northern Avenue
Boston, MA 02210
Tel: (617) 570-1000
Fax: (617) 523-1231
RCarroll@goodwinlaw.com

Timothy Keegan
Goodwin Procter LLP
The New York Times Building
620 Eighth Avenue
New York, New York 10018
Tel: (212) 813-8800
Fax: (212) 355-3333
TKeegan@goodwinlaw.com

*Attorneys for Defendant Anand Venkateswaran*

6

## CERTIFICATE OF SERVICE

I hereby certify that on September 27, 2024, the foregoing Motion to Withdraw as Counsel and its supporting documents were served upon all counsel of record as designated on the Notice of Electronic Filing (NEF) and upon Defendant Anand Venkateswaran by First Class Mail, postage prepaid, at 680 Wellesley St., Weston, MA 02493.

*/s/ Robert D. Carroll*
Robert D. Carroll

7