# EXHIBIT A

| | |
|---|---|
| **From:** | Keegan, Timothy |
| **To:** | "Brennan, Mary Kate" |
| **Cc:** | Wasnofski, Jr., Robert M.; Schnapp, Daniel A.; Montemoiño, Mandy; Santiago Ortiz, Adrian J.; Weiner, Samuel J.; Carroll, Robert D |
| **Subject:** | RE: Portkey Technologies Pte Ltd et al v. Venkateswaran, No. 23-cv-05074-JPO (S.D.N.Y.) |
| **Date:** | Friday, September 13, 2024 10:50:00 AM |
| **Attachments:** | image008.png |
| | image001.png |
| | image002.png |
| | image003.png |
| | image004.png |
| | image005.png |
| | image006.png |
| | image007.png |

Thanks, Mary Kate.  And thanks for the call earlier this week.  I can confirm our mutual understanding that neither party has waived any of their written positions and that we've left the door open to discuss everything in your letter and in our responses and objections.  Your summary of our discussion is mostly accurate, so I won't go line by line.  I'll just note a few items which require correction, confirmation, and discussion.

I've conferred with my client since our call.  He agrees to run searches for TWOBADOUR, METAPURSE, Portkey, Sundaresan, DREAMVERSE, and METAKOVAN in his personal emails – sent and received.  If you have additional terms to propose, we will consider them.  With his searches, my client will be searching the four email accounts that he has access to (these are used for personal and business matters) as well as the associated Google drive.  He will search from August 14, 2017 through the date of collection.

After (and only after) a protective order that provides for attorney's only designations is entered by the Court, Mr. Venkateswaran will begin to produce non-privileged communications and documents that hit on the search terms.  We'll aim to make the first production within 7 to 10 days after the Protective Order is entered but that's obviously an estimate and not a promise.

Mr. Venkateswaran will be withholding one set of materials that hits on the term "Portkey."  That is his Visa application materials, which hit on the term because they contain information about his employment history.  These Visa application materials contain sensitive personal information about Mr. Venkateswaran and his family, including his school-age children.  There is zero basis to pursue these materials.  They are not responsive to any request, and they are certainly not relevant.  To be clear, I never suggested that these materials were responsive.  They are not.  I identified these materials in good faith, explaining in a forthright manner that these materials would be the only non-privileged materials that hit on the search terms which would be withheld.  Again, Mr. Venkateswaran has serious concerns about the relevancy of many of Plaintiffs' RFPs but in an effort to compromise and move forward with discovery efficiently, he offered to run search terms on his files.

As it concerns the Visa materials, this case is about alleged trademark infringement, and trademark infringement concern concerns consumer confusion.  A visa application is submitted confidentially to a government agency; it has nothing to do with consumers or their perceptions of any goods or services.  Please explain what possible relevance these materials could have to the case.  As you know, Plaintiffs bear the burden to show that their requests are relevant.  I don't suspect you'll be

able to meet this burden.  So, please be advised: I understand you owe your client a duty of zealous advocacy but pushing for these irrelevant, highly sensitive and personal documents which concerns Mr. Venkateswaran and his family's immigration status crosses a line.  It is harassment, and if you move to compel production of these materials, we reserve the right to file a Rule 11 motion on the basis because that motion to compel would be for an "improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation."  Fed. R. Civ. P. 11(b)(1).  We also reserve the right to move to sanction the Dentons law firm pursuant to 28 U.S.C. § 1927 for the frivolous filing in the event that we have to oppose a motion to compel.  *See Rock v. Enfants Riches Deprimes, LLC*, No. 17-cv-2618-ALC, 2020 U.S. Dist. LEXIS 15081, at *6-7 (Jan. 29. 2020) (sanctioning attorney for frivolous filing).

As to text messages – I do not see any basis for Mr. Venkateswaran to search his text messages.  That's not proportional to the needs of the case, particularly given that he has already agreed to search four different email accounts.  That said, I'll take back the idea to Mr. Venkateswaran and see what he is willing to do in the interest of reaching a compromise on reasonable discovery.

My only comment on the rest of what you wrote below is that I can confirm that eDAO is defunct but it's not my understanding that Wordesmith replaced eDAO.  I'm not sure that has any bearing on the case but I can nevertheless look into it and follow up.

Regards,
Tim

**Timothy Keegan**



Goodwin Procter LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018
o  +1 212 459 7022
f   +1 212 355 3333
TKeegan@goodwinlaw.com



---

**From:** Brennan, Mary Kate <marykate.brennan@dentons.com>
**Sent:** Wednesday, September 11, 2024 7:26 PM
**To:** Keegan, Timothy <TKeegan@goodwinlaw.com>
**Cc:** Wasnofski, Jr., Robert M. <robert.wasnofski@dentons.com>; Schnapp, Daniel A. <daniel.schnapp@dentons.com>; Montemoiño, Mandy <amanda.montemoino@dentons.com>; Santiago Ortiz, Adrian J. <ASantiagoOrtiz@goodwinlaw.com>; Weiner, Samuel J. <samuel.weiner@dentons.com>; Carroll, Robert D <RCarroll@goodwinlaw.com>
**Subject:** RE: Portkey Technologies Pte Ltd et al v. Venkateswaran, No. 23-cv-05074-JPO (S.D.N.Y.)

***EXTERNAL***

Hi Tim,

Thank for you for meeting and conferring earlier today regarding the numerous deficiencies Plaintiffs raised regarding Defendant's responses to Plaintiffs' RFAs, Interrogatories, and Requests. I apologize for missing your call this afternoon and appreciate your voicemail confirming that in additional to Gmail, your client uses Google Drive.

Plaintiffs confirm that open issues remain that were not addressed during today's meet and confer. Accordingly, Plaintiffs reserve all rights related to the discovery deficiencies and issues raised in their September 5, 2024, letter. Plaintiffs further reserve all rights to raise additional discovery issues in response to Defendant's amended or supplemental responses to Plaintiffs' RFAs, Interrogatories, and/or Requests.

Below is a summary of Plaintiffs' positions related to the specific points addressed on call.

     **I.**       **Initial Document Search**:

At the outset, we appreciate your client's willingness to run search terms across his Gmail (inbox and outbox) for the following terms: TWOBADOUR, METAPURSE, Portkey, and Sundaresan. We understand that your client also would considering running a search for DREAMVERSE.

On the initial search parameters, we have a few outstanding questions/points:

> <u>Email Account(s)</u>: You mentioned that your client has one email but, upon information and belief, he has and/or had more than one email address. Please confirm the number of email accounts that your client has and/had during the relevant time period (August 14, 2017 to date).
> <u>Additional Search Terms</u>: As discussed during the meet and confer, we will discuss additional search terms with our client and propose them to you in a separate email.
> <u>Text Messages</u>: We also ask that these search terms be run not only against your client's email account (or, if relevant, email accounts) and related Google Suite(s), but also his text messages.

     **II.**     **Initial Document Production and Protective Order**:

Plaintiffs understand Defendant's position to be that, upon the entry of a protective order, Defendant will begin producing documents within seven to 10 days of running searches for dates prior to the filing of the Complaint. We also understand that for documents and communications dated after the filing of the Complaint (i.e., once Defendant began communicating with counsel), Defendant will need to conduct a privilege review, in addition a responsiveness review, which may take additional time.

As discussed, Plaintiffs are preparing a protective order for your review and will share that soon. Plaintiffs' position, however, is that regardless of the entry of a protective order, Defendant should

begin producing non-privileged documents without delay.  Please confirm that you will do so.

**III.        Time Frame**:

Plaintiffs' position remains that Defendant may not unilaterally limit the time period of responsive documents, and therefore reiterates its request that Defendant agree to produce documents and communications since August 14, 2017, up to and including the date of Defendant's production.

**IV.        Defendant's Visa Application**:

We also appreciate you raising the issue of your client's visa application with us today and acknowledging that it contains relevant, responsive information (e.g., information regarding Defendant's employment).  While we are sensitive to your client's concerns, Plaintiffs do not agree that is appropriate to withhold the visa application in its entirety.  Although Plaintiffs believe the visa application should be produced in its entirety as it contains relevant, responsive information, Plaintiffs agree to redactions of the following:  family member name(s), birthday(s), and/or any personally identifying information.

**V.        Specific Discovery Requests and Responses**:

Below are a few points regarding specific responses to RFAs, Interrogatories, and Requests discussed during the meet and confer:

- We understand Defendant's position regarding RFAs concerning true and correct copies of publicly available documents, podcasts, articles, etc., to be the following:  Defendant objects to the "and/or" language in the RFAs.  Defendant agrees to go back and admit to information he created (e.g., LinkedIn profile), but Defendant is unable to know if a third-party article is a genuine copy, and having counsel confirm will be overly burdensome and disproportionate to the needs of the case.
    - Plaintiffs will discuss the potential rephrasing of these RFAs and revert.  Plaintiffs also maintain that such requests are neither burdensome nor disproportionate to the needs of the case.

- For Requests 18, 19, 20, 21, please confirm the following:
    - Layer-E is not a company, rather it is a brand of Wordesmith and therefore is not an entity with "principals, owners, officers, and directors."
    - eDAO is a defunct company and no longer exists.
    - Wordesmith is the entity that replaced eDAO.

As also discussed during the meet and confer, we are taking all of your comments under consideration and will get back to you again after discussing with our client.

Best,
MK

**Mary Kate Brennan**
Senior Attorney

ⓒ +1 212 768 6922

---

**From:** Keegan, Timothy <TKeegan@goodwinlaw.com>
**Sent:** Monday, September 09, 2024 9:41 PM
**To:** Brennan, Mary Kate <marykate.brennan@dentons.com>
**Cc:** Wasnofski, Jr., Robert M. <robert.wasnofski@dentons.com>; Schnapp, Daniel A. <daniel.schnapp@dentons.com>; Montemoiño, Mandy <amanda.montemoino@dentons.com>; Santiago Ortiz, Adrian J. <ASantiagoOrtiz@goodwinlaw.com>; Weiner, Samuel J. <samuel.weiner@dentons.com>; Carroll, Robert D <RCarroll@goodwinlaw.com>
**Subject:** Re: RE: RE: Portkey Technologies Pte Ltd et al v. Venkateswaran, No. 23-cv-05074-JPO (S.D.N.Y.)

**[WARNING: EXTERNAL SENDER]**

---

Thanks, Mary Kate.

Best,
Tim

Timothy Keegan

Goodwin Procter LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018
o +1 212 459 7022
f +1 212 355 3333
TKeegan@goodwinlaw.com

On September 9, 2024 at 8:52:35 PM EDT, Brennan, Mary Kate <marykate.brennan@dentons.com> wrote:

> ***EXTERNAL***
> Hi Tim,
>
> Confirming our availability to meet and confer on Wednesday, September 11 from 11:30-12:30 ET.  We will circulate an invite.
>
> Best,
> Mary Kate

**Mary Kate Brennan**
Senior Attorney

◉ +1 212 768 6922

---

**From:** Keegan, Timothy <TKeegan@goodwinlaw.com>
**Sent:** Saturday, September 07, 2024 1:07 PM
**To:** Weiner, Samuel J. <samuel.weiner@dentons.com>; Carroll, Robert D <RCarroll@goodwinlaw.com>
**Cc:** Wasnofski, Jr., Robert M. <robert.wasnofski@dentons.com>; Schnapp, Daniel A. <daniel.schnapp@dentons.com>; Brennan, Mary Kate <marykate.brennan@dentons.com>; Montemoiño, Mandy <amanda.montemoino@dentons.com>; Santiago Ortiz, Adrian J. <ASantiagoOrtiz@goodwinlaw.com>
**Subject:** Re: RE: Portkey Technologies Pte Ltd et al v. Venkateswaran, No. 23-cv-05074-JPO (S.D.N.Y.)

**[WARNING: EXTERNAL SENDER]**

Hi Sam,

It's unreasonable to demand supplemental discovery responses be served less than two business days after sending a lengthy letter.  To that end, we will not be serving supplemental responses by the close of business on Monday.

I've taken a look at your letter.  As you know, Plaintiffs bear the burden to prove relevance for their requests and they have not done so for a number of requests raised in your letter.  That said, I believe there are some avenues for which discussion might allow the parties to come to agreement and move forward on some requests.  This includes hearing your positions about the relevance of requests.  It also includes certain requests which were unintelligible as drafted but which I'd be happy to discuss with you.  So with that, I'm available to confer Wednesday.  If you'd like to discuss sooner, let me know and I can check my schedule.


Best,
Tim

Timothy Keegan

Goodwin Procter LLP
The New York Times Building
620 Eighth Avenue

New York, NY 10018
o +1 212 459 7022
f +1 212 355 3333
TKeegan@goodwinlaw.com

On September 6, 2024 at 7:24:44 PM EDT, Weiner, Samuel J.
<samuel.weiner@dentons.com> wrote:

***EXTERNAL***
Tim,

Please confirm whether Defendant will amend his responses to the Requests,
Interrogatories, and RFAs by close of business on September 10, to address the
deficiencies set forth in our letter.

To the extent Defendant refuses to fully comply, we agree to meet and confer on
Wednesday, September 11, from 11:30-12:30 ET, and we will send an invite to you
and Adrian.
Best,
Sam

Samuel J. Weiner
Managing Associate

+1 212 398 8489

**From:** Keegan, Timothy <TKeegan@goodwinlaw.com>
**Sent:** Friday, September 06, 2024 2:00 PM
**To:** Weiner, Samuel J. <samuel.weiner@dentons.com>; Carroll, Robert D
<RCarroll@goodwinlaw.com>
**Cc:** Wasnofski, Jr., Robert M. <robert.wasnofski@dentons.com>; Schnapp, Daniel A.
<daniel.schnapp@dentons.com>; Brennan, Mary Kate
<marykate.brennan@dentons.com>; Montemoiño, Mandy
<amanda.montemoino@dentons.com>; Santiago Ortiz, Adrian J.
<ASantiagoOrtiz@goodwinlaw.com>
**Subject:** RE: Portkey Technologies Pte Ltd et al v. Venkateswaran, No. 23-cv-05074-
JPO (S.D.N.Y.)

**[WARNING: EXTERNAL SENDER]**

Hi Sam,

I'm available to confer Wednesday (9/11) from 11:30-12:30 ET.  Please send an invite to me and my colleague Adrian (now cc'ed).

Regards,
Tim

**Timothy Keegan**

 GOODWIN

Goodwin Procter LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018
o  +1 212 459 7022
f   +1 212 355 3333
TKeegan@goodwinlaw.com



**From:** Weiner, Samuel J. <samuel.weiner@dentons.com>
**Sent:** Thursday, September 5, 2024 10:23 PM
**To:** Carroll, Robert D <RCarroll@goodwinlaw.com>; Keegan, Timothy <TKeegan@goodwinlaw.com>
**Cc:** Wasnofski, Jr., Robert M. <robert.wasnofski@dentons.com>; Schnapp, Daniel A. <daniel.schnapp@dentons.com>; Brennan, Mary Kate <marykate.brennan@dentons.com>; Montemoiño, Mandy <amanda.montemoino@dentons.com>
**Subject:** Portkey Technologies Pte Ltd et al v. Venkateswaran, No. 23-cv-05074-JPO (S.D.N.Y.)

***EXTERNAL***
Counsel,

Please see the attached correspondence addressing Defendant's discovery deficiencies.

Best,
Sam

Samuel J. Weiner
Managing Associate

⊙ +1 212 398 8489

samuel.weiner@dentons.com    |    Website
Dentons US LLP

DENTONS

Our Legacy Firms    |    Client Experience (CX)

Dentons is a global legal practice providing client services worldwide through its member firms and affiliates. This email may be confidential and protected by legal privilege. If you are not the intended recipient, disclosure, copying, distribution and use are prohibited; please notify us immediately and delete this copy from your system. Please see dentons.com for Legal Notices.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

This message was sent from Goodwin Procter LLP and is intended only for the designated recipient(s). It may contain confidential or proprietary information and may be subject to the attorney-client privilege or other confidentiality protections. If you are not a designated recipient, you may not review, copy or distribute this message. If you receive this in error, please notify the sender by reply e-mail and delete this message. Thank you.
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*