UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

PORTKEY TECHNOLOGIES PTE LTD, *et al.*,

                  Plaintiffs,

-v-

ANAND VENKATESWARAN,

                  Defendant.

23-CV-5074 (JPO)

ORDER

---

J. PAUL OETKEN, District Judge:

        Plaintiffs Portkey Technologies Pte Ltd ("Portkey") and Vignesh Sundaresan brought this action against Defendant Anand Venkateswaran for trademark infringement and related Lanham Act and state law claims. On July 19, 2024, this Court issued an opinion granting in part and denying in part Venkateswaran's motion to dismiss the First Amended Complaint. (ECF No. 45.) Before the Court now are (1) Plaintiffs' motion for reconsideration of the July 19, 2024 Opinion (ECF No. 53); (2) Plaintiffs' motion for leave to file a Second Amended Complaint (ECF No. 58); and (3) Defendant's counsel Robert D. Carroll's and Timothy Keegan's motion to withdraw as attorneys in the case (ECF No. 62). For the reasons that follow, Plaintiffs' motion for reconsideration is denied, Plaintiffs' motion for leave to file a Second Amended Complaint is granted, and Mr. Carroll's and Mr. Keegan's motion to withdraw is granted.

**I.      Motion for Reconsideration**

        "A motion for reconsideration is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *Drapkin v. Mafco Consol. Grp., Inc.*, 818 F. Supp. 2d 678, 695 (S.D.N.Y. 2011) (internal quotation marks omitted). To prevail, the movant must demonstrate either "(1) an intervening change in controlling law; (2) the availability of new evidence; or (3) a need to correct a clear error or prevent manifest

1

injustice." *Jacob v. Duane Reade, Inc.*, 293 F.R.D. 578, 580-81 (S.D.N.Y. 2013) (internal quotation marks omitted); *see also Cioce v. Cnty. of Westchester*, 128 Fed. App'x 181, 185 (2d Cir. 2005) (summary order) ("Generally, motions for reconsideration are not granted unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." (internal quotation marks omitted)).

Having reviewed the record and the parties' memorandums of law, the Court concludes that the July 19, 2024 Opinion suffers from neither clear error nor the omission of a crucial fact in the record nor any legal authority that the Court overlooked. Plaintiff's motion for reconsideration is therefore denied.

## II.    Leave to Amend

District courts are to "freely give leave" to amend pleadings "when justice so requires." Fed. R. Civ. P. 15(a)(2). Though the decision to grant leave to amend is discretionary, "that discretion must be exercised in terms of a justifying reason or reasons consonant with the liberalizing 'spirit of the Federal Rules.'" *U.S. For & on Behalf of Mar. Admin. v. Continental Ill. Nat. Bank & Trust Co. of Chi.*, 889 F.2d 1248, 1254 (2d Cir. 1989) (citing *Foman v. Davis*, 371 U.S. 178 (1962)). In particular, "delay, standing alone, is an insufficient basis to deny leave to amend." *Id.* (collecting cases).

Here, Plaintiffs seek to amend their complaint to introduce a new claim for infringement of a trademark that "has matured to registration since the filing of the FAC." (ECF No. 59 at 7.) Defendants counter that Plaintiffs' inclusion of Counts I, II, and IV in the proposed Second Amended Complaint demonstrates bad faith, since those counts were dismissed in the July 19, 2024 Opinion. (*See* ECF No. 61 at 5.) But Plaintiffs acknowledge that dismissal, explaining that they nevertheless included the dismissed counts "because of Plaintiffs' pending Motion for

2

Reconsideration . . . and to preserve Plaintiffs' rights to seek appellate review, if necessary." (ECF No. 59 at 6, n.3.)  Though including those counts may be unnecessary, it does not demonstrate bad faith.  Moreover, the amendment would not be "futile," because while pleading infringement of a registered trademark does require pleading that the defendant's use occurred after the date of registration, Plaintiffs indicate that factual support for such an allegation exists. (*See* ECF No. 66-1.)[1]  Finally, it is not apparent that granting leave to amend would cause undue delay, especially since Defendant independently requests a forty-five-day stay of proceedings in light of his counsel's request to withdraw as attorneys in this case.  In any event, the new claim is largely coextensive with existing claims and is unlikely to substantially expand the parties' discovery obligations.  Accordingly, Plaintiffs' motion for leave to file a second amended complaint (ECF No. 58) is granted.

### III.   Withdrawal of Defendant's Counsel

"In ruling on a motion for leave to withdraw under Local Civil Rule 1.4, the Court must consider (1) the reasons for withdrawal, and (2) the impact of the withdrawal on the timing of the proceeding."  *Mendez v. K&Y Peace Corp.*, No. 16-CV-5562, 2017 WL 11808872, at *1 (S.D.N.Y. Sept. 27, 2017) (citing *Farmer v. Hyde Your Eyes Optical, Inc.*, 60 F. Supp. 3d 441, 444-45 (S.D.N.Y. 2014)).

Plaintiffs are correct that the Second Circuit has said that "[n]on-payment of legal fees, without more, is not usually a sufficient basis to permit an attorney to withdraw from

---

[1] Plaintiffs are reminded that only factual allegations included in or incorporated by a complaint are considered for the purposes of resolving a motion to dismiss.  However, because Plaintiffs have not yet filed their Second Amended Complaint, the Court may consider other material—such as "Exhibit A" (ECF No. 66-1) and Plaintiffs' proposed additional allegation (ECF No. 66 at 9 n.4)—in assessing whether granting leave to amend would be futile.  That additional allegation should be included in the Second Amended Complaint.

representation." *United States v. Parker*, 439 F.3d 81, 104 (2d Cir. 2006) (internal quotation marks omitted). However, *Parker*'s holding did not concern Local Rule 1.4, but rather the scope of a *criminal* defendant's right to counsel and the definition of "fully retained" under the Criminal Justice Act. *Parker*, 439 F.3d at 104-09; *see also Allstate Ins. Co. v. Spina*, No. 20-CV-1959, 2020 WL 7753266, at *1 (S.D.N.Y. July 27, 2020) (noting that "[s]ome courts within the Second Circuit" have interpreted the language in *Parker* to preclude withdrawal for "mere nonpayment of legal fees," but that district judges have "wide latitude" in applying Local Rule 1.4 (internal quotation marks omitted) (emphasis omitted)).

Most important to the present motion, "[c]ourts in the Second Circuit have long recognized that a client's continued refusal to pay legal fees constitutes a satisfactory reason for withdrawal under Local Rule 1.4." *Secs. Inv. Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, 657 B.R. 382, 390-91 (Bankr. S.D.N.Y. 2024) (internal quotation marks omitted); *see also Stair v. Calhoun*, 722 F. Supp. 2d 258, 264 (E.D.N.Y. 2010) ("[A] significant period of nonpayment of a substantial fee may justify withdrawal[.]"); *Allstate*, 2020 WL 7753266, at *2 (denying withdrawal based on nonpayment of fees because "counsel have not presented documentation suggesting that 'a significant period of nonpayment of a substantial fee' currently exists" (quoting *Stair*, 722 F. Supp. 2d at 264) (emphasis omitted)); *In re Albert*, 277 B.R. 38, 48 (Bankr. S.D.N.Y. 2002) ("Continuing failure to overcome obstacles of financial hardship in order to satisfy the obligation may strengthen an inference of the client's lack of due regard for the obligation, thus more strongly supporting a finding of 'deliberate disregard.'") (quoting *Hammond v. T.J. Litle & Co., Inc.*, 809 F. Supp. 156, 162 (D. Mass. 1992)).

Here, Defendant represents that he "has been unable to meet his financial obligations to his legal counsel for several months" and "will not be able to make future payments, particularly

4

given the high costs associated with the services of a large law firm." (ECF No. 63 at 5.) Because there has been "a significant period of nonpayment of a substantial fee," the Court finds that there is an adequate justification for Defendant's counsel to withdraw in this case. *Stair*, 722 F. Supp. 2d at 264.

As to the second factor, counsel for Defendant explain that "[d]iscovery is still in its early stages: initial document production has not yet begun and no depositions have even been noticed." (ECF No. 63 at 10.) In opposing the motion to withdraw, Plaintiffs agree that discovery has barely begun. (*See* ECF No. 70 at 9.) Courts routinely permit withdrawal where discovery has not concluded and where the case is not on the "verge of trial." *Whiting v. Lacara*, 187 F.3d 317, 320-21 (2d Cir. 1999) (quotation marks omitted) (collecting cases). Moreover, Defendant's proposal of a forty-five-day stay will permit Defendant to retain more affordable counsel, or to prepare to defend the action *pro se*.

Defendant's withdrawing counsel shall serve a copy of this order on Defendant within one week.

Defense counsel's motion to motion to withdraw as counsel for Defendant (ECF No. 62) is granted.

## IV. Conclusion

Plaintiffs' motion for reconsideration is DENIED.

Plaintiffs' motion for leave to file a second amended complaint is GRANTED. Plaintiffs shall file the second amended complaint as a separate document on ECF no later than October 11, 2024.

The motion to withdraw as counsel filed by Mr. Carroll, Mr. Keegan, and Goodwin Procter LLP is GRANTED. Withdrawing counsel shall serve a copy of this Order on Defendant within one week.

All deadlines are hereby extended by 45 days. Within 45 days, Defendant shall either (1) have new counsel appear on his behalf, or (2) file a letter indicating that he intends to proceed *pro se*—without counsel—and stating his address.

**If Defendant elects to proceed *pro se*, he is notified as follows:**

1. A *pro se* party should submit all papers to the Court by either:

    a. emailing them as an attachment in PDF format to prose@nysd.uscourts.gov, in which case the *pro se* party should follow the instructions contained in the April 1, 2020 Addendum to the Court's ECF Rules & Instructions, available at https://www.nysd.uscourts.gov/electronic-case-filing; or

    b. mailing them to the following address:

    > U.S. District Court
    > Southern District of New York
    > Pro Se Intake Unit
    > Room 205
    > 500 Pearl Street
    > New York, New York 10007

2. To ensure timely service of documents, including court orders, *pro se* parties are encouraged to consent to receive electronic service through the ECF System. To do so, a *pro se* party should review the instructions available at https://www.nysd.uscourts.gov/sites/ default/files/2021-03/Consent_Pro-Se_Eservice-Instructions.pdf, and then submit a Consent to Electronic Service (available at https://www.n sd.uscourts.gov/sites/default/files/2021-03/Consent_Pro-Se_Eservice-form.pdf).

The Clerk of Court is directed to close the motions at ECF Numbers 53, 58, and 62, and to terminate Robert D. Carroll and Timothy Keegan and their firm, Goodwin Procter LLP, as counsel on ECF.

SO ORDERED.

Dated: October 4, 2024
      New York, New York

                                                J. PAUL OETKEN
                                         United States District Judge