UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

PORTKEY TECHNOLOGIES PTE LTD. and
VIGNESH SUNDARESAN,

        Plaintiffs,

v.

ANAND VENKATESWARAN,

        Defendant.

Case No. 1:23-cv-5074-JPO

---

## DEFENDANT'S ANSWER AND COUNTERCLAIMS TO PLAINTIFFS' SECOND AMENDED COMPLAINT

Defendant Anand Venkateswaran ("Defendant" or "Mr. Venkateswaran") answers the second amended complaint of Plaintiffs Portkey Technologies PTE LTD. and Vignesh Sundaresan ("Plaintiffs"). To the extent any of the headers in the complaint contain any allegations, Defendant denies them.

## NATURE OF THE ACTION

1. Defendant admits that the complaint purports to state claims for "trademark infringement under the Lanham Act, 15 U.S.C. § 1051, *et eq.*, and related claims under New York State and common law . . . ." Defendant denies the remaining allegations in paragraph 1 of the complaint.

2. Defendant denies the allegations in paragraph 2 of the complaint.

3. Defendant admits that that Plaintiffs purports to seek "a declaratory judgement, pursuant to 28 U.S.C. §§ 2201 and 2202, that Portkey owns the trademarks TWOBADOUR and METAPURSE."

4. Defendant denies the allegations in paragraph 4 of the complaint.

5. Defendant admits that the Plaintiffs purports to seek injunctive relief, a declaratory judgment, actual damages, treble damages, pre-judgment and post-judgment interest, and attorney's fees and costs. Except as expressly admitted, Defendant denies the allegations in paragraph 5 of the complaint.

## PARTIES

6. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 6 of the complaint.

7. Defendant admits the allegations in paragraph 7 of the complaint.

8. Defendant admits the allegations in paragraph 8 of the complaint.

## JURISDICTION AND VENUE

9. Defendant admits that this Court has subject matter jurisdiction over this action.

10. Defendant admits that this Court may exercise personal jurisdiction over Defendant.

11. Defendant admits that this Court has personal jurisdiction over Defendant. Except as expressly admitted, Defendant denies the allegations in paragraph 11 of the complaint.

12. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 12 of the complaint.

13. Defendant admits that this Court has personal jurisdiction over Defendant. Except as expressly admitted, Defendant denies the allegations in paragraph 13 of the complaint.

14. Defendant admits that this Court has personal jurisdiction over Defendant. Except as expressly admitted, Defendant denies the allegations in paragraph 14 of the complaint.

15. Defendant admits that venue is proper.

**FACTUAL ALLEGATIONS**

16.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 16 of the complaint.

17.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 17 of the complaint.

18.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 18 of the complaint.

19.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 19 of the complaint.

20.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 20 of the complaint.

21.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 21 of the complaint.

22.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 22 of the complaint.

23.    Defendant admits the allegations in paragraph 23 of the complaint.

24.    Defendant admits that he understands that "[t]he Beeple NFT is a work of art by the artist Beeple (Mike Winklemann) comprised of the 5,000 digital pictures he created following his ambitious challenge to post a new piece of artwork each day, which he began on May 1, 2007" and that "[t]he monumental digital collage documents the evolution of Beeple's artistic development and brings together the first 5,000 days of this project."

25.    Defendant admits the allegations in paragraph 25 of the complaint.

3

26.    Defendant admits that "[o]n March 11, 2021, Sundaresan purchased and acquired the Beeple NFT for $69,346,250 (42329.453 ETH).  Except as expressly admitted, Defendant denies the allegations in paragraph 26 of the complaint.

27.    Defendant denies the allegations in paragraph 27 of the complaint.

28.    Defendant denies the allegations in paragraph 28 of the complaint.

29.    Defendant admits that "Sundaresan acquired the Beeple NFT."  Except as expressly admitted, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 29 of the complaint.

30.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 30 of the complaint.

31.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 31 of the complaint.

32.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 32 of the complaint.

33.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 33 of the complaint.

34.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 34 of the complaint.

35.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 35 of the complaint.

36.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 36 of the complaint.

37. Defendant admits that Plaintiffs, working with Defendant, created different pseudonyms for Portkey's independent contractors and employees to use in furtherance of various business ventures. Except as expressly admitted, Defendant denies the allegations in paragraph 37 of the complaint.

38. Defendant denies the allegations in paragraph 38 of the complaint.

39. Defendant admits that he created the TWOBADOUR pseudonym at Plaintiffs' instruction for use with Portkey's business. Except as expressly admitted, Defendant denies the allegations in paragraph 39 of the complaint.

40. Defendant admits that he used the TWOBADOUR pseudonym at Plaintiffs' direction in connection with conducting Portkey's business. Except as expressly admitted, Defendant denies the allegations in paragraph 40 of the complaint.

41. Defendant denies the allegations in paragraph 41 of the complaint.

42. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 42 of the complaint.

43. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 43 of the complaint.

44. Defendant admits that Exhibit A purports to be a copy of the U.S. trademark application Serial No. 79403296. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 44 of the complaint.

45. Defendant admits the allegations in paragraph 45 of the complaint.

46. Defendant admits the allegations in paragraph 46 of the complaint.

47. Defendant admits the allegations in paragraph 47 of the complaint.

48. Defendant denies the allegations in paragraph 48 of the complaint.

49.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 49 of the complaint.

50.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 50 of the complaint.

51.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 51 of the complaint.

52.     Defendant denies the allegations in paragraph 52 of the complaint .

53.     Defendant denies the allegations in paragraph 53 of the complaint.

54.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 54 of the complaint.

55.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 55 of the complaint.

56.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 56 of the complaint.

57.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 57 of the complaint.

58.     Defendant admit that a trademark registration is prima facie evidence of the validity of the registered mark.  Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 58 of the complaint.

59.     Defendant denies the allegations in paragraph 59 of the complaint.

60.     Defendant admits the allegations in paragraph 60 of the complaint.

61.     Defendant admits the allegations in paragraph 61 of the complaint.

62.     Defendant admits the allegations in paragraph 62 of the complaint.

63.     Defendant denies the allegations in paragraph 63 of the complaint.

64.     Defendant admits the allegations in paragraph 64 of the complaint.

65.     Defendant admits the allegations in paragraph 65 of the complaint.

66.     Defendant admits the allegations in paragraph 66 of the complaint.

67.     Defendant admits the allegations in paragraph 67 of the complaint.

68.     Defendant admits the allegations in paragraph 68 of the complaint.

69.     Defendant admits the allegations in paragraph 69 of the complaint.

70.     Defendant admits the allegations in paragraph 70 of the complaint.

71.     Defendant denies the allegations in paragraph 71 of the complaint.

72.     Defendant admits the allegations in paragraph 72 of the complaint.

73.     Defendant denies the allegations in paragraph 73 of the complaint.

74.     Defendant admits that he spoke in the videos available at

https://www.youtube.com/watch?v=yB53hDQ_oz4 and

https://www.youtube.com/watch?v=20yeYKwWveQ.  Except as expressly admitted, Defendant

denies the allegations in paragraph 74 of the complaint.

75.     Defendant denies the allegations in paragraph 75 of the complaint.

76.     Defendant denies the allegations in paragraph 76 of the complaint.

77.     Defendant denies the allegations in paragraph 77 of the complaint.

78.     Defendant denies the allegations in paragraph 78 of the complaint.

79.     Defendant denies the allegations in paragraph 79 of the complaint.

80.     Defendant denies the allegations in paragraph 80 of the complaint.

81.     Defendant admits that paragraph 81 purports to show screen shots of his LinkedIn

and Twitter profile pages.  Defendant also admits that paragraph 81 purports to quote from a

biography from CoinDesk.  Except as expressly admitted, Defendant denies the allegations in paragraph 81 of the complaint.

82. Defendant admits that his Twitter profile previously included the statement "Steward of @metapurse."  Except as expressly admitted, Defendant denies the allegations in paragraph 82 of the complaint.

83. Defendant denies the allegations in paragraph 83 of the complaint.

84. Defendant denies the allegations in paragraph 84 of the complaint.

85. Defendant denies the allegations in paragraph 85 of the complaint.

86. Defendant denies making any false or misleading statements and therefore denies the allegations in paragraph 86 of the complaint.

87. Defendant denies making and false or misleading statements and therefore denies the allegations in paragraph 87 of the complaint.

88. Defendant denies the allegations in paragraph 88 of the complaint.

89. Defendant denies the allegations in paragraph 89 of the complaint.

90. Defendant admits that Sundaresan purchased the NFT.  Except as expressly admitted, the Defendant denies the allegations in paragraph 90 of the complaint.

91. Defendant denies the allegations in paragraph 91 of the complaint.

92. Defendant denies the allegations in paragraph 92 of the complaint.

93. Defendant denies the allegations in paragraph 93 of the complaint.

94. Defendant denies the allegations in paragraph 94 of the complaint.

95. Defendant denies the allegations in paragraph 95 of the complaint.

96. Defendant denies the allegations in paragraph 96 of the complaint.

97. Defendant denies the allegations in paragraph 97 of the complaint.

98.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 98 of the complaint.

99.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 99 of the complaint.

## CLAIMS FOR RELIEF

### Count 1:  Unfair Competition/Reverse Passing Off, 15 U.S.C. § 1125(a)

100.    [Intentionally omitted because Count I was dismissed].

101.    [Intentionally omitted because Count I was dismissed].

102.    [Intentionally omitted because Count I was dismissed].

103.    [Intentionally omitted because Count I was dismissed].

104.    [Intentionally omitted because Count I was dismissed].

105.    [Intentionally omitted because Count I was dismissed].

106.    [Intentionally omitted because Count I was dismissed].

### Count 2:  False or Misleading Representations or Advertising, 15 U.S.C. § 1125(a)

107.    [Intentionally omitted because Count II was dismissed.]

108.    [Intentionally omitted because Count II was dismissed].

109.    [Intentionally omitted because Count II was dismissed].

110.    [Intentionally omitted because Count II was dismissed].

111.    [Intentionally omitted because Count II was dismissed].

112.    [Intentionally omitted because Count II was dismissed].

113.    [Intentionally omitted because Count II was dismissed].

114.    [Intentionally omitted because Count II was dismissed].

115.    [Intentionally omitted because Count II was dismissed].

116.    [Intentionally omitted because Count II was dismissed].

117.    [Intentionally omitted because Count II was dismissed].

118.    [Intentionally omitted because Count II was dismissed].

## Count 3:  Trademark Infringement,
## 15 U.S.C. § 1125(a)

119.    Defendant repeats and re-alleges their responses in the preceding paragraphs, as if fully set forth herein.

120.    Defendant denies the allegations in paragraph 120 of the complaint.

121.    Defendant denies the allegations in paragraph 121 of the complaint.

122.    Defendant denies the allegations in paragraph 122 of the complaint.

123.    Defendant denies the allegations in paragraph 123 of the complaint.

124.    Defendant denies the allegations in paragraph 124 of the complaint.

## Count 4:  Deceptive Acts and Practices,
## New York General Business Law § 349

125.    [Intentionally omitted because Count IV was dismissed].

126.    [Intentionally omitted because Count IV was dismissed].

127.    [Intentionally omitted because Count IV was dismissed].

128.    [Intentionally omitted because Count IV was dismissed].

## Count 5:  Injury to Business Reputation and Dilution,
## New York General Business Law § 360-1

129.    Defendant repeats and re-alleges their responses in the preceding paragraphs, as if fully set forth herein.

130.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 130 of the complaint.

131.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 131 of the complaint.

132.    Defendant denies the allegations in paragraph 132 of the complaint.

133.    Defendant denies the allegations in paragraph 133 of the complaint.

### Count 6:  Trademark Infringement and Unfair Competition, New York Common Law

134.    Defendant repeats and re-alleges their responses in the preceding paragraphs, as if fully set forth herein.

135.    Defendant denies the allegations in paragraph 135 of the complaint.

### Count 7:  Claim for Declaratory Relief, 28 U.S.C. §§ 2201 and 2202

136.    Defendant repeats and re-alleges their responses in the preceding paragraphs, as if fully set forth herein.

137.    Defendant denies the allegations in paragraph 137 of the complaint.

138.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 138 of the complaint.

139.    Defendant denies the allegations in paragraph 139 of the complaint.

140.    Defendant denies the allegations in paragraph 140 of the complaint.

141.    Defendant denies the allegations in paragraph 141 of the complaint.

142.    Defendant denies the allegations in paragraph 142 of the complaint.

143.    Defendant denies the allegations in paragraph 143 of the complaint.

### Count 8:  Trademark Infringement of Federally Registered Trademark, 15 U.S.C. § 1114(a)

144.    Defendant repeats and re-alleges their responses in the preceding paragraphs, as if fully set forth herein.

11

145.     Defendant denies the allegations in paragraph 145 of the complaint.

## **JURY DEMAND**

146.     Pursuant to Fed. R. Civ. P. 38, Defendant respectfully demands a trial by jury on all issues properly triable by a jury in this action.

## **PRAYER FOR RELIEF**

Defendant denies that Plaintiffs are entitled to the judgment and relief requested in the complaint and in the Prayer for Relief.  The Prayer for Relief, including the relief requested in paragraphs 147-162, should be denied, and Plaintiffs should take nothing.

## AFFIRMATIVE DEFENSES

Without any admissions as to burden of proof, and expressly reserving their right to

assert additional defenses, Defendant state the following affirmative defenses:

### FIRST AFFIRMATIVE DEFENSE
### Failure to State a Claim

The complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE
### Non-Infringement of the Asserted Trademarks

Defendant's alleged conduct did not, does not, and will not infringe Plaintiffs' asserted

trademarks.

### THIRD AFFIRMATIVE DEFENSE
### Descriptive Fair Use

Plaintiffs' claims are barred by the doctrine of descriptive fair use.

### FOURTH AFFIRMATIVE DEFENSE
### Nominative Fair Use

Plaintiffs' claims are barred by the doctrine of nominative fair use.

### FIFTH AFFIRMATIVE DEFENSE
### Unclean Hands

Plaintiffs' claims are barred and unenforceable, in whole or in part, under the doctrine of

unclean hands and other equitable principles or doctrines.

### SIXTH AFFIRMATIVE DEFENSE
### Statute of Limitations

Plaintiffs' claim under New York General Business Law §§ 349, 360-1 is barred by the

statute of limitations.

### SEVENTH AFFIRMATIVE DEFENSE
### Laches

Plaintiffs' claims are barred by the equitable doctrine of laches.

## EIGHTH AFFIRMATIVE DEFENSE
### No use after registration

As it concerns the METAPURSE mark, Defendant's alleged conduct did not occur after

the registration of Plaintiffs' asserted trademarks as required for a claim of infringement of a

registered mark.

## NINTH AFFIRMATIVE DEFENSE
### Reservation of Rights

Defendant reserves the right to allege additional affirmative defenses as they become

known through the course of discovery.

Respectfully submitted,

Dated:  October 25, 2024

/s/
Defendant Anand Venkateswaran

14