**DENTONS**

**Robert M. Wasnofski, Jr.**
Partner

robert.wasnofski@dentons.com
D    +1 212-768-6748

Dentons US LLP
1221 Avenue of the Americas
New York, NY  10020-1089
United States

dentons.com

December 24, 2024

<u>VIA ECF</u>
Hon. J. Paul Oetken
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, NY 10007

**Re:**    *Portkey Technologies Pte Ltd. et al. v. Venkateswaran*, **No. 1:23-cv-05074-JPO**
        **Opposition to Defendant's Request for a 60-Day Extension**

Dear Judge Oetken:

We represent Plaintiffs Portkey Technologies Pte Ltd. ("Portkey") and Vignesh Sundaresan (collectively, "Plaintiffs") in the above-referenced action and write in response to Defendant Anand Venkateswaran's ("Defendant") letter motion of December 23, 2024 requesting a 60-day extension of all deadlines and appointment of pro bono counsel.[1]  Plaintiffs do not object to a brief 14-day extension of all deadlines in this case, in light of Defendant's family matter (which reportedly occurred on December 9, 2024), but do not consent to Defendant's requested 60-day deadline, which is unduly prejudicial.

The Court entered a Civil Case Management Plan and Scheduling Order in this action on August 5, 2024, setting the end of fact discovery for December 13, 2024.  *See* ECF No. 51.  On October 4, 2024, in connection with the motion to withdraw filed by Defendant's prior counsel, the Court granted Defendant's motion to extend all deadlines by 45 days.  *See* ECF No. 73.  The deadline for completion of fact discovery is now January 27, 2025.

To date, notwithstanding that Plaintiffs served their first set of document requests in March 2024, Defendant has not produced any documents and has stonewalled Plaintiffs' attempts to obtain discovery and engaged in delay tactics.[2]   Though Plaintiffs appreciate Defendant's recent circumstances, Defendant did not raise this matter (concerning an event that occurred on December 9) to Plaintiffs' attention until December 23.  In the past few weeks, Defendant has continued to

---

[1] Plaintiffs note that the Court is not in a position to appoint counsel in a civil action.

[2] Plaintiffs anticipate separately raising these issues with the Court pursuant to Rule 4(B) of Your Honor's Individual Rules and Practices in Civil Cases and asking the Court to extend Plaintiffs' time to complete discovery and adjust the case management plan accordingly.

**Puyat Jacinto & Santos ► Link Legal ► Zaanouni Law Firm & Associates ► LuatViet ► For more information on the firms that have come together to form Dentons, go to dentons.com/legacyfirms**

resist discovery, failing to provide any comments on a draft protective order, while writing to the Court on December 13 that he is "ready to share all relevant documents as soon as a protective order is in place."  ECF No. 82.

Even before filing his extension request, Defendant did not ask for Plaintiffs' consent to a 60-day extension, as required by Your Honor's Individual Rules and Practices in Civil Cases.  Defendant could have raised this issue during the parties' meet and confer call on December 23.  Had Defendant taken the opportunity to do so, Plaintiffs would have informed Defendant that they do not consent to a 60-day extension, in large part due to Defendant's repeated failure to make meaningful progress in connection with discovery, which requests were first served on Defendant in March 2024.  Further prolonged extensions will unduly prejudice Plaintiffs' ability to prosecute their case and seek meaningful relief from the Court.

Accordingly, Plaintiffs request that the Court deny Defendant's request to grant a 60-day extension of all deadlines.  Plaintiffs do not oppose a shorter 14-day extension.  We thank the Court for its attention to this matter.

Respectfully submitted,

*/s/ Robert M. Wasnofski, Jr.*

Robert M. Wasnofski, Jr.

cc: Anand Venkateswaran (via ECF)