**DENTONS**

**Robert M. Wasnofski, Jr.**
Partner

robert.wasnofski@dentons.com
D    +1 212-768-6748

Dentons US LLP
1221 Avenue of the Americas
New York, NY  10020-1089
United States

dentons.com

January 3, 2025

<u>VIA ECF</u>
Hon. J. Paul Oetken
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, NY 10007

**Re:    *Portkey Technologies Pte Ltd. et al. v. Venkateswaran*, No. 1:23-cv-05074-JPO**
**Request for Pre-Motion Conference for Proposed Motion to Compel**

Dear Judge Oetken:

We represent Plaintiffs Portkey Technologies Pte Ltd. ("Portkey") and Vignesh Sundaresan (collectively, "Plaintiffs") in the above-referenced action and write pursuant to Local Civil Rule 37.2 and Rules 1.A and 4.B of Your Honor's Individual Rules and Practices in Civil Cases to request a pre-motion conference regarding Plaintiffs' proposed: (1) motion to compel, pursuant to Fed. R. Civ. P. 37(a), and (2) motion to determine the sufficiency of Defendant Anand Venkateswaran's ("Defendant") objections and responses to Plaintiffs' requests for admission, pursuant to Fed. R. Civ. P. 36(a)(6).  As detailed below, Defendant has not produced a single document in response to Plaintiffs' discovery requests and his written discovery responses are littered with unfounded objections and refusals.

## Factual and Procedural Background

Plaintiffs served requests for the production of documents ("Document Requests"), interrogatories ("Interrogatories"), and requests for admission ("RFAs" and, collectively, "Discovery Requests") on March 29, 2024.  Discovery was stayed during the Court's consideration of Defendant's motion to dismiss.  *See* ECF Nos. 39, 42.  After that motion was resolved, the Court lifted the discovery stay, ECF No. 45, and the Court entered a Civil Case Management Plan and Scheduling Order, requiring fact discovery to be completed by December 13, 2024.  *See* ECF No. 51.  Defendant, when he was still represented by prior counsel, thereafter served objections and responses to Plaintiffs' Discovery Requests on August 19, 2024.  The responses were largely deficient, as they were riddled with improper and erroneous objections and Defendant failed to answer or respond to the Discovery Requests in good faith.

On September 5, 2024, Plaintiffs sent Defendant an eight-page letter detailing Defendant's various discovery deficiencies.  In that letter, Plaintiffs raised, *inter alia*, (i) Defendant's repeated refusal to respond to 89 RFAs, one Document Request, and three Interrogatories; (ii) Defendant's unfounded objections; (iii) Defendant's denials despite documentary evidence to the contrary; (iv) Defendant's unilateral attempt at narrowing the time frame for which he would produce responsive

**Puyat Jacinto & Santos ► Link Legal ► Zaanouni Law Firm & Associates ► LuatViet ► For more information on the firms that have come together to form Dentons, go to dentons.com/legacyfirms**

**DENTONS**

Hon. J. Paul Oetken
January 3, 2025
Page 2

dentons.com

documents and information; and (v) various other deficiencies, including incomplete responses. Plaintiffs requested that Defendant amend his written discovery responses by September 10, 2024. Defendant, through his prior counsel, declined, but agreed to attend a meet and confer call on September 11, 2024.

During the meet and confer, Defendant's prior counsel agreed that Defendant would run searches across his email accounts for specific terms and would produce these documents after entry of a protective order.  As for written discovery, Defendant's prior counsel generally maintained its objections and responses but agreed to amend certain RFA responses to admit information that Defendant created, such as social media posts.  In follow-up correspondence, Defendant's prior counsel confirmed that Defendant would search four email accounts using the following search terms from August 14, 2017 through the date of collection:  TWOBADOUR, METAPURSE, PORTKEY, SUNDARESAN, DREAMVERSE, and METAKOVAN.  Shortly after, the Court allowed Defendant's prior counsel to withdraw and extended all deadlines by 45 days.

Despite Plaintiffs' efforts, Plaintiffs have been unable to make progress on discovery due to Defendant's stonewalling and delay tactics.  As back-and-forth correspondence did not resolve the outstanding discovery deficiencies, Plaintiffs' counsel met and conferred with Defendant during a Zoom call on December 23, 2024.  The meet and confer was unsuccessful.  Defendant reiterated his refusal to produce any documents, non-confidential or otherwise, until entry of a protective order; however, Defendant declined to consent to or otherwise comment on the draft protective order revised by Plaintiffs 10 days earlier.[1]  Defendant also did not provide a response on whether he would agree to amend his written discovery responses, stating that he intended to respond to Plaintiffs in the second week of January.

As Plaintiffs have been unable to resolve the outstanding discovery issues with Defendant despite good faith efforts, Plaintiffs respectfully request that this Court schedule a pre-motion conference to address Plaintiffs' grounds for a motion to compel discovery from Defendant and motion to determine the sufficiency of Defendant's objections and responses to Plaintiffs' RFAs, as addressed below.

### There Are Adequate Grounds for the Court to Grant a Motion to Compel Discovery

Federal Rule of Civil Procedure 37(a) provides that the Court may compel a party to provide discovery, including relief for failure to produce documents as requested under Rule 34.[2] Additionally, Federal Rule Civil of Procedure 36(a)(6) permits parties to move to determine the sufficiency of an answer or objection.[3]  Parties to a litigation may "obtain discovery regarding any

---

[1] Plaintiffs' proposed protective order is the subject of a separate filing with the Court.  *See* ECF No. 84.

[2] Further, "evasive or incomplete disclosure, answer, or response is to be treated as a failure to disclose."  Fed. R. Civ. P. 37(a)(3).

[3] Rule 36(a)(6) further provides:  "Unless the court finds an objection justified, it must order that an answer be served. On finding that an answer does not comply with this rule, the court may order either that the matter is admitted or that an amended answer be served."

matter, not privileged, that is relevant to the claim or defense of any party." Fed. R. Civ. P. 26(b)(1). Relevance "is an extremely broad concept." *Condit v. Dunne*, 225 F.R.D. 100, 105 (S.D.N.Y. 2004). Once a "possibility" of relevance is shown, "the burden shifts to the party opposing discovery to show the discovery is improper." *Id.* "[L]imitations on discovery are imposed only where the requested discovery is sought in bad faith, to harass or oppress the party subject to it, when it is irrelevant, or when the examination is on matters protected by a recognized privilege." *Melendez v. Greiner*, No. 01 CIV.07888 SAS DF, 2003 WL 22434101, at *1 (S.D.N.Y. Oct. 23, 2003) (cleaned up).

Plaintiffs seek relevant documents, communications, information, and admissions concerning Defendant's use of Plaintiffs' trademarks and any reaction or response by third-parties regarding same; Plaintiffs' ownership of its trademarks; Defendant's use of Plaintiffs' names and trademarks in connection with the promotion of his business ventures and sales of any goods or services; and other facts concerning the likelihood of confusion factors, including confusion, mistake or deception on the part of any person as to the affiliation, connection, or association between Defendant and Plaintiffs. All of these categories of documents and information are relevant to Plaintiffs' claims for trademark infringement, claim for declaratory relief, and claim for injury to business reputation and dilution under N.Y. Gen. Bus. Law § 360-l. *See* ECF No. 74. Defendant is unable to demonstrate that any of Plaintiffs' discovery requests are improper. And the "*pro se* status of a non-compliant litigant does not relieve [him] of any discovery obligations." *Handwerker v. AT & T Corp.*, 211 F.R.D. 203, 208 (S.D.N.Y. 2002). Thus, there are adequate grounds for the Court to compel disclosure from Defendant.

## A.      The Court Should Compel Defendant to Produce Responsive Documents

**Non-Confidential Documents**. Defendant has not produced a single document in this action, which Plaintiffs commenced in June 2023, even though Defendant had at least nine months to consider Plaintiffs' March 2024 Discovery Requests. In fact, Defendant has indicated that he will not produce *any* documents until entry of a protective order. But this does not explain why Defendant has withheld *non-confidential* documents, including documents concerning Defendant's use of Plaintiffs' names and trademarks that had been made public (*e.g.*, posted on social media and the publicly available web pages) and communications between Defendant and third-parties regarding same (*e.g.*, emails, etc.). Publicly available documents are obviously not confidential. And, unless correspondence was exchanged with third-parties under a non-disclosure agreement, they too are not confidential. There are no grounds for Defendant to withhold responsive, non-confidential documents. Indeed, Defendant, in his August 19 written discovery responses, which were prepared by his prior counsel, agreed to produce documents in response to 16 of Plaintiff's 24 Document Requests. *See* Document Response Nos. 1–4, 8–9, 13–19, 22–24. During the December 23, 2024 meet and confer, Defendant indicated that he refuses to produce documents that he believes are or were available to Plaintiffs. But public availability of documents alone is not a basis to withhold responsive documents. *See, e.g.*, *Charter Pracs. Int'l, LLC v. Robb*, No. 3:12CV1768 RNC, 2014 WL 273855, at *2 (D. Conn. Jan. 23, 2014) (finding that defendant's objection to producing documents because they are "available online" is "insufficient to resist a discovery request" (citing cases)). Defendant also improperly claimed that all of his email

Hon. J. Paul Oetken
January 3, 2025
Page 4

dentons.com

communications are confidential, but there is no basis to support that claim.

**Texts and Other Messages**.  Defendant has refused to search, let alone produce, any text messages in this action,[4] citing privacy and burden concerns.  But, to the extent there is a basis to properly claim the messages are confidential, privacy concerns will be alleviated by entry of the proposed protective order.  Moreover, Plaintiffs are not seeking text messages that would implicate personal or family matters.  As to his burdensome objection, "[t]ext messages are an increasingly common source of relevant and often critical evidence in twenty-first century litigation." *We the Protesters, Inc. v. Sinyangwe*, No. 22 CIV.9565 (JPC) (GS), 2024 WL 5154077, at *2 (S.D.N.Y. Dec. 18, 2024).  Plaintiffs have reason to believe that Defendant has exchanged text or other messages concerning Plaintiffs, Plaintiffs' trademarks, Defendant's services, and other topics relevant to the likelihood of confusion factors, which go to the heart of Plaintiffs' trademark claims, and such communications should be produced to Plaintiffs.

**All Other Documents**.  The Court should enter the proposed protective order (ECF No. 84-1) and compel Defendant to produce any additional responsive documents in response to Plaintiffs' Document Requests, which seek documents and communications concerning Defendant's use of Plaintiffs' names and trademarks or other topics relevant to Plaintiffs' claims.  Defendant previously agreed to search four email accounts, from August 14, 2017 through the date of collection for the following terms:  TWOBADOUR, METAPURSE, PORTKEY, SUNDARESAN, DREAMVERSE, and METAKOVAN.[5]  Defendant previously agreed to run these searches and should be held to his agreement and compelled to produce all responsive documents and communications concerning said terms, including confidential documents or communications.

Accordingly, the Court should compel Defendant to (i) immediately produce responsive, non-confidential documents and communications, including any publicly available documents, and emails and text messages that were exchanged with others outside of a non-disclosure agreement, and (ii) promptly (after the Court's entry of a protective order) produce all other responsive documents and communications in response to Document Request Nos. 1–24.

## B.      The Court Should Compel Defendant to Amend His Interrogatory Responses

The Court should also compel Defendant to amend his responses to Plaintiffs' Interrogatories. Defendant objected to three Interrogatories (Nos. 2, 10, and 11) on the ground that they run afoul of Local Civil Rule 33.3.  But that Rule permits interrogatories seeking the "names of witnesses with knowledge of information relevant to the subject matter of the action."  These Interrogatories

---

[4] Federal Rule of Civil Procedure 34 and Local Rule 26.3 broadly cover such electronically stored information or transmittal of information and Plaintiffs' Document Requests expressly instructed Defendant to produce "Communications made through all channels and media, including without limitation, email, messages, [etc.]…."

[5] Plaintiffs do not take a position on whether or not these search terms are sufficient.  Ultimately, it is Defendant's obligation, as the producing party, to "take reasonable steps to identify and produce relevant documents." *Winfield v. City of New York*, No. 15-CV-05236-LTS-KHP, 2017 WL 5664852, at *9 (S.D.N.Y. Nov. 27, 2017).

**DENTONS**

Hon. J. Paul Oetken
January 3, 2025
Page 5

dentons.com

seek the identities of persons with whom Defendant had communication about any fact alleged in the pleadings (No. 2); to whom Defendant represented that he was associated or affiliated with Plaintiffs (No. 10); and to whom Defendant referenced Plaintiffs' names or trademarks (No. 11). The identity of such individuals, who may be called as witnesses in this action, is within the scope of Local Civil Rule 33.3. Defendant also objected to five Interrogatories (Nos. 4–8) as not relevant to Plaintiffs' claims. This objection is erroneous as the Interrogatories seek the identities of persons to whom Defendant made representations concerning Plaintiffs and Plaintiffs' trademarks, which are relevant to Plaintiffs' trademark infringement claims. Defendant's answers to Interrogatory Nos. 1, 3, 9, 12, and 13 are also deficient because Defendant only names himself and/or Plaintiff Sundaresan, when there are clearly other persons with knowledge of the listed topics (*e.g.*, facts alleged in the pleadings). Accordingly, the Court should compel Defendant to amend his responses to Interrogatory Nos. 1–13 to remove the erroneous objections and fully answer the questions posed.

### C.    The Court Should Compel Defendant to Amend His RFA Responses or Deem Matters as Admitted

Additionally, the Court should order Defendant to answer the RFAs. Plaintiffs served 135 RFAs in order to "reduce the costs of litigation by eliminating the necessity of proving facts that are not in substantial dispute, to narrow the scope of disputed issues, and to facilitate the presentation of [the] case[] to the trier of fact." *T. Rowe Price Small-Cap Fund, Inc. v. Oppenheimer & Co.*, 174 F.R.D. 38, 42 (S.D.N.Y. 1997). Of these 135, Defendant only admitted or denied 27. The rest of the RFAs are riddled with improper objections, including 47 combined "unintelligible" and relevance objections, 43 relevance objections, 9 legal conclusion objections, 6 "unintelligible" objections, 2 lacks information objections, and 1 objection as incomplete. RFA Nos. 1–13, 18, 23, 25, 30–35, 37–40, 49–51, 53–55, 57–69, 72–74, and 76–135. Defendant cannot simply lodge an objection and refuse to admit or deny a request for admission, especially where Plaintiffs' RFAs seek relevant admissions, *e.g.*, concerning Defendant's use of Plaintiffs' trademarks, Plaintiffs' ownership of the trademarks, Defendant's services, and other likelihood of confusion factors. Rule 36(a)(4) requires a party to either admit a matter, "specifically deny it or state in detail why the answering party cannot truthfully admit or deny it," or "qualify an answer or deny only a part of a matter." Further, Defendant's legal conclusion objections are improper since the RFAs do not "require that [he] admit any pure issues of law." *United States v. Veeraswamy*, 347 F.R.D. 591, 604 (E.D.N.Y. 2024). The RFAs properly seek "the application of law to fact." Fed. R. Civ. P. 36(a)(1)(A). For lack of knowledge, a party may only assert this reason "if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny." Fed. R. Civ. P. 36(a)(4). Therefore, the Court should order Defendant to answer RFA Nos. 1–13, 18, 23, 25, 30–35, 37–40, 49–51, 53–55, 57–69, 72–74, and 76–135 or otherwise deem these matters admitted.

Plaintiffs respectfully request that the Court enter the proposed protective order (ECF No. 84-1) and grant Plaintiffs leave to file their proposed motions. We thank the Court for its attention to this matter.

dentons.com

Respectfully submitted,

*/s/ Robert M. Wasnofski, Jr.*

Robert M. Wasnofski, Jr.

cc: Anand Venkateswaran (via ECF)