UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

PORTKEY TECHNOLOGIES PTE LTD. and
VIGNESH SUNDARESAN,

        Plaintiffs,

v.

ANAND VENKATESWARAN,

        Defendant.

Case No. 1:23-cv-5074-JPO

## PROTECTIVE ORDER

WHEREAS, Plaintiffs Portkey Technologies PTE LTD. ("Portkey") and Vignesh Sundaresan's ("Mr. Sundaresan" and collectively with Portkey, "Plaintiffs") and Defendant Anand Venkateswaran ("Defendant" or "Mr. Venkateswaran") (collectively, the "Parties") assert that they possess and may need to disclose confidential or proprietary information in the form of confidential business, financial, marketing, personal, and/or technical information related to the subject matter of this litigation;

WHEREAS, the Parties contemplate that non-parties may produce confidential or proprietary information during the course of this litigation, and non-parties can produce confidential information pursuant to the provisions of this Protective Order ("Order"), and such confidential or proprietary information shall be subject to the same protections as confidential information produced by the Parties;

WHEREAS, accordingly, having agreed to the following terms of the Order, and the Court having found that good cause exists for the issuance of an appropriately tailored protective order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby,

ORDERED that the following restrictions and procedures shall apply to the information and documents exchanged by the Parties in connection with the above-referenced action:

1. Definitions.

   a. "*Confidential*" information is information, testimony, or tangible items obtained during discovery in this Litigation that the Producing Party in good faith reasonably believes will disclose confidential and nonpublic technical, commercial, financial, marketing, personal, or business information that would provide others with an unfair competitive or improper advantage. Confidential information also means an individual's private or personal information which, if disclosed, would violate the privacy rights of that individual.

   b. "*Discovery Material*" refers to any information, data, documents, material, items, testimony, or thing filed or presented to the Court or produced, served, or generated in this litigation during the discovery process, including, without limitation, documents, deposition testimony or transcripts, interrogatory answers, responses to requests for production, responses to requests for admission, responses to subpoenas, declarations, affidavits, and other written, recorded, computerized, electronic, or graphic matter, copies, excerpts, extracts, compilations, designations, portions, or summaries thereof.

   c. "*Document*", without regard to capitalization, is used in the broadest possible sense and equal in scope to the usage of the terms "documents" and "electronically stored information" in Federal Rules of Civil Procedure 26 and 34(a) and including all those items mentioned and defined in Federal Rule of Evidence 1001, as well as those set forth in Federal Rules of Civil Procedure 34(a)(1) and Local Civil Rule 26.3(c)(2).

   d. "*In-House Counsel*" refers to attorneys who are employees of a Party and serving in a legal/compliance role.

   e. ***"Outside Counsel"*** refers to attorneys who are not employees of a Party but who are retained to represent or advise a Party in this litigation; and any law firms retained to represent a non-party to this litigation.

   f. ***"Party"*** Any named Party to this Litigation, including its officers, directors and employees.

   g. ***"Personal Data"*** means any information that a Party believes in good faith to be subject to federal or state data protection laws or other privacy obligations.  Personal Data constitutes materials requiring special protection.  Personal Data includes, but is not limited to, social security numbers, tax returns, medical, personal and banking information, and personal financial information.

   h. ***"Protected Material"*** means any Discovery Material that is designated as "Confidential."

   i. ***"Producing Party"*** refers to any Party to this litigation or any non-party, including its counsel, retained experts, directors, officers, employees, or agents, who marks or designates any Discovery Material as Protected Material.

   j. ***"Receiving Party"*** refers to any Party to this litigation, including its counsel, retained experts, directors, officers, employees, or agents, who receives any Discovery Material in this litigation.

   k. ***"Outside Expert"*** means an expert or consultant who is (1) retained to assist counsel for the Parties in connection with this litigation, (2) not a current employee of a Party or of a Party's competitor, and (3) at the time of retention, is not anticipated to become an employee of a Party or of a Party's competitor.

 2. <u>Designation as "Confidential."</u>

    a. All Protected Material in the form of physical objects or documents shall be designated by stamping or affixing on the face of each document and on each page or portion thereof the legend "Confidential" (in either lower case or upper case letters) in a manner that will not interfere with legibility or audibility.

    All Protected Material in the form of software or digital material stored on an electronic storage device shall be designated by affixing a "Confidential" legend on the device itself or by electronically stamping the legend on each page or portion thereof in a manner that will not interfere with legibility or audibility.

    b. Testimony given at a deposition, the resulting transcript, and its exhibits may be designated as "Confidential" within fourteen (14) days after receipt of a copy of the final, certified transcript by advising the opposing Party and the stenographer in writing of the specific page and line numbers designated as "Confidential." Pages of transcribed testimony or exhibits designated as "Confidential" shall be separately bound by the stenographer. All copies of deposition transcripts that contain information or material designated as Protected Material shall be marked "Confidential" on the cover, as appropriate. Pending expiration of the aforementioned fourteen (14) days, all Parties and, if applicable, any non-party witnesses, shall treat the deposition transcript as if it had been designated "Confidential.". Persons attending depositions who are not authorized recipients of "Confidential" information may be asked to leave by the Producing Party, and shall leave, for portions of the deposition when such material is the subject of the examination.

    c. A Producing Party who has designated information as "Confidential" may withdraw the designation by written notification to all Parties.

    d. Each Party that designates information or items as "Confidential" under this Order must take care to limit any such designation to specific material that qualifies under the

5

appropriate standards. The Parties are prohibited from indiscriminately designating information as Protected Material in mass, but must instead make any such designations after reviewing the information and specifically determining in good faith that the information qualifies for protection under this Order. To the extent it is practical to do so, the Producing Party must designate for protection only those parts of material, documents, items, transcripts, or oral or written communications that qualify so that other portions of the material, documents, items, transcripts, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

    3.    <u>Use and Disclosure of Protected Material.</u>

        a.    Until or unless the Court rules otherwise, material marked or otherwise designated as Protected Material shall be maintained at a location and under circumstances reasonably designed to ensure that access is limited to the persons entitled to have access under this Order.

        b.    "Confidential" information may only be disclosed to:

          i.    The Receiving Party, and officers, directors, employees (including In-House Counsel) of the Receiving Party to whom disclosure is reasonably necessary to assist with preparing, prosecuting, defending, settling, mediating, arbitrating, or trying this litigation, but only to the extent necessary to allow them to provide that assistance and who have signed the Acknowledgment and Agreement To Be Bound, which is attached hereto as Exhibit A;

          ii.    Outside Counsel for the respective Parties, including their administrative, litigation support, law clerk, and paralegal employees;

6

      iii.    Outside Experts and their assistants and administrative support staffs;

      iv.    Court reporters, stenographers, or video recorder operators retained by any Party to record a deposition or court hearing, and their staffs;

      v.    Any litigation support consultants and professional vendors engaged to provide services in this litigation such as outside photocopying, coding, digitizing, data processing, or graphic production vendors, professional translators or interpreters, or jury consultants, to whom disclosure is reasonably necessary for this litigation and whose employer has signed the Acknowledgement And Agreement To Be Bound, attached hereto as Exhibit A;

      vi.    The Court and its personnel and staff;

      vii.    The authors, addressees, or recipients, or person who was the original source of the Protected Material and any custodian or other person who otherwise possessed the materials or had access to the materials as part of their duties and in the ordinary course of business;

      viii.    Any mediators, arbitrators, or special masters attempting to assist in resolving or adjudicating all or any portion of this litigation, provided that (a) they are appointed by the Court or all parties agree in writing that they may serve in that capacity, and (b) they agree to protect and maintain the confidentiality of Protected Material consistent with this Order;

      ix.    Any person to whom the Producing Party agrees in writing or on the record during a transcribed proceeding; and

    x. Any person to the extent required by court order after the Producing Party has been provided notice of the order.

  c. For each person under Sections 3(b) above who is required to execute an Acknowledgement and Agreement To Be Bound, attached hereto as Exhibit A, Outside Counsel for the Receiving Party shall keep in their files an original of each such Acknowledgement and Agreement To Be Bound until at least sixty (60) days after the final termination of this litigation (including all appeals). Upon final termination of this litigation and at the written request of the Producing Party, all such executed agreements shall be provided to Outside Counsel for the Producing Party.

  d. Review of Protected Material by persons identified in Sections 3(b) shall not waive confidentiality or objections to production. The inadvertent, unintentional, or *in camera* disclosure of Protected Material shall not, under any circumstances, be deemed a waiver in whole or in part of any Producing Party's claims of confidentiality.

  e. Nothing in this Order shall limit or restrict a Producing Party from disclosing its otherwise designated Protected Material in any manner it deems appropriate.

4. <u>No Waiver of Privileges</u>.

The production of privileged or work-product protected documents, electronically stored information, or other information, whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in this litigation or in any other federal or state proceeding. The Parties agree there is no need to demonstrate that the disclosure was inadvertent or that reasonable steps were taken to prevent such disclosure. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).

If, during the course of this litigation, a Producing Party produces a document or any other information that the Producing Party thereafter claims to be privileged, the Producing Party may give written notice to the Receiving Party of the claim and the basis for it.  After being notified, the Receiving Party must promptly destroy the specified document or information and any copies, notes, quotations, or summaries thereof, and must take reasonable steps to retrieve the information if the Receiving Party disclosed it to others before being notified.  The Producing Party must promptly provide a privilege log including such document or information pursuant to Federal Rule of Civil Procedure 26(b)(5)(A) or in a format otherwise agreed to by the Parties.  By destroying the specific document or information, the Receiving Party does not waive or in any way prejudice any motion it may make to challenge the privilege claim and compel the production thereof (although the Receiving Party may not use any details and information it might have learned from reviewing the privileged information in its subsequent challenge of the Producing Party's privilege claim).

5. <u>Disputes Over Designations</u>.

a. If a Receiving Party disputes a Producing Party's designation of Discovery Material as Protected Material, the Receiving Party shall notify the Producing Party in writing of the basis for the dispute ("Objection"), identifying the specific Discovery Materials and designations which are disputed.  The Receiving Party and the Producing Party shall then meet and confer within three (3) business days of the Receiving Party's notice to attempt to resolve the Objection without involvement of the Court.

b. If the Receiving Party and the Producing Party cannot resolve the Objection within five (5) business days of when the Objection was served on the Producing Party, or reach an impasse before then, the Producing Party must then move to maintain its designation of the Discovery Materials in dispute.  The Producing Party bears the burden of proving that the

9

Discovery Materials are properly designated as "Confidential". The Discovery Materials shall remain subject to the Producing Party's "Confidential" designation until the Court rules on the motion.

      c.     If the Producing Party does not file a motion to maintain its designation of the Discovery Materials within eight (8) business days of when the Objection was served, the designated Discovery Materials shall be automatically de-designated and shall no longer be considered Protected Material.

      d.     No Party shall be obligated to challenge the propriety of any designation by any Producing Party. A Producing Party's designation of Discovery Materials as "Confidential" information, or a Party's failure to contest a designation of information as "Confidential" is not an admission that the information was properly designated, is not determinative of whether such Discovery Materials are entitled to be deemed as such, and does not in any way preclude or prejudice a subsequent challenge in this litigation or any other proceedings to the propriety of such designation.

      6.     <u>Filing of Protected Material</u>.

      a.     A Receiving Party who wishes to file a Producing Party's Protected Material, or any pleadings, motions, or other papers filed with the Court disclosing any Protected Material, must seek leave to file the documents under seal.

      b.     The Receiving Party must provide reasonable notice to the Producing Party of its intent to file such documents, and the Producing Party must confirm in writing whether it wishes to maintain its designation of the information as Protected Material (in which case the Receiving Party must seek leave to file the documents under seal) or withdraw the designation (in which case, the Receiving Party need not seek leave to file the documents under seal).

7. <u>Unintentional Failure To Designate Discovery Material</u>.

a. If, through inadvertence, a Producing Party provides any Discovery Material in this litigation without designating or marking the Protected Material as "Confidential," the Producing Party may subsequently inform the Receiving Party of the confidential nature of the disclosed Protected Material, and the Receiving Party shall treat the disclosed Protected Material as "Confidential" upon receipt of written notice from the Producing Party. Disclosure of such Protected Material to persons not authorized to receive it, if such disclosure occurred prior to the Receiving Party being placed on written notice of its proper confidentiality designation, shall not be deemed a violation of this Order. However, in the event the Protected Material has been distributed in a manner inconsistent with the subsequent confidentiality designation, the Receiving Party will take all reasonable steps necessary to conform distribution to the confidentiality designation, *e.g.*, by attempting to retrieve all copies of the Protected Material, and notes or extracts thereof, in the possession of the persons not authorized under this Order to possess such Protected Material and advising the person to whom disclosure was made that the material is confidential and should be treated as provided in the Order.

8. <u>Unauthorized Disclosure of Protected Material</u>.

If the Receiving Party learns of any improper or unauthorized disclosure of Protected Material produced by the Producing Party, the Receiving Party or counsel therefore shall (a) inform such person who received the Protected Material of all the provisions of this Order; (b) identify such person in writing immediately to the Producing Party; and (c) request that such person execute the Acknowledgment and Agreement to be Bound attached hereto as Exhibit A. If such person executes the Acknowledgment and Agreement to be Bound, then the Receiving Party shall, immediately upon receipt, forward said executed acknowledgement to the

Producing Party, and then the Receiving Party must use its best efforts to retrieve all copies of the Protected Material disclosed and prevent further unauthorized disclosure of the Protected Material. The person executing the Acknowledgment and Agreement to be Bound shall return all copies of the Protected Material promptly and shall take all reasonable steps to prevent further unauthorized disclosure of the Protected Material. If such person refuses to execute the appropriate acknowledgement, the Receiving Party must use its best efforts to retrieve all copies of the Protected Material disclosed and prevent further unauthorized disclosure of the Protected Material.

9. <u>Information Not Covered by This Order</u>.

a. The restrictions set forth in this Order shall not apply to information that was publicly known before the date of its production to the Receiving Party, or which lawfully comes into the possession of or lawfully becomes known to the Receiving Party or lawfully comes into the possession of or otherwise lawfully becomes known to the public after the date of its production to the Receiving Party, provided that such information does not become publicly known by any act or omission of the Receiving Party that would be in violation of this Order.

b. Any use of Protected Material at trial shall not be governed by this Order. The use of Protected Material at trial shall be raised by the parties and separately addressed by the Court at a later date.

10. <u>Provision of Legal Advice</u>.

This Order shall not bar any In-House or Outside Counsel in the course of rendering advice to his or her Party client with respect to this litigation from conveying to any Party client an evaluation in a general way of Protected Material produced or exchanged herein; provided, however, that in rendering such advice and otherwise communicating with the Party client, the

attorney shall not disclose the specific contents, directly or indirectly, of any Protected Material produced herein, which disclosure would be contrary to the terms of this Order.

11. <u>Joinder of Parties</u>.

This Order shall be binding upon any Party joined in the litigation unless and until the Court, pursuant to a request by the joined Party or on its own accord, orders that the joined Party is not subject to the terms of the Order.

12. <u>Survival of Obligations</u>.

This Order shall remain in full force and effect after the termination of this litigation, or until cancelled or otherwise modified by order of this Court.

13. <u>Non-Party Requests for Protected Material</u>.

If Protected Material in the possession, custody, or control of a Receiving Party is sought by subpoena, request for production of documents, interrogatories, or any other form of discovery request or compulsory process ("Request"), the Receiving Party to whom the Request is directed shall promptly, and in any case within ten (10) business days of receiving the Request, give written notice of such Request together with a copy thereof to the Producing Party so that the Producing Party has a reasonable opportunity to challenge, object to, move to quash, or oppose the Request. If the Producing Party chooses to do so, the Party receiving the Request shall not produce Protected Material before the actual due date for compliance, and shall not object to or interfere with any effort by the Producing Party to seek a prompt determination of the Producing Party's challenge, objection, motion to quash, or opposition before compliance is required. Nothing herein shall be construed as requiring the Receiving Party or anyone else covered by this Order to challenge, object to, move to quash, or oppose the Request, subject itself to penalties for noncompliance, or seek any relief from any court or administrative agency.

14. No Admissions.

Nothing in this Order or done by a Party pursuant to this Order shall (a) operate as an admission or waiver by any Producing Party regarding the confidentiality or non-confidentiality of any information; (b) operate as a waiver by any Party of any legally cognizable privilege or other protection to withhold any information, or of any right that a Party might have to assert such privilege or other protection at any stage of this litigation; (c) prejudice the right of any Party to contest the alleged relevancy, authenticity, admissibility, or discoverability of information sought and/or obtained, or otherwise prevent any Party from objecting to discovery that it believes to be improper; (d) prejudice the right of any Party to move for a separate protective order as to any particular document or information, including restrictions differing from those herein; or (e) prejudice the right of any Party to move for modification of this Order.

15. Non-Parties.

Non-parties who are obliged to provide Discovery Materials in this litigation by deposition, production of documents, or otherwise may request the protection of this Order as to said non-party's own Discovery Materials. Discovery Materials produced by such non-parties and designated as Protected Material shall be treated by the Parties in conformance with this Order.

16. Document Disposal.

Except as otherwise agreed in writing by the Parties, within sixty (60) days of the final termination of this litigation (including all appeals), the Receiving Party shall destroy all Protected Information provided to it by the Producing Party. With respect to electronic versions of Protected Material in possession of a Receiving Party or its Outside Counsel, they shall be destroyed and/or erased to the extent Protected Material is stored in internal or hosted databases, non-archived email files, or on active electronic servers (as opposed to emergency backup storage or tapes). Outside

Counsel may retain one archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, deposition and trial exhibits, legal memoranda, correspondence, written discovery requests and responses, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain Protected Material shall remain subject to this Order. The foregoing sixty-day deadline may be extended by mutual agreement of the Receiving Party and Producing Party without the need for an order from the Court. Within seven (7) days following the destruction of Protected Materials pursuant to this Section, Outside Counsel for each Party shall provide to Outside Counsel for the other Party a certification confirming compliance with this Section.

17. <u>Violations</u>.

In the event of any breach or violation of this Order, the Court may grant such relief as it deems appropriate, including monetary damages, equitable relief, and/or any appropriate sanction(s).

SO ORDERED.

Dated: January 24, 2025
New York, New York

_____
J. PAUL OETKEN
United States District Judge

EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PORTKEY TECHNOLOGIES PTE LTD. and VIGNESH SUNDARESAN,<br><br>    Plaintiffs,<br><br>v.<br><br>ANAND VENKATESWARAN,<br><br>    Defendant. | Case No. 1:23-cv-5074-JPO |

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____, hereby declare as follows:

1. I understand that select materials containing information designated as "Confidential" as defined in the Protective Order (the "Order") may be provided to me in connection with this litigation.

2. My address is _____.
My current employer is _____.
My current occupation is _____.

3. I have been given a copy of and have carefully read and understand the Order.

4. I will comply with all of the provisions of the Order. I will hold in confidence and will not disclose to anyone not qualified under the Order any information designated as Protected Material that is disclosed to me, without the express written consent of the Party who designated such information as being confidential or by order of this Court.

5. I understand that I am to retain all information designated as Protected Material that is disclosed to me in a secure manner, and that all such documents and materials are to remain in my personal custody until the completion of my assigned duties in his matter, whereupon all such

Ex. A-1

documents and materials, including all copies thereof, and any writings, excerpts, or summaries prepared by me containing any Protected Material will be (a) returned to the party of counsel who provided me with such documents and materials, or (b) destroyed and/or erased by me with written certification of such destruction or erasure being provided to the party or counsel who provided me with such documents and materials.

6.  I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Order.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on: _____   _____

                                                                                        Signature